1  Patrick A. Long, Bar No. 48221
2  Abraham H. Tang, Bar No. 186334
   LONG WILLIAMSON & DELIS
3  400 N. Tustin Ave., Ste. 370
   Santa Ana, California 92707
4  (714) 668-1400
   (714) 668-1411 (fax)
5
6  Attorneys for Defendant,
   ADT SECURITY SERVICES, INC.
7

ORIGINAL
FILED

FEB 2 2 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

8
9              UNITED STATES DISTRICT COURT
10            NORTHERN DISTRICT OF CALIFORNIA
11

JF

RS

12  GERALD ROYLANCE,                    ) CASE NO.
                                        )          CV 08    1101
13        Plaintiff,                    )
                                        ) Judge:
14  vs.                                 ) Dept :
                                        )
15                                      )
    ADT SECURITY SERVICES, INC.,        )  **DEFENDANT ADT SECURITY**
16  ELITE SECURITY US, LLC,             )  **SERVICES, INC.'S NOTICE OF**
                                        )  **REMOVAL**
17                                      )
                                        )
18                                      )  FAXED
          Defendants.                   )
19  _____    )

20
        ADT SECURITY SERVICES, Inc., defendant in the underlying California state court
21
    civil action, files this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446(a), and
22
    respectfully shows this Honorable Court as follows.
23
24                              **I. Parties**
25        1.    Plaintiff, Gerald Roylance, based upon present information and belief, is an
26
    individual residing in Mountain View, California.
27
28        2.    Defendant, ADT Security Services, Inc., (ADT) is a corporation incorporated in

                                        1
    _____
    **DEFENDANT ADT SECURITY SERVICES, INC.'S NOTICE OF REMOVAL**

the State of Delaware with its principal place of business in Boca Raton, Florida.

3.    Defendant, Elite Security US, LLC (Elite) is a Utah Limited Liability Company with its principal place of business in Provo, Utah. Upon information and belief, Elite has not been served.

4.    Defendant, Sean Hadlock, is an individual and ADT does not have any knowledge as to his location. Further, upon information and belief, Sean Hadlock is not an employee of Elite. Upon information and belief, he has not been served.

## II. Removed Action

5.    Plaintiff, Gerald Roylance filed suit in the Superior Court of California, County of Santa Clara, Cause No. 1-07-CV-102282, against ADT, Elite, and Sean Hadlock from which ADT removes the state court civil action to this federal court.

6.    Gerald Roylance sued Defendants under various California civil statutes relating to the telephonic seller statutes.

7.    Gerald Roylance also sued Defendants for alleged violations of the Federal Consumer Protection Act and alleged violations of FCC regulations.

## III. Defendants Timely Filed Their Notice of Removal

8.    Plaintiff filed his Complaint in the California state civil court suit on or about December 31, 2007.[1]  Counsel for Defendant received the Complaint by registered mail on or about January 25, 2007. ADT timely files this notice of removal within the thirty (30) day time-period required by 28 U.S.C. §1446(b).

---

[1]    Exhibit A, Plaintiff's Complaint.

2

**DEFENDANT ADT SECURITY SERVICES, INC.'S NOTICE OF REMOVAL**

### IV. Federal Question is Basis for Removal

9.      Removal is proper because Plaintiff has based a claim on a federal question of which this Honorable Court has jurisdiction.[2]

### V. Diversity is Basis for Removal

10.     As is stated above, there is diversity between the parties.  Plaintiff is a citizen of California.  However, at the time the above referenced state action was filed, and as of the filing of the subject Notice or Removal, ADT's principal's place of business was and is in Florida, was and is a citizen of the States of Delaware and/or Florida, and was and is not a citizen of California.  At the time of the above referenced state action was filed and as of the filing of the subject Notice of Removal, ADT is informed and believes that Elite's place of business is in Utah, is and was a citizen of Utah, and was and is not a citizen of California.  It is unknown where Mr. Hadlock resides, although Plaintiff alleges Mr. Hadlock resides in Utah.  Plaintiff has not alleged Mr. Hadlock's state of citizenship.  The amount in controversy exceeds $75,000.00, excluding interest, costs and attorneys fees.[3]

### VI. Defendants Consent to Removal

11.     Counsel for Defendant represents ADT, which to its knowledge is the only served defendant and it consents to removal.  As for defendant Elite, based upon information and belief, it is Counsel for Defendant's understanding that Elite consents or otherwise is unopposed to the removal of this action to federal court.

### VII. State Court Record

12.     All pleadings served on ADT in the California state court civil action are attached to this Notice of Removal as required by 28 U.S.C. §1446(a).

---

[2]     28 U.S.C. §1441(a); Exhibit A.  Specifically, allegations under 47 U.S.C. §227.
[3]     Plaintiff seeks $180,000.00 in damages.

**DEFENDANT ADT SECURITY SERVICES, INC.'S NOTICE OF REMOVAL**

### VIII. Venue

13.    Venue is appropriate in this federal district because this district and division embrace the place in which the removed action has been pending.

### IX. Notice Filed with State Court

14.    Defendants will promptly file a copy of this Notice of Removal with the clerk of the California state civil court in which the removed action has been pending.[4]

### X. Conclusion

15.    Removal is proper under the facts and circumstances presented by this case. Plaintiffs have made a claim against the Defendants based on a federal question and diversity exists between the parties.

