Gerald Roylance
1168 Blackfield Way
Mountain View, CA 94040-2305

Phone (650) 948-1790

in pro per

FILED

2008 FEB 28  11: 42

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S[J]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA (SAN JOSE)

| | |
|---|---|
| GERALD ROYLANCE,<br><br>Plaintiff,<br><br>vs.<br><br>ADT SECURITY SERVICES, INC.,<br>ELITESECURITY.US, LLC,<br>SEAN HADLOCK,<br>DOES 1-200<br><br>Defendants. | Case No.: 5:08-CV-01101 JF RS<br><br>DECLARATION OF GERALD ROYLANCE<br>IN SUPPORT OF ENTRY OF DEFAULT<br><br>Complaint filed:    December 31, 2007<br>Trial Date:          None Set |

Plaintiff Gerald Roylance declares:

1. I had Lynn Freret serve ADT Security Services, Inc. ("ADT") by certified mail. She mailed the pleadings on January 17, 2008. ADT Security Services, Inc. returned the receipt / green card. Furthermore, ADT acknowledges receiving the summons and complaint on or about January 25, 2008 in its Notice of Removal. Under state law, ADT's Answer was due February 26, 2008. Lynn Freret provided me with a proof of service, the mailing receipt, and the return receipt used for the service. A true and correct copy of the mailing receipt and the return receipt/green card are attached to Proof of Service of Summons against ADT Security Services, Inc.

1

Declaration of Gerald Roylance in support of Entry of Default

2. I received the Notice of Removal on February 25, 2008. The Notice of Removal did not appear in the state court's online docket as of February 27, 2008.

3. I called attorney Patrick Long on February 27 to find out what was going on. I told him that I could not find any Notice of Removal filings. I told him that if there had not been a filing, then ADT's Answer was due February 26 and ADT was therefore in default. I asked him if he had a verified answer for me, and he said no. Mr. Long said he would call me back after his secretary came in; she would have the federal and state filing information.

4. Mr. Long called back. He told me that the Notice of Removal had been filed on February 22 in both federal and state courts and that he had conformed copies from both courts. He also told me that the federal case number was CV 081101 – JF – RS in courtroom 4. He would send me some documents that court required later that day.

5. Mr. Long and I discussed some defects with the Notice of Removal. Among other things, it was filed one day too late because EliteSecurity.US, LLC had received the pleading on January 22, 2008. Consequently, the last day to remand was January 21, 2008. I asked him to consent to remand. He would look into it.

6. I emailed Mr. Long some legal authorities about the time to remove and that the TCPA is not a federal question.

7. Mr. Long called back later in the day. He acknowledged the email. We discussed the Notice of Removal. He told me that he felt it was unfair for the service on earlier defendants to prejudice the removal of later defendants. I pointed out to Mr. Long that he needed to get the consent of all defendants for the removal.

8. I pointed out that Defendants EliteSecurity.US, LLC and Sean Hadlock had not been served with the Notice of Removal. I gave Mr. Long the address I had for Sean Hadlock. As far as I know, Elite and Hadlock do not know about the removal to federal court.

9. I have not granted any extension of time to answer the complaint.

10. The above statements are given under penalty of perjury. Executed in Mountain View, California.

Respectfully submitted,

Dated: February 28, 2008

*Gerald Roylance*

Gerald Roylance