Gerald Roylance
1168 Blackfield Way
Mountain View, CA 94040-2305

Phone (650) 948-1790

in pro per

FILED

2008 MAR 13 P 2: 22

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. CA. SJ

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA (SAN JOSE)

| | |
|---|---|
| GERALD ROYLANCE,<br><br>Plaintiff,<br><br>vs.<br><br>ADT SECURITY SERVICES, INC.,<br>ELITESECURITY.US, LLC,<br>SEAN HADLOCK,<br>DOES 1-200<br><br>Defendants. | Case No.: 5:08-CV-01101 JF RS<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO ENTER ADT'S DEFAULT<br><br>Date:    April 30, 2008<br>Time:   9:30 AM<br>Dept:    4<br><br>Judge:              Jeremy Fogel<br>Magistrate:       Richard Seeborg<br>Complaint filed: December 31, 2007<br>Trial Date:        None Set |

## I.   **INTRODUCTION**

Plaintiff Gerald Roylance requests that the Court enter the default of Defendant ADT Security Services, Inc. on the grounds that said Defendant has failed to plead or otherwise defend within the time prescribed by the Federal Rules of Civil Procedure.

Plaintiff had Defendant ADT Security Services, Inc. served using certified mail service before the case was removed. The pleadings were mailed to the Defendant in Florida on January 17, 2008. The Defendant's agent signed for them on January 24, 2008. In its Notice of

Removal, the Defendant admits being served "on or about January 25, 2007 [sic]". [Defendant ADT Security Services, Inc.'s Notice of Removal, 2:24; also its Exhibit A, Proof of Service, page 2, shows the January 17, 2008 mailing date and an ADT timestamp of January 25, 2008.] Under California Code of Civil Procedure § 415.40, the service of summons is complete 10 days after mailing. Under California law, a defendant has 30 days after service to answer the complaint. Consequently, under state law, the answer is due 40 days after January 17, which is February 26. That date has passed.

Filing the Notice of Removal creates another due date for an answer under F.R.C.P. 81(c): either 20 days after service (which would be February 16, which has passed) or 5 days after filing the Notice of Removal (which would be February 27, which has also passed).

These facts are evidenced by the Court's file, the proof of service, Defendant ADT Security Services, Inc.'s Notice of Removal, and the accompanying Declaration of Gerald Roylance.

## II. BACKGROUND

Plaintiff received the Notice of Removal on February 25, 2008. He checked the California court docket, but did not find a removal petition.

Plaintiff checked the state docket again.

Plaintiff spoke with ADT attorney Long on February 27. Plaintiff asked if ADT had an answer for the complaint, and Long told him ADT did not. A specific point was the time to plead in state court had expired on February 26 (the previous day). Plaintiff wanted to enter ADT's default, but needed to know if ADT had indeed filed the Notice of Removal in state

court. Plaintiff told Long that the Notice was not showing up on the state court docket. Long would get the information and call plaintiff back.

Long called back a short time later. Long told plaintiff that he had a conformed copy of the state court filing. Given Long's representation, plaintiff did not file a request for default in state court. Doing so when the state court had lost its concurrent jurisdiction would open plaintiff to sanctions. However, Long's representation was false. He did not have a conformed copy, and the Notice of Removal was not filed in state court until February 29, 2008.

Plaintiff prepared a request to the federal court clerk to enter the default of ADT. The federal procedure had the time to plead expiring on February 27.

Plaintiff went to federal court with 5 copies of the Proof of Service of Summons on EliteSecurity.US, LLC, Request to Enter Default, Declaration of Gerald Roylance in support of Entry of Default. Plaintiff asked the clerk for a copy of any form for requesting entry of default. There being none, plaintiff presented the copies for filing and conforming. Plaintiff expected the clerk wanted an original and two copies, but the clerk refused the second copy saying that the court only wanted the original and one copy.

Plaintiff left. He had copies of the documents served on ADT that day. Plaintiff returned to court on February 28 to file the proof of service for the motion.

Plaintiff realized he had filed the Proof of Service of Summons on ELITE instead of ADT, so plaintiff returned to court on February 29 to file the Proof of Service of Summons on ADT.

ADT filed its answer on February 29.

On March 5, 2008, plaintiff received ADT's Answer. The proof of service stated it was served by mail on February 29. The postage meter mark said it was actually mailed on April 3.

### III. LEGAL STANDARD

The Clerk has no discretion and must enter a default if the defendant has failed to plead or defend and that failure is shown by affidavit or otherwise. [F.R.C.P. 55(a).]

If nothing else, ADT's admission that it was served on or about January 25, 2008 and ADT's failure to file an answer within 5 days of filing the removal should meet the requirements for entering a default. That information was in the court file and was pointed out in plaintiff's request for default.

The Clerk should enter a default if the clerk is satisfied that (1) defendant has been served with summons, (2) the time allowed by law for responding has expired, and (3) defendant failed to file a pleading or motion. [*First American Bank, N.A. v. United Equity Corp.* (D DC 1981) 89 FRD 81, 86; *Jacobs v. Tenney* (D DE 1970) 316 F.Supp. 151, 165] [Rutter Group, *Federal Civil Procedures before Trial*, 6:38.]

