Gerald Roylance
1168 Blackfield Way
Mountain View, CA 94040-2305

Phone (650) 948-1790

in pro per

FILED
2008 MAR 13 P 2: 30
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA (SAN JOSE)

| | |
|---|---|
| GERALD ROYLANCE, | Case No.: 5:08-CV-01101 JF RS |
| Plaintiff, | NOTICE OF MOTION AND MOTION TO STRIKE THE ANSWER OF ADT SECURITY SERVICES, INC. |
| vs. | |
| ADT SECURITY SERVICES, INC., ELITESECURITY.US, LLC, SEAN HADLOCK, DOES 1-200 | F.R.C.P. 12(f) |
| | Date: April 30, 2008 |
| | Time: 9:30 AM |
| Defendants. | Dept: 4 |
| | Judge: Jeremy Fogel |
| | Magistrate: Richard Seeborg |
| | Complaint filed: December 31, 2007 |
| | Trial Date: None Set |

NOTICE TO Defendant ADT SECURITY SERVICES, INC. and its attorneys:

Plaintiff's Motion to Strike the Answer of ADT Security Services, Inc. has been set for hearing on April 30, 2008, at 9:30 AM or as soon thereafter as the matter may be heard, in Department 4 of the above-entitled court, located at 280 S. 1st Street, San Jose, CA, 95113.

Plaintiff moves that all or portions of ADT Security Services, Inc.'s ("ADT") Answer be stricken under FRCP 12(f). The grounds for this motion are:

The entire Answer should be stricken because the clerk should have promptly entered the default of ADT when plaintiff requested that default. The Court should strike the Answer and enter ADT's default.

The entire Answer should be stricken for failure to properly serve the Answer. The proof of service stated that it was served by mail on February 29, 2008 (a Friday). The postage meter mark date was April 3, 2008 (a Monday). The court should strike the Answer and enter ADT's default.

Paragraph 3 should be stricken. The information is available in public records, so ADT has no basis for a lack of information and belief. Furthermore, the correct name is EliteSecurity.US, LLC as shown in the online Utah corporation database at https://secure.utah.gov/bes/action/index.

Paragraph 5 should be stricken. Internet domain registrations are public records that are easily ascertained on line from websites such as http://www.register.com.

Paragraph 6 should be stricken. ADT has enough information to determine whether Michael Birchall is an individual.

Paragraph 7 should be stricken. The information is in public records, so ADT has no basis to claim a lack of information and belief. The California business search is available online at http://kepler.sos.ca.gov/list.html.

Paragraph 8 should be stricken. The Federal Trade Commission's ("FTC") Telephone Sales Rule ("TSR") requires that ADT have and keep this information.

In paragraph 10, the words "and the contract between Defendant and its authorized dealer for which Plaintiff bases his claim upon is to be applied and interpreted by the laws of

2

Notice of Motion and Motion to Strike the Answer of ADT Security Services, Inc.

Colorado, and to be venued in Colorado, pursuant to the written contract between Defendant and the authorized dealer" should be stricken. The contract is irrelevant to the dispute with Plaintiff. Plaintiff is not a party to the contract, and therefore cannot be held to its terms. Defendants were making telephone calls to residential consumers in California, availed themselves of the forum, and are therefore subject to California laws.

Paragraph 12 should be stricken. ADT should be able to use a telephone directory. There's an online directory at http://www.anywho.com.

Paragraph 14 should be stricken. ADT should at least know whether or not plaintiff gave ADT permission to use prerecorded calls.

Paragraph 16 should be stricken. ADT should know what its business is.

Paragraph 17 should be stricken. The Telephone Sales Rule requires ADT to have this information.

Paragraph 18 should be stricken. ADT should know whether its telemarketers enter into contracts with third persons.

Paragraph 21 should be stricken because it is incomprehensible with respect to the allegation. Can ELITE bind third party consumers to a contract with ADT? Is ADT objecting, admitting, or denying that allegation?

Paragraph 39-45 should be stricken. Plaintiff faxed the Notice of Cancellation to ADT. Consequently, ADT has the document in question. Furthermore, ADT should be able to determine whether Sunday is a "business day" under the statute.

Paragraph 48 should be stricken. The Telephone Sales Rule requires ADT have this information.

