Gerald Roylance
1168 Blackfield Way
Mountain View, CA 94040-2305

Phone (650) 948-1790

in pro per

FILED
2008 MAR 13 P 2: 25
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA S.J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA (SAN JOSE)

| | |
|---|---|
| GERALD ROYLANCE,<br><br>　　　　　Plaintiff,<br>vs.<br><br>ADT SECURITY SERVICES, INC.,<br>ELITESECURITY.US, LLC,<br>SEAN HADLOCK,<br>DOES 1-200<br><br>　　　　　Defendants. | Case No.: 5:08-CV-01101 JF RS<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE THE ANSWER OF ADT SECURITY SERVICES, INC.<br><br>Date:　April 30, 2008<br>Time:　9:30 AM<br>Dept:　4<br><br>Judge:　　　　　　Jeremy Fogel<br>Magistrate:　　　Richard Seeborg<br>Complaint filed:　December 31, 2007<br>Trial Date:　　　　None Set |

## I.　INTRODUCTION

Plaintiff asks the Court to strike the Answer of ADT Security Services, Inc. and enter its default for failure to respond within the time specified in F.R.C.P. 55(c).

In the alternative, plaintiff asks that portions of the Answer be stricken. ADT is required to offer a meritorious pleading, but it has invoked denials on a lack of information and belief when it should have that information or the information is easily accessible through public records. ADT, for example, claims ignorance of its settlement with the Federal Trade Commission (Complaint, ¶ 61).

1

Memorandum of Points and Authorities in support of Motion to Strike the Answer of ADT Security Services, Inc.

## II. AUTHORITY

The authority for a motion to strike is at F.R.C.P. 12(f).

An answer or other pleading filed beyond the time permitted by the F.R.C.P. may be stricken as untimely if the pleader failed to obtain an extension of time to file. [*Canady v. Erbe Elektromedizin Gmbh* (D DC 2004) 307 F.Supp.2d 2, 7.] ADT's Answer was due February 27. ADT did not ask for an extension. Plaintiff requested the clerk enter default on February 28. ADT filed its Answer on February 29, 2008.

Furthermore, ADT was required to serve the Answer upon the plaintiff. ADT's service was invalid. ADT claimed the service was mailed February 29, 2008. The meter mark is March 3, 2008.

Affirmative defenses need a factual basis, but most of the proffered affirmative defenses are boilerplate defenses devoid of facts or details. Affirmative defenses of waiver, estoppel, and unclean hands were stricken where the defenses were alleged as conclusions without any factual basis because plaintiff was deprived of fair notice of the defense and its grounds. [*Qarbon.com Inc. v. eHelp Corp.* (ND CA 2004) 315 F.Supp.2d 1046, 1049-1050.]

Affirmative defenses may be stricken where the defense is clearly irrelevant and frivolous and its removal would avoid spending unnecessary time and money litigating the defense. [*SEC v. Gulf & Western Industries, Inc.* (D DC 1980) 502 F.Supp. 343, 345.]

Irrelevant matters may be stricken where they have no bearing on the matter to be litigated. [*LeDuc v. Kentucky Central Life Ins. Co.* (ND CA 1992) 814 F.Supp. 820, 830.

F.R.C.P. 11(b) requires that representations to the court are to the pleader's best information and belief and the result of a reasonable inquiry. Many denials upon information

and belief are devoid of that reasonable inquiry. Furthermore, the contentions must be reasonable, warranted, and supported by evidence. ADT has not done that. It has admitted things that don't hurt, and claimed ignorance of those things that do.

### III.  FAILURE TO PLEAD

ADT failed to plead within 5 days of filing the Notice of Removal. Plaintiff asked the Clerk to enter ADT's default, but for reasons unknown to the plaintiff, the Clerk declined.

### IV.  FAILURE TO SERVE

ADT failed to properly serve its Answer on the plaintiff. The Proof of Service claimed the Answer was mailed on February 29, 2008. The meter mark on the envelope is March 3, 2008. Plaintiff did not receive the Answer until March 5, 2008 – 5 days after "service". The certificate states "I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit."

### V.  REASONABLE INQUIRY

ADT's answer does not display much effort at all. It repeatedly denies a principal-agent relationship, but then avoids direct answers about its investigation of ELITE and HADLOCK or whether ELITE could bind ADT with a contract to a consumer. ADT even professes to be ignorant about what its business is. That cannot be pleading with a reasonable inquiry.

Many facts can be ascertained by searches on the Internet. Telephone subscriptions and corporate records. ADT did not do that. Perhaps most galling in that is ADT taking plaintiff to task when it said "Elite Security US, LLC., improperly named as EliteSecurity.US, LLC". That

statement alone shows how little effort ADT put into its pleading. ADT is very willing to state that plaintiff is wrong on something that is trivially checked. ADT apparently didn't even bother to visit Elite's website. The origin of its name is given at http://elitesecurity.us/about_elite.html. A copy of the Utah corporate record is given in Gerald Roylance's declaration. The legal name is, despite ADT's claim to the contrary in its Answer, "EliteSecurity.US, LLC". There are no spaces between "Elite" and "Security". There's a period (not a space) before "US". There's no period after "LLC".

ADT even claims ignorance of the Notice of Cancellation that plaintiff faxed to ADT. A copy of the fax is given in Roylance's declaration.

Regulations promulgated by the Federal Trade Commission require that sellers (e.g., ADT) and telemarketers (e.g., Elite) keep certain records for a period of 24 months. (16 C.F.R. § 310.5.) The required information includes telemarketing scripts, employee names, aliases, and home addresses. ADT is ignoring that requirement in its answer.

In fact, ADT doesn't even know what its business is (Complaint ¶ 16) or if its attorney, Joanna N. Castaldi, acted for an officer, director, or managing agent of ADT (Complaint ¶ 57).

Even more preposterously, ADT also claims ignorance of its settlement agreement with the Federal Trade Commission. ADT is invited to read the complaint and settlement agreement at http://www.ftc.gov/os/caselist/0423091/adtsecurity.shtm. The agreement requires ADT to monitor the telemarketing activities of its authorized dealers.

Despite that settlement agreement, ADT maintains that it has no control over those authorized dealers.

ADT's feigned ignorance of these matters is prejudicial to plaintiff's case. ADT's mistakes are legion. In removing this case to federal court, ADT misnamed Elite, forgot to name Hadlock as defendant, represented that Elite had not been served when it had, failed to file an Answer within the time allotted, and failed to properly serve plaintiff with its answer. ADT is not making a good faith effort.

## VI.   AFFIRMATIVE DEFENSES

The proffered affirmative defenses are mostly boiler plate and do not state the facts upon which they are based. Parts are even redundant – the estoppel claim, for instance. Ignoring the redundancy, ADT provides no clue about the facts that give rise to that estoppel.

## VII.   CONCLUSION

Plaintiff prays that the Court strike the Answer and enter ADT's default. Failing that, the Court should strike portions of the Answer.

Respectfully submitted,

Dated: March 13, 2008

*Gerald Roylance*
Gerald Roylance

5

Memorandum of Points and Authorities in support of Motion to Strike the Answer of ADT Security Services, Inc.