**WHEREFORE, PREMISES CONSIDERED,** Defendant, ADT requests that this Honorable Court accept jurisdiction over this removed action, and for such additional relief to which Defendant may show itself justly entitled to receive, including, but not limited to a dismissal from this action with prejudice and Plaintiff bearing all costs.

DATED: February 22, 2008          LONG WILLIAMSON & DELIS

BY:  _____

                                   PATRICK A. LONG
                                   ABRAHAM H. TANG
                                   Attorneys for Defendant,
                                   ADT SECURITY SERVICES, INC.

---

[4]    28 U.S.C. §1446(a)

4

**DEFENDANT ADT SECURITY SERVICES, INC.'S NOTICE OF REMOVAL**

# EXHIBIT "A"

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ADT Security Services, Inc.; EliteSecurity.US, LLC; Sean Hadlock;
Does 1-200

(ENDORSED)
FILED

DEC 31 2007

KIRI TORRE
CHIEF EXECUTIVE OFFICER/CLERK
SUPERIOR COURT OF CA
COUNTY OF SANTA CLARA
DEPUTY

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Gerald Roylance

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
161 N. First Street
San Jose, CA  95113

CASE NUMBER:
*(Número del Caso):*
107 CV 102 282

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Gerald Roylance, 1168 Blackfield Way, Mountain View, CA 94040-2305
650 948-1790

DATE: **DEC 3 1 2007**              **Kiri Torre**                    J. Cao-Nguyen
*(Fecha)*                  **Chief Executive Officer/Clerk** Clerk, by _____ , Deputy
                        *(Secretario)*                              *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* ADT SECURITY SERVICES, INC.

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

American LegalNet, Inc. | www.USCourtForms.com

Gerald L. Roylance
1168 Blackfield Way
Mountain View, CA 94040-2305

Phone 1-650-948-1790

(ENDORSED)
FILED

DEC 31 07

KIRI TORRE
CHIEF EXEC. OFFICER/CLERK
SUPERIOR COURT OF CA
COUNTY OF SANTA CLARA
DEPUTY

**Superior Court of California**
**County of Santa Clara**

GERALD ROYLANCE,                      )    Case No.:
                                       )                **107CV102282**
            Plaintiff,                 )    VERIFIED COMPLAINT FOR DAMAGES
                                       )    AND INJUNCTIVE RELIEF
            vs.                        )    1.  Telephone Consumer Protection Act
                                       )    2.  Consumer Legal Remedies Act
ADT SECURITY SERVICES, INC.;           )    3.  Unfair Business Practices
ELITESECURITY.US, LLC;                 )    4.  Unfair Advertising Practices
SEAN HADLOCK;                          )
DOES 1-200                             )
                                       )
            Defendants                 )
                                       )

# **IDENTIFICATION**

1.  Plaintiff GERALD ROYLANCE is an individual residing in Mountain View, CA.

2.  ADT SECURITY SERVICES, INC ("ADT") is a Delaware corporation registered to do business in California as number C1932264.  Its principal place of business is 1 Town Center Road, Boca Raton, FL.  It's agent for service in California is CT Corporation System.

3.  ELITESECURITY.US, LLC ("ELITE") is a Utah limited liability company 5523709-0160 that does business in California.  Utah records previously stated its principal place of business was 1607 E 1320 S, Provo, UT 84606.  Utah records currently state its principal place of business is 495 W University Parkway, Orem, UT 84058 On information and belief, it is

1

Verified Complaint for Damages and Injunctive Relief

registered with the California Bureau of Security and Investigative Services. ELITE claims to be an "Authorized Dealer" of ADT services. Plaintiff could not find its business entity registration with the California Secretary of State.

4. On information and belief, ELITE is a Telephonic Seller that is required to register with the California Attorney General and to have a $100,000 bond issued by a surety company admitted to do business in California. (Business & Profession Code § 17511 et seq.)

5. The internet domain name ELITESECURITY.US is or was registered to USIGHT. Plaintiff is ignorant of USIGHT's involvement.

6. MICHAEL DAVID BIRCHALL is an individual. On information and belief, he is the owner of ELITESECURITY.US, LLC. Plaintiff is ignorant of MICHAEL DAVID BIRCHALL's participation in illegal telemarketing.

7. ELITE MARKETING GROUP, LLC is a supposed Utah limited liability company registered to do business in California as number 200409810168. According to California records, the principal place of business is 1607 E 1320 S, Provo, UT 84606. The agent for service is JOHN BIRCHALL, 2331 Baldwin Rd, Hughson, CA 95326. Plaintiff did not find an ELITE MARKETING GROUP, LLC in the Utah online business entity search. Plaintiff is ignorant of ELITE MARKETING GROUP, LLC's relationship to ELITE.

8. SEAN HADLOCK ("HADLOCK") is an individual. He works or worked for ELITESECURITY.US, LLC as its Vice President of Sales.

9. The true names or capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES 1 to 200, inclusive, being unknown, Plaintiff sues these Defendants under fictitious names pursuant to Code of Civil Procedure § 474. Plaintiff is informed and believes

Verified Complaint for Damages and Injunctive Relief

and thereon alleges that each Defendant named in this complaint is in some manner responsible for the wrongs and damages as alleged below, and in so acting was functioning, at least at times, as the agent, servant, partner, and/or employee of the Defendants, and in doing and/or not doing the actions mentioned below was acting within the course and scope of his or her authority as such agent, servant, partner, and/or employee with the permission and consent of the other Defendants.