Notice to the defendant is not required before entry of default. [*Hawaii Carpenters' Trust Funds v. Stone* (9th Cir. 1986) 794 F.2d 508, 512; *Taylor v. Boston & Taunton Transp. Co.* (1st Cir. 1983) 720 F.2d 731, 733] [Rutter Group, *Federal Civil Procedures before Trial*, 6:39.]

A default may not be entered if the defendant has filed a response indicating an intent to defend the action. [*Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.* (9th Cir. 1988) 840 F.2d 685, 689.]

An appearance does not prevent entry of default. [*Bolduc v. Bailey* (D CO 1984) 586 F.Supp. 896, 899.]

Filing a Notice of Removal but failing to answer within the time allotted does not prevent entry of default. [*Speiser, Krause & Madole, P.C. v. Ortiz* (9th Cir. 2001) 271 F.3d 884, 886-887.]

## IV. THE CLERK SHOULD HAVE ENTERED THE DEFAULT

Quite simply, ADT knew it needed to respond to the complaint.

Although plaintiff filed the wrong Proof of Service of Summons, that should not doom the request for default. In its papers, ADT had admitted being served on or about January 25. Plaintiff pointed that out in his request for default. ADT also submitted a copy of the Proof of Service of Summons on ADT in its Notice of Removal, Exhibit A. Plaintiff pointed that out in his request for default. Consequently, even if the Clerk ignored the later filed Proof of Service of Summons on ADT, there is still adequate support in the file for entry of default.

From a timing standpoint, that ADT acknowledged service on or about January 25 does not give it any flexibility for timing. Under one prong of the F.R.C.P., ADT would have 20 days after service to respond. Even giving ADT 10 days to perfect service after receipt, ADT would have to respond to the lawsuit by February 24.

### A. California Proof of Service does not require the original Return Receipt

The California Proof of Service of Summons form has various checkboxes for the type of service. If the service is done using mail and acknowledgement, the documentation requirements vary. Service within California may not use certified mail return receipt. The form requires that mail and acknowledgement service within California provide the original acknowledgement. The form does not require any further documentation for certified mail return receipt requested (for service outside of California).

### B. Service of the Request for Default on ADT is not required

Plaintiff does not know why the Clerk declined the default. Perhaps it was because the proof of service for the request was not submitted with the request or that the proof of service was filed the next day. Such an argument does not seem reasonable.

F.R.C.P. 55(a) says the Clerk must enter the default.

Plaintiff served ADT after requesting the default and filed a proof of service the next day.

Filing the paper with the federal clerk causes an ECF filing which constructively serves ADT.

### C. Inadequate Service of the Answer

Furthermore, ADT did not serve its answer properly. Although the proof of service claimed the Answer was mailed on February 29, it was meter marked March 3.

## V. ADT SHOULD NOT BE EXCUSED FROM THE DEFAULT

A mistake at law by an attorney is not excusable neglect. "Accordingly, there is no basis for deviating from the general rule that a mistake of law does not constitute excusable neglect." [*Kyle v. Campbell Soup Co.* (9th Cir. 1994) 28 F.3d 928, 931-32.] "We see no reason for the federal courts to excuse such professional neglect." [*Savarese v Edrick Transfer & Storage, Inc.* (9th Cir. 1975) 513 F.2d 140, 147.] "We feel ... that parties who remove cases to the federal courts should become acquainted with and comply with the Federal Rules of Civil Procedure." [*Id.*]

"Inadvertence, ignorance of the rules, or mistakes construing rules do not usually constitute 'excusable neglect.'" [*Pioneer Investment Services Co. V. Brunswick Associates Ltd. Partnership* (1993) 50 US 380, 391; *Canfield v. Van Atta Buick/GMC Truck, Inc.* (2nd Cir. 1997) 127 F.3d 248, 250 "failure to follow the clear dictates of a court rule" is not excusable neglect.]

"D removed a case to federal court before filing an answer in state court. His failure to read and understand F.R.C.P. 81(c) governing the time to file an answer in federal court after removal did *not* constitute "excusable neglect" within the meaning of Rule 60(b)(1). [*Speiser, Krause & Madole, P.C. v. Ortiz* (9th Cir. 2001) 271 F.3d 884, 886-887]" [Rutter Group, *Federal Civil Procedure before Trial*, 6:175.5.]

"An attorney's "track record" of compliance with court orders and deadlines, although not dispositive, is a factor that may be considered in determining whether his or her missing a deadline constitutes "excusable neglect." [*Robb v. Norfolk & Western Ry. Co.* (7th Cir. 1997) 122 F.3d 354, 362]" [Rutter Group, *Federal Civil Procedure before Trial*, 6:175.11.]

The attorneys for ADT have made multiple mistakes. An attorney of record did not sign the Notice of Removal. They misspelled defendant EliteSecurity.US, LLC. They either did not know that Elite had been served, or they did not bother to get Elite to join in the petition – something that ultimately dooms the petition. They left Defendant SEAN HADLOCK off the list of interested parties. They didn't file an answer within 5 days of filing the removal. They did not file the Notice of Removal in state court for a full week after filing in federal court. Attorney Long misrepresented to plaintiff that the Notice of Removal had been filed in state court. They have not corrected errors that plaintiff has identified to them. The attorneys did not research the TCPA and discover that it is not a federal question.

## VI. CONCLUSION

Plaintiff prays for entry of default and the striking of ADT's late-filed answer.

Respectfully submitted,

Dated: March 13, 2008

*Gerald Roylance*
Gerald Roylance