In paragraph 53, strike "All remaining allegations contained in Paragraph 53 of the Complaint are denied for lack of sufficient information by Defendant to admit or deny the allegations therein". ADT should know whether the letter reminded ELITE of its duty to defend. ADT should know whether ELITE was still an authorized Dealer.

Paragraph 57 should be stricken. ADT cannot be ignorant of its employees or their rank.

Paragraph 59 should be stricken. ADT should know whether or not it investigated plaintiff's allegations against ELITE and HADLOCK.

Paragraph 61 should be stricken. ADT should know the details of its settlement with the Federal Trade Commission.

On page 19 line 14, strike "including reasonable attorney fees' [sic] and". The attorney fees provision in the Consumer Legal Remedies Act is one-sided in favor of the plaintiff. A prevailing defendant only gets attorneys' fees if plaintiff acts in bad faith. There's no allegation of bad faith.

Paragraph 73 should be stricken. ADT should know whether or not it sent a do-not-call policy to plaintiff. Furthermore, ADT admitted in ¶ 52 that it did not supply a do-not-call policy to plaintiff.

The FIRST DEFENSE should be stricken because it is not an affirmative defense but rather a direct attack on the elements. An affirmative defense is one that excuses the defendant despite the allegations in the complaint being true.

1  The SECOND DEFENSE should be stricken because obeying the law is a non-delegable duty. The calls were selling ADT security monitoring; the calls were on behalf of ADT. ADT proposes a world where it can hire fly-by-night telemarketers with impunity.

The THIRD DEFENSE should be stricken because it does not state any facts that support an estoppel. It does not put plaintiff on notice.

The FOURTH DEFENSE should be stricken because it does not state any facts that support a statute of limitation defense, prescriptive, laches, estoppel, or preemption. The complaint alleges the first violative call was on March 27, 2008 (Complaint, ¶ 22). Plaintiff filed the lawsuit on December 31, 2007. The statute of limitations for the TCPA (CA 1) is four years (Complaint, ¶ 67 – which ADT admits); for the CLRA (CA 2) is three years; for Business & Profession Code § 17200 (CA 3) is four years (Business & Profession Code § 17208); for Business & Professions Code § 17500 is three years (Code of Civil Procedure § 338). ADT cannot have a reasonable basis for a statute of limitation defense. It is wasting time. The TCPA (the only federal statute at issue) explicitly does not preempt more restrictive state statutes at 47 U.S.C. § 227(e)(1), stating that state laws are not preempted.

In the FOURTH DEFENSE, the word "prescriptive" should be stricken. Plaintiff does not understand the defense. There are statutes that prohibit certain marketing methods. There are statutes that require certain marketing disclosures. How is "prescriptive" a defense?

The word "estoppel" on 2:18 in the FOURTH DEFENSE should be stricken because it is redundant to the THIRD DEFENSE.

The FIFTH DEFENSE should be stricken because it does not state any facts and is irrelevant to causes of action in the complaint. This is not an action on a contract. The

complaint is about illegal and unfair advertising foisted upon the private individuals without their consent. The statutes do not require consideration, license, or payment as an element of their violation. The defense does not make sense. As to the statute of frauds, how does that come into play? The violations are about anonymous prerecorded calls and FCC regulations. The statutes are written down. The regulations are written.

The SIXTH DEFENSE does not make sense. As for the due process argument, that's why we are in court. Furthermore, the defense does not identity any other state (let alone that state's laws) that are applicable. Perhaps this is a principal-agent / on-behalf-of argument, but that is a direct attack on the elements. The defense does not state facts that put plaintiff on notice for the defense.

The EIGHT DEFENSE should be stricken because it is a direct attack on the elements rather than an affirmative defense. Furthermore, a principal's ignorance of its agents is not a defense. The other defendants were selling ADT services. They had the power to bind third parties to a contract with ADT.

The motion is based on this Notice, the attached Memorandum of Points and Authorities, the Declaration of Gerald Roylance in support of this motion, the papers, records and file in this action, and such oral and documentary evidence as may be presented at the hearing on the motion.

Respectfully submitted,

Dated: March 13, 2008

*Gerald Roylance*
Gerald Roylance