## DECLARATION ON VENUE

10.  Venue in Santa Clara County is proper under California Code of Civil Procedure § 395(b) because the allegations involve Telephone Communications to a residential telephone in Santa Clara County.  Venue is also proper under California Code of Civil Procedure § 395(a) because the injury occurred in Santa Clara County.  Venue is proper under California Civil Code § 1780(c) because a substantial portion of each transaction occurred in Santa Clara County.

11.  Pursuant to Civil Code § 1780(c), some person transmitted a prerecorded message to Plaintiff's residential telephone on or about March 27, 2007 to sell ADT security services.  There was a second prerecorded call on or about April 12, 2007 to sell ADT security services.  The messages were not introduced by a live person, and Plaintiff did not give permission for the prerecorded messages.  The messages were part of an advertising plan or scheme to sell ADT services to consumers in Santa Clara County.

## FACTS COMMON TO ALL CAUSES OF ACTION

### 1   *Plaintiff's Relation to Defendants*

12.  Plaintiff's residential telephone number is 650 948-1790.  The residential telephone directory lists the number under the name G. Roylance.

3

Verified Complaint for Damages and Injunctive Relief

13. Plaintiff does not have a business relationship with any Defendant.

14. Plaintiff has not given any Defendant permission to transmit prerecorded messages to his telephone, 650 948-1790.

15. If Plaintiff did have a business relationship with any Defendant or had expressed consent for prerecorded calls, that relationship or consent was terminated by do-not-call requests.

## 2   The Business

16. On information and belief, the Defendants develop, market, sell, and/or manage residential alarm systems and services.

17. To sell those goods and services, the Defendants use telephone solicitations.

18. Telemarketing companies are agents of their Principals. Telemarketers enter into contracts on behalf of their Principal. The telemarketer has represented the principal to third persons.

19. Principals are responsible for the business torts of their telemarketers.

20. Principals have a nondelegable duty to obey telemarketing statutes.

21. On information and belief, ELITE can bind third party consumers to a contract with ADT.

## 3   Prerecorded Call to Plaintiff on March 27, 2007

22. On or about March 27, 2007, plaintiff received a prerecorded message on his residential telephone line ("the first prerecorded call"). The message offered a home security system from the number 1 security company. The message asked the plaintiff to press 1 to speak to a local security system dealer.

4

Verified Complaint for Damages and Injunctive Relief

23. A live person did not identify the company, introduce the prerecorded message, and ask permission to play the recording.

24. The prerecorded message was an unsolicited advertisement. It was part of an overall plan or marketing campaign.

25. In order to identify the caller, plaintiff pressed a key. He got a pitch for ADT services but no solid information about the identity of the local security system dealer. "John" claimed the company had offices in Utah, southern California, and northern California. He provided questionable identity information such as "security.com" and "Prime Security". He provided a telephone number of 800-344-0489, but when plaintiff called that number, he would get a message of something like "you are currently on unit 964, line 18".

26. The seller was offering free installation of the alarm system.

## 4  Prerecorded Call to Plaintiff on March 27, 2007

27. On or about April 12, 2007, plaintiff received a prerecorded message on his residential telephone line ("the second prerecorded call"). The message offered a home security system from the number 1 security company in the nation. The message asked the plaintiff to press 1 to speak to a local security system dealer.

28. A live person did not identify the company, introduce the prerecorded message, and ask permission to play the recording.

29. The prerecorded message was an unsolicited advertisement. It was part of an overall plan or marketing campaign.

5

Verified Complaint for Damages and Injunctive Relief

30. In order to identify the caller, plaintiff pressed 1. He got a pitch for ADT services. "Ed" claimed the company was based in Salt Lake City, Utah. Ed directed the plaintiff to the ADT.com website. He provided a telephone number of 801-830-1041.

31. The seller was offering free installation.

32. Plaintiff determined that the telephone number was a T-Mobile cellular telephone. It did not positively identify the authorized dealer. Calling the telephone number reached Ed directly.

33. Plaintiff continued to show interest in the product in order to learn the identity of the company. Plaintiff did not commit to order the service, he did not supply a credit card number, and there was no meeting of the minds about installing the alarm system. Plaintiff wanted to read through the paperwork before signing up for the service. Ed agreed to send the paperwork. Plaintiff was told to expect a call from "Sean". A tentative installation date of April 20, 2007 was set.

34. Nothing was said during the call about cancelling a home solicitation contract.

35. ELITESECURITY.US, LLC was not mentioned during the call.

36. On April 15, 2007, plaintiff received a call from an alarm installer. Plaintiff did not confirm an installation date. The installer would not identify who arranged the installation.

37. On April 16, 2007 around 11:07 AM, "Sean" from "Elite Security" called. He gave his telephone number as 888-729-3548. He stated that he sent the papers via DHL.

38. Plaintiff received the DHL package on April 16, 2007 around 4PM. The papers mentioned a company name of "Elite Security".

6

39. The papers included a document titled "NOTICE OF CANCELLATION". This document claimed that a transaction had been entered into on April 12, 2007 with ADT SECURITY SERVICES, INC. It further stated that plaintiff had until midnight of April 15, 2007 to cancel the transaction. That date had already passed. The document was executed by SEAN HADLOCK.

40. Plaintiff DENIES there was a transaction.

41. The purported contract is unlawful under Civil Code § 1670.6.

42. The "NOTICE OF CANCELLATION" does not reflect California law. Civil Code § 1689.5 et seq describes cancellation requirements of home solicitation contracts.

43. April 15, 2007 is a Sunday. Sundays are not "business days" and are therefore not counted in the three business day cancellation period. Civil Code § 1689.5(e).

44. The notice of cancellation does not comply with the Telephonic Seller Statute, Business & Profession Code § 17511 et seq. In particular, for telephone sales, the three day cancellation period does not begin until the buyer receives the products or notice of cancellation. Business & Professions Code § 17511.5(e).

45. On April 16, 2007, plaintiff signed the cancelation notice and faxed it to ADT at 303-306-5887. The call is a long distance call. Plaintiff has lost money as a result of the prerecorded solicitation.

46. On April 17, 2007, plaintiff called SEAN HADLOCK. Plaintiff made a do-not-call request. Plaintiff demanded a copy of the do-not-call policy.

47. SEAN HADLOCK would not identify who made the prerecorded calls.

7

48. On information and belief, SEAN HADLOCK knew of and was in a position to control the prerecorded telemarketing campaign of ELITE.

49. Plaintiff never received a copy of the do-not-call policy.

## 5 Demand Letters

50. On April 17, 2007, Plaintiff sent certified return-receipt demand letters to ADT and ELITE. ELITE signed the green card on April 19, 2007. ADT signed the green card on April 23, 2007.

51. ELITE did not respond to the demand letter or offer plaintiff any remedy.

52. ADT responded to the demand letter. Although it claims that it has a do-not-call policy, ADT did not supply a written copy of that policy. ADT stated that it maintains a company-specific do-not-call list and that it shares that list with its authorized dealers.

53. ADT did not describe any investigation or discipline of ELITE. Apparently ADT only reminded ELITE that it had a duty to indemnify and defend ADT. ELITE still claims to be an authorized ADT dealer.

54. ADT did not offer plaintiff minimum TCPA damages as a remedy.

## 6 Ratification

55. ADT is a corporate employer.

56. ELITE is a corporate employer.

57. On information and belief, Joanna N. Castaldi is or was an officer, director, or managing agent of ADT or she acted for such an officer, director, or managing agent.

58. SEAN HADLOCK is or was an officer, director, or managing agent of ELITE.

8

Verified Complaint for Damages and Injunctive Relief

59. On information and belief, ADT did not adequately investigate the plaintiff's allegations against ELITE, HADLOCK, and the DOES.

60. On information and belief, the ADT and ELITE retained the benefits and did not deny the benefits of prerecorded telemarketing.

61. The Federal Trade Commission has alleged that ADT knew or consciously avoided knowing that one or more authorized dealers were engaged in violations of the Telemarketing Sales Rule. To settle the charges, ADT agreed to a $2,000,000 penalty and an injunction[1].

## FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS

### Violation of the Telephone Consumer Protection Act (TCPA. 47 U.S.C. § 227)

62. Plaintiff realleges and incorporates the allegations of the foregoing and following paragraphs as though fully set forth herein.

63. Congress passed the Telephone Consumer Protection Act (TCPA, 47 U.S.C. § 227) to protect consumers from certain telemarketing practices.

64. Congress prohibited advertisers from using prerecorded telephone messages for unsolicited advertisements without the subscriber's prior express consent. (47 U.S.C. § 227(b).) Congress granted a private right of action in state court against violators at 47 U.S.C. § 227(b)(3).

65. Congress prohibited advertisers from calling residential subscribers who made do-not-call requests. (47 U.S.C. § 227(c).) Congress granted a private right of action in state court against violators at 47 U.S.C. § 227(c)(5).

---

[1] FTC Announces Law Enforcement Crackdown on DNC Violators, November 7, 2007. http://www.ftc.gov/opa/2007/11/dncpress.shtm

9

Verified Complaint for Damages and Injunctive Relief

66. Congress made the advertiser responsible for the actions of its telemarketers ("by or on behalf of", 47 USC § 227(c)).

67. The statute of limitations for violations of the TCPA is four years. (28 U.S.C. § 1658.)

68. When Congress passed the TCPA (47 U.S.C. § 227), it required the FCC to formulate regulations that telemarketers must follow. Violations of the FCC regulations are actionable under the TCPA. (47 U.S.C. § 227(b)(3)(A) and 47 U.S.C. § 227(c)(5)(A).)

69. The first and second prerecorded calls violated 47 U.S.C. § 227(b)(1)(B).

70. The first and second prerecorded calls did not identify the legal name of the caller as registered with a state corporations commission as required by 47 C.F.R. § 64.1200(b). The call should have identified ELITE as the caller.

71. The first and second prerecorded calls did not identify that ELITE was calling on behalf of ADT as required by 47 C.F.R. § 64.1200(d)(4).

72. The first and second prerecorded calls did not provide a telephone number other than the autodialer as required by 47 C.F.R. § 64.1200(b)(2).

73. Neither ADT nor ELITE provided written copies of their do-not-call policies on demand. Plaintiff's demand letter clearly stated that failure to send a copy risked $1500 in statutory damages.

74. On information and belief, defendants knew they were making prerecorded solicitations and knew that they were not identifying themselves, so the violations are "knowing" or "willful" violation in the language of the TCPA. The knowing requirement under the TCPA is that the actor knows what he is doing; the actor need not know that the act is unlawful. Furthermore, legitimate advertisers would not omit their name from their advertisements. It does not makes

10

Verified Complaint for Damages and Injunctive Relief

sense to pay for advertising that does not mention the business name. Moreover, bogus telephone numbers and company names were given. Those actions suggest guilty knowledge.

75. There were at least ten violations of the TCPA.

76. Plaintiff alleges that Defendants are guilty of oppression, fraud, and/or malice as defined by Civil Code § 3294.

## SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS

### Violation of the Consumer Legal Remedies Act (CLRA)

77. Plaintiff realleges and incorporates the allegations of the foregoing and following paragraphs as though fully set forth herein.

78. The Consumer Legal Remedies Act (CLRA, Civil Code §§ 1750 et seq.) prohibits certain unfair business practices.

79. The remedies under the Consumer Legal Remedies Act are in addition to the remedies under other laws (Civil Code § 1752).

80. The CLRA allows consumers to sue (Civil Code §§ 1780 et seq.).

81. The first and second prerecorded calls were not introduced by a live person who identified the company making the call, provided an address or a telephone number, and asked permission to play the recording.

82. The prerecorded call violates Civil Code § 1770(a)(22)(A).

83. Plaintiff sent certified return receipt demand letters required by Civil Code § 1782(a)(2).

11

84. Civil Code § 1782(b) allows the defendants to escape a CLRA action by committing to an appropriate correction or other remedy within 30 days after receipt of the notice.

85. Defendants did not offer a correction or remedy to plaintiff within 30 days. Defendants did not offer minimum TCPA statutory damages to plaintiff.

86. Plaintiff alleges that Defendants are guilty of oppression, fraud, and/or malice as defined by Civil Code § 3294.

## THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS

### Unfair Business Practices (Business & Professions Code §§ 17200 et seq.)

87. Plaintiff realleges and incorporates the allegations of the foregoing and following paragraphs as though fully set forth herein.

88. Plaintiff has been injured in fact by defendants' unfair business practices. Furthermore, plaintiff has lost money as a result of those practices. Plaintiff placed and paid for a long distance call to fax a cancellation notice for something that he had not purchased. Plaintiff has standing under Business & Professions Code § 17204.

89. Defendants' telemarketing practices violate the TCPA.

90. Defendants' marketing practices violate the CLRA.

91. Defendants' marketing practices violate the California Unfair Advertising PracticesAct.

92. Defendants' telemarketing practices violate Pubic Utilities Code § 2871 et seq.

93. Defendants' marketing practices violate the cancellation provisions for home solicitation contracts.

12

Verified Complaint for Damages and Injunctive Relief

## FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS

### Unfair Advertising Practices (Business & Professions Code §§ 17500 et seq.)

94. Plaintiff realleges and incorporates the allegations of the foregoing and following paragraphs as though fully set forth herein.

95. Plaintiff has been injured in fact by defendants' unfair advertising practices. Furthermore, plaintiff has lost money as a result of those practices. Plaintiff placed and paid for a long distance call to cancel a contract to which he had not agreed. Plaintiff has standing under Business & Professions Code § 17535.

96. Defendants' telemarketing practices violate Business & Professions Code § 17500.3. A caller must immediately identify who they are and state the true purpose of the call. The caller did not adequately identify. A caller must state who they are. A caller must state who he represents.

97. Defendants' telemarketing practices violate the Telephonic Seller Statute. (Business & Professions Code § 17511 et seq.

## PRAYER FOR RELIEF

### 7  For the First Cause of Action (TCPA)

Plaintiff prays for injunctive relief.

Plaintiff prays for at least $5,000 in statutory damages for ten violations of the TCPA, and asks that the court treble that amount to $15,000.

Plaintiff prays for exemplary damages according to proof.

13

Verified Complaint for Damages and Injunctive Relief

**8  For the Second Cause of Action (CLRA)**

Plaintiff prays for injunctive relief.

Plaintiff prays for punitive damages according to proof as allowed in the CLRA at Civil Code § 1780(a)(4).

*United Artists Theatre Circuit v. F. C. C.*, 147 F.Supp.2d 965, shows that only one subscriber in 90,000 bothered to sue under the TCPA telemarketing rules. If lawsuits are rare, then some companies (or their telemarketers) may risk such lawsuits believing the financial liability is small. For example, paying one $2,500 judgment every 90,000 calls is an average cost of 2.7 cents per call. The rare lawsuit would be a small cost of doing business.

If a telemarketer used the required live operators to introduce the call, then each call would incur labor costs for the introduction. If the operators got $18 per hour and the introductions took one minute (about 150 words), then each call requires $0.30 of labor. In 90,000 calls, the telemarketer would save $27,000 worth of labor costs.

Punitive damages should be set to make illegal telemarketing practices uneconomic. The penalty, when averaged over 90,000 calls, should be more than the economic savings of illegal automated telemarketing.

Plaintiff prays for substantial exemplary damages according to proof.

**9  For the Third Cause of Action (Unfair Business Practices)**

Plaintiff prays for injunctive relief.

**10 For the Fourth Cause of Action (Unfair Advertising)**

Plaintiff prays for injunctive relief.

14

Verified Complaint for Damages and Injunctive Relief

**11 *Further Prayer***

Court costs, costs of action, and attorney's fees.

Plaintiff prays for any other relief that the court deems proper.

## **VERIFICATION**

I, Gerald Roylance, am the Plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed at Mountain View, California.

Dated December 31, 2007

*Gerald Roylance*

Gerald L. Roylance

15

Verified Complaint for Damages and Injunctive Relief

1  Gerald Roylance
   1168 Blackfield Way
2  Mountain View, CA 94040-2305

3  Telephone 1-650-948-1790

'ENDORSED)
FILED

DEC 31 07

KIRI TORRE
ACF EXEC OFFICER/CLERK
SUPERIOR COURT OF CA
COUNTY OF SANTA CLARA

4

5

6

7

8                    **Superior Court of California**
                       **County of Santa Clara**

9  GERALD ROYLANCE,              )  Case No.: 107CV102282
                                 )
10       Plaintiff,              )  Venue Affidavit
                                 )
11       vs.                     )
                                 )
12 ADT SECURITY SERVICES, INC.;  )
   ELITESECURITY.US, LLC;        )
13 SEAN HADLOCK;                 )
   DOES 1-200                    )
14                               )
         Defendants              )
15                               )

16

17

18       Pursuant to Civil Code § 1780(c), Plaintiff GERALD ROYLANCE states the following

19 facts why venue should be in Santa Clara County. I received prerecorded solicitations for home

20 security systems to my residential telephone line on or about March 27, 2007 and April 12, 2007.

21 The messages were not introduced by a live person, and I did not give permission for the

22 prerecorded messages. The prerecorded messages were part of an advertising plan or scheme to

23 sell home security systems to consumers in Santa Clara County.

24       The messages did not identify who was making the call.

25       I declare under penalty of perjury that the foregoing is true and correct.

                                    1

Verified Complaint for Damages and Injunctive Relief

1    Executed at Mountain View, CA, on December 31, 2007.

2

3    Gerald Roylance

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

2

**CIVIL LAWSUIT NOTICE**
Superior Court of California, County of Santa Clara
191 N. First St., San Jose, CA 95113

CASE NUMBER: **1 0 7 C V 1 0 2 2 8 2**  ATTACHMENT CV-5012

| READ THIS ENTIRE FORM |
|---|

_PLAINTIFFS_ (the person(s) suing): Within 60 days after filing the lawsuit, you must serve each defendant with the Complaint, Summons, an Alternative Dispute Resolution (ADR) Information Sheet, and a copy of this Civil Lawsuit Notice, and you must file written proof of such service.

---

_DEFENDANTS_ (The person(s) being sued): You must do each of the following to protect your rights:

1. You must file a written response to the Complaint, in the Clerk's Office of the Court, within 30 days of the date the Summons and Complaint were served on you;
2. You must send a copy of your written response to the plaintiff; and
3. You must attend the first Case Management Conference.

Warning: If you do not do these three things, you may automatically lose this case.

---

_RULES AND FORMS:_ You must follow the California Rules of Court (CRC) and the Santa Clara County Superior Court Local Civil Rules and use proper forms. You can get legal information, view the rules and get forms, free of charge, from the Self-Service Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), or from:

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1toc.htm
- Rose Printing: 408-293-8177 or becky@rose-printing.com (there is a charge for forms)

For other local legal information, visit the Court's Self-Service website www.scselfservice.org and select "Civil."

_CASE MANAGEMENT CONFERENCE (CMC):_ You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC. You must also fill out, file and serve a Case Management Statement (Judicial Council form CM-110) at least 15 calendar days before the CMC.

You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8.

---

Your Case Management Judge is: **Kevin McKenney**                   Department: **16**

The 1st CMC is scheduled for: (Completed by Clerk of Court)

Date: **MAY 2 7 2008** Time: **2:15pm**    in Department **16**

The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed)

Date: _____ Time: _____ in Department _____

---

_ALTERNATIVE DISPUTE RESOLUTION (ADR):_ If all parties have appeared and filed a completed ADR Stipulation Form (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

_WARNING:_ Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
## ALTERNATIVE DISPUTE RESOLUTION
## INFORMATION SHEET / CIVIL DIVISION

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

### What is ADR?

ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

### What are the advantages of choosing ADR instead of litigation?

ADR can have a number of advantages over litigation:

< **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

< **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

< **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

< **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

< **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

### What are the main forms of ADR offered by the Court?

< **Mediation** is an informal, confidential process in which a neutral party (the mediator) assists the parties in understanding their own interests, the interests of the other parties, and the practical and legal realities they all face. The mediator then helps the parties to explore options and arrive at a mutually acceptable resolution of the dispute. The mediator does not decide the dispute. The parties do.

< Mediation may be appropriate when:
    < The parties want a non-adversary procedure
    < The parties have a continuing business or personal relationship
    < Communication problems are interfering with a resolution
    < There is an emotional element involved
    < The parties are interested in an injunction, consent decree, or other form of equitable relief

*-over-*

CV-5003 REV 5/06

< **Arbitration** is a normally informal process in which the neutral (the arbitrator) decides the dispute after hearing the evidence and arguments of the parties. The parties can agree to binding or non-binding arbitration. Binding arbitration is designed to give the parties a resolution of their dispute when they cannot agree by themselves or with a mediator. If the arbitration is non-binding, any party can reject the arbitrator's decision and request a trial.

Arbitration may be appropriate when:
< The action is for personal injury, property damage, or breach of contract
< Only monetary damages are sought
< Witness testimony, under oath, is desired
< An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

< **Neutral evaluation** is an informal process in which a neutral party (the evaluator) reviews the case with counsel and gives a non-binding assessment of the strengths and weaknesses on each side and the likely outcome. The neutral can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
< The parties are far apart in their view of the law or value of the case
< The case involves a technical issue in which the evaluator has expertise
< Case planning assistance would be helpful and would save legal fees and costs
< The parties are interested in an injunction, consent decree, or other form of equitable relief

< **Special masters and referees** are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.

Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

< **Settlement conferences** are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.

Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

*What kind of disputes can be resolved by ADR?*

Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; and sports, among other matters.

*Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, for information about ADR procedures, or for other questions about ADR?*

> *Contact:*
> Santa Clara County Superior Court          Santa Clara County DRPA Coordinator
> ADR Administrator                          408-792-2704
> 408-882-2530

---

**ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET/ CIVIL DIVISION**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address):<br>Gerald Roylance<br>1168 Blackfield Way<br>Mountain View, CA 94040-2305<br><br>TELEPHONE NO.: 650 948-1790    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): in pro per | |

| | |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA<br>STREET ADDRESS:<br>MAILING ADDRESS: 191 N. First Street<br>CITY AND ZIP CODE: San Jose, CA 95113<br>BRANCH NAME: | |

| | |
|---|---|
| PLAINTIFF/PETITIONER: Gerald Roylance<br><br>DEFENDANT/RESPONDENT: ADT Security Services, Inc. et al | CASE NUMBER:<br>1-07-CV-102282 |

| | |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

   a. [✓] summons

   b. [✓] complaint

   c. [✓] Alternative Dispute Resolution (ADR) package

   d. [ ] Civil Case Cover Sheet *(served in complex cases only)*

   e. [ ] cross-complaint

   f. [✓] other *(specify documents):* Civil Lawsuit Notice, Reservation of Damages

3. a. Party served *(specify name of party as shown on documents served):*

   ADT Security Services, Inc.

   b. [✓] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

   John B. Koch, President

4. Address where the party was served:
   1 Town Center Rd, Boca Raton, FL 33486-1002

5. I served the party *(check proper box)*

   a. [ ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*    (2) at *(time):*

   b. [ ] **by substituted service.** On *(date):*    at *(time):*    I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*    from *(city):*    **or** [ ] a declaration of mailing is attached.

      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |

PLAINTIFF/PETITIONER: Gerald Roylance

CASE NUMBER: 1-07-CV-102282

DEFENDANT/RESPONDENT: ADT Security Services, Inc. et al

5. c. ☑ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on *(date):* 1/17/2008          (2) from *(city):* Los Altos, CA

   (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.) *(Code Civ. Proc., § 415.30.)*

   (4) ☑ to an address outside California with return receipt requested. *(Code Civ. Proc., § 415.40.)*

 d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

JAN 2 5 2008

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. ☐ as an individual defendant.
   b. ☐ as the person sued under the fictitious name of *(specify):*
   c. ☐ as occupant.
   d. ☑ On behalf of *(specify):* ADT Security Services, Inc.
      under the following Code of Civil Procedure section:
      - ☑ 416.10 (corporation)
      - ☐ 416.20 (defunct corporation)
      - ☐ 416.30 (joint stock company/association)
      - ☐ 416.40 (association or partnership)
      - ☐ 416.50 (public entity)
      - ☐ 415.95 (business organization, form unknown)
      - ☐ 416.60 (minor)
      - ☐ 416.70 (ward or conservatee)
      - ☐ 416.90 (authorized person)
      - ☐ 415.46 (occupant)
      - ☐ other:

7. **Person who served papers**
   a. Name: Lynn Freret
   b. Address: 685 Washington St
   c. Telephone number: 650 948-8849
   d. **The fee for service was:** $ 10
   e. I am:
      (1) ☑ not a registered California process server.
      (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
      (3) ☐ a registered California process server:
         (i) ☐ owner ☐ employee ☐ independent contractor.
         (ii) Registration No.:
         (iii) County:

8. ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date:

Lynn Freret
_____          ▶ _____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)                              (SIGNATURE)

- DO NOT FILE WITH THE COURT-
-UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)*: | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|
| Gerald Roylance<br>1168 Blackfield Way<br>Mountain View, CA 94040-2305 | 650 948-1790 | |

ATTORNEY FOR *(name)*:   in pro per

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SANTA CLARA
STREET ADDRESS:
MAILING ADDRESS:  191 N First St
CITY AND ZIP CODE:  San Jose, CA 95113
BRANCH NAME:

PLAINTIFF:  Gerald Roylance
DEFENDANT:  ADT Services, Inc.

| STATEMENT OF DAMAGES<br>(Personal Injury or Wrongful Death) | CASE NUMBER:<br>1-07-CV-102282 |
|---|---|

To *(name of one defendant only)*: ADT Services, Inc.
Plaintiff *(name of one plaintiff only)*: Gerald Roylance
seeks damages in the above-entitled action, as follows:

AMOUNT

1. **General damages**
   a. ☐ Pain, suffering, and inconvenience ................................................ $ _____
   b. ☐ Emotional distress. .................................................................... $ _____
   c. ☐ Loss of consortium .................................................................... $ _____
   d. ☐ Loss of sociey and companionship *(wrongful death actions only)* ...... $ _____
   e. ☐ Other *(specify)* ....................................................................... $ _____
   f. ☐ Other *(specify)* ....................................................................... $ _____
   g. ☐ Continued on Attachment 1.g.

2. **Special damages**
   a. ☐ Medical expenses *(to date)* ...................................................... $ _____
   b. ☐ Future medical expenses *(present value)* .................................... $ _____
   c. ☐ Loss of earnings *(to date)* ........................................................ $ _____
   d. ☐ Loss of future earning capacity *(present value)* ........................... $ _____
   e. ☐ Property damage ...................................................................... $ _____
   f. ☐ Funeral expenses *(wrongful death actions only)* ........................... $ _____
   g. ☐ Future contributions *(present value) (wrongful death actions only)* ... $ _____
   h. ☐ Value of personal service, advice, or training *(wrongful death actions only)* ... $ _____
   i. ☐ Other *(specify)* ....................................................................... $ _____
   j. ☐ Other *(specify)* ....................................................................... $ _____
   k. ☐ Continued on Attachment 2.k.

3. ☑ **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of *(specify)*.. $  180,000.00
   when pursuing a judgment in the suit filed against you.

Date:  January 17, 2008
Gerald Roylance                                      ▶ *Gerald Roylance*
_____                    _____
(TYPE OR PRINT NAME)                                 (SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)                        Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CIV-050 [Rev. January 1, 2007]

**STATEMENT OF DAMAGES**
**(Personal Injury or Wrongful Death)**

Code of Civil Procedure, §§ 425.11, 425.115
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

CIV-050

| PLAINTIFF: Gerald Roylance | CASE NUMBER: |
|---|---|
| DEFENDANT: ADT Services, Inc. | 1-07-CV-102282 |

## PROOF OF SERVICE

*(After having the other party served as described below, with any of the documents identified in item 1, have the person who served the documents complete this Proof of Service. Plaintiff cannot serve these papers.)*

1. I served the
   a. ☒ Statement of Damages ☐ Other *(specify)*:
   b. on *(name)*: ADT Services, Inc
   c. by serving ☐ defendant ☒ other *(name and title or relationship to person served)*: John B Koch, president

   d. ☐ by delivery ☐ at home ☐ at business
      (1) date:
      (2) time:
      (3) address:

   e. ☒ by mailing
      (1) date: 1/17/2008
      (2) place: Los Altos, CA

2. Manner of service *(check proper box)*:
   a. ☐ **Personal service.** By personally delivering copies. (CCP § 415.10)
   b. ☐ **Substituted service on corporation, unincorporated association (including partnership), or public entity.** By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP § 415.20(a))
   c. ☐ **Substituted service on natural person, minor, conservatee, or candidate.** By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of the office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP § 415.20(b)) **(Attach separate declaration or affidavit stating acts relied on to establish reasonable diligence in first attempting personal service.)**
   d. ☐ **Mail and acknowledgment service.** By mailing (by first-class mail or airmail, postage prepaid) copies to the person served, together with two copies of the form of notice and acknowledgment and a return envelope, postage prepaid, addressed to the sender. (CCP § 415.30) **(Attach completed acknowledgment of receipt.)**
   e. ☒ **Certified or registered mail service.** By mailing to an address outside California (by first-class mail, postage prepaid, requiring a return receipt) copies to the person served. (CCP § 415.40) **(Attach signed return receipt or other evidence of actual delivery to the person served.)**
   f. ☐ Other *(specify code section)*:
      ☐ additional page is attached.

3. At the time of service I was at least 18 years of age and not a party to this action.
4. Fee for service: $
5. Person serving:
   a. ☐ California sheriff, marshal, or constable
   b. ☐ Registered California process server
   c. ☐ Employee or independent contractor of a registered California process server
   d. ☒ Not a registered California process server
   e. ☐ Exempt from registration under Bus. & Prof. Code § 22350(b)

   f. Name, address and telephone number and, if applicable, county of registration and number:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶ _____
   (SIGNATURE)

*(For California sheriff, marshal, or constable use only)*
I certify that the foregoing is true and correct.

Date:

▶ _____
   (SIGNATURE)

**PROOF OF SERVICE**
**(Statement of Damages)**

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of eighteen and not a party to the within action; my business address is 400 N. Tustin Ave., Ste. 370, Santa Ana, California 92705.

On    February 22, 2008, I served the foregoing document described as **DEFENDANT ADT SECURITY SERVICES, INC.'S NOTICE OF REMOVAL** on the interested parties in this action by placing ( ) the original (X) a true copy thereof enclosed in a sealed envelope addressed as follows:

Gerald L. Roylance
1168 Blackfield Way
Mountain View, CA 94040-2305
Plaintiff in Pro Per


(X) BY MAIL
        ( ) I deposited such envelope in the mail at Santa Ana, California. The envelope was mailed with postage thereon fully prepaid.
        (X) I caused such envelope to be deposited in the mail at Santa Ana, California. The envelope was mailed with postage thereon fully prepaid.
        I am "readily familiar" with firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

        ( ) By Personal Service. I personally handed a copy of the above subject pleading(s) to the addressee, or his/her identifying agent.

        Executed on February 22, 2008, at Santa Ana, California.

        I declare under penalty of perjury that the foregoing is true and correct under the laws of the State of California.


Donna Booras

5

**DEFENDANT ADT SECURITY SERVICES, INC.'S NOTICE OF REMOVAL**