Gerald Roylance
1168 Blackfield Way
Mountain View, CA 94040-2305

Phone (650) 948-1790

in pro per

FILED
2008 MAR 13 P 2:35

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA (SAN JOSE)

| | |
|---|---|
| GERALD ROYLANCE,<br><br>　　　　Plaintiff,<br>vs.<br><br>ADT SECURITY SERVICES, INC.,<br>ELITESECURITY.US, LLC,<br>SEAN HADLOCK,<br>DOES 1-200<br><br>　　　　Defendants. | Case No.: 5:08-CV-01101 JF RS<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND<br><br>Date:　April 30, 2008<br>Time:　9:30 AM<br>Dept:　4<br><br>Judge:　　　　　Jeremy Fogel<br>Magistrate:　　Richard Seeborg<br>Complaint filed:　December 31, 2007<br>Trial Date:　　None Set |

## Table of Contents

| | | |
|---|---|---|
| I. | Introduction | 1 |
| II. | Background | 1 |
| III. | Legal Standard | 3 |
| IV. | The Removal is Procedurally Defective | 4 |
| A. | The Time to Remove had Expired | 4 |
| B. | The Other Defendants did not join in the Petition | 6 |
| C. | ADT's Allegation of Consent is Insufficient | 7 |
| D. | The Removal was Defective | 9 |
| V. | There is no Federal Question | 9 |
| VI. | Diversity | 11 |
| E. | Exclusive Jurisdiction | 11 |
| F. | Amount in Controversy | 11 |
| VII. | Attorney's Fees and Costs | 14 |
| VIII. | Conclusion | 14 |

# Table of Authorities

**Cases**

47 U.S.C. § 227(b)(3) .................................................................................................................. 10
Brill v Countrywide Home Loans (7th Cir. 2005) 427 F.3d 446 ................................................. 11
California ex rel. Lockyer v. Dynegy, Inc.(9th Cir. 2004) 375 F.3d 831 ................................. 4, 11
Doe v. Kenwood (5th Cir. 1992) 969 F.2d 165 ............................................................................. 6
Gaus v. Miles, Inc. (9th Cir. 1992) 980 F.2d 564 ..................................................................... 4, 12
Gottlieb v Carnival (2nd Cir. 2006) 436 F.3d 335 ....................................................................... 11
Hewitt v. City of Stanton (9th Cir. 1986) 798 F.2d 1230 .............................................................. 6
International Science &Technology v Inacom (4th Cir 1997) 106 F.3d 1146 ............................. 10
Kokkonen v Guardian Life Insurance (1994) 511 U.S. 375 ......................................................... 4
Miller v. Diamond Shamrock Co. (5th Cir. 2001) 275 F.3d 414 ................................................... 4
Moody v. Commercial Ins. Co. (N.D.Tex. 1990) 753 F. Supp. 198 .......................................... 6, 8
Moore v. Federal Insurance Co., No. 06-0230-CV-W-REL (W.D. Mo. 2006) ........................... 8
Murphey v. Lanier (9th Cir. 2000) 204 F.3d 911 .................................................................... 10, 11
Murphy Bros., Inc. v. Micheti Pipe Stringing, Inc. (1999) 526 US 344 ................................... 5, 9
Nicholson v. Hooters (11th Cir. 1998) 136 F.3d 1287 ................................................................ 10
Sanchez v Monumental Life Ins. Co. (9th Cir. 1996) 95 F.3d 856 .............................................. 13
Sonoma Falls Developers. LLC v. Nevada Gold & Casinos, Inc. (N.D. Cal.2003) 272 F. Supp. 2d 919 ........................................................................................................................................... 14
United Computer Systems, Inc. v. AT&T (9th Cir. 2002) 298 F.3d 756 .................................. 5, 6
Valdez v Allstate Insurance Company (9th Cir. 2004) 372 F.3d 1115 ....................................... 13
Weinberger v Salfi (1975) 422 U.S. 749 .................................................................................... 10

**Statutes**

28 U.S.C. § 1331 ........................................................................................................................... 9
28 U.S.C. § 1332 ......................................................................................................................... 11
28 U.S.C. § 1332(b) .................................................................................................................... 13
28 U.S.C. § 1441 ........................................................................................................................... 3
28 U.S.C. § 1441(a) .................................................................................................................... 10
28 U.S.C. § 1446(b) ...................................................................................................................... 4
28 U.S.C. § 1446(d) ...................................................................................................................... 9
28 U.S.C. § 1447(c) ...................................................................................................................... 4
47 U.S.C. § 227 ............................................................................................................................. 1
Code of Civil Procedure § 415.40 ................................................................................................. 9

**Other Authorities**

Federal Civil Procedure before Trial .................................................................................. 5, 7, 11

**Rules**

F.R.C.P. 11(a) ............................................................................................................................... 7

**Regulations**

16 C.F.R. § 310 ............................................................................................................................. 9
16 C.F.R. § 310.5(a)(4) ................................................................................................................. 9

## I. INTRODUCTION

Plaintiff asks the Court to remand the removal by ADT SECURITY SERVICES, INC. ("ADT") for procedural defects and absence of subject matter jurisdiction including absence of a federal question, exclusive state court jurisdiction, and failure to establish the amount in controversy more than $75,000. ELITESECURITY.US, LLC ("ELITE") waived removal because it received the summons, complaint, and reservation of damages on January 22, 2008. Procedurally, the last day ELITE could consent to removal was February 21, 2008. ADT filed its Notice of Removal on February 22 – one day late. Furthermore, ELITE had been served before the petition was filed, and ELITE did not join in the petition or file its written consent with the Court within 30 days. An attorney's allegation of consent by a co-defendant is insufficient. In the 9th Circuit, a private action under 47 U.S.C. § 227 is not a federal question, and a state court has exclusive jurisdiction. ADT has not made a showing that it is more likely than not that the amount in controversy exceeds $75,000, and ADT may not rely on plaintiff's speculation to establish the amount.

## II. BACKGROUND

Plaintiff received two anonymous prerecorded calls to his residential telephone in Santa Clara County. Plaintiff sought to identify the caller and on whose behalf the calls were made. Plaintiff ultimately received documents from SEAN HADLOCK in which he claimed to be a Vice President of Sales for ELITE. The product being offered was a home security system monitored by ADT SECURITY SERVICES, INC. SEAN HADLOCK knew that prerecorded telemarketing was being used.

Plaintiff sent a certified demand letter to ADT and ELITE. Plaintiff used a California address for ELITE that was given to him by ADT. In that letter, reference was made to SEAN HADLOCK being the Vice President of Sales for ELITE. The demand letter also asked for the identity of any ADAD vendor or telemarketing firm.

ELITE did not respond to the certified demand letter. ADT did respond, but with defects. Generally, ADT claimed that ELITE owed it indemnity. ADT did not terminate ELITE's contract.

Neither ADT nor ELITE disputed that SEAN HADLOCK was the Vice President of Sales for ELITE.

Neither ADT nor ELITE identified any outside telemarketing firm.

Plaintiff filed suit in Superior Court of California. The complaint seeks injunctive relief, $15,000 in trebled TCPA statutory damages, and unspecified punitive/exemplary damages.

Plaintiff had ADT served by certified mail to John Koch. The summons and complaint were mailed on January 17. Plaintiff also served a reservation of damages for $180,000. Despite ADT counsel's claim to January 25 [Notice of Removal, 2:24], the return receipt was postmarked January 24, 2008.

Plaintiff had ELITE served by certified mail to MICHAEL BIRCHALL, the agent for service in Utah corporation records. The summons and complaint for ELITE were also mailed January 17. Despite ADT counsel's claim that, "Upon information and belief, Elite has not been served" [Notice of Removal, 2:4], MICHAEL BIRCHALL signed the return receipt on January 22, 2008. [Proof of Service on ELITE.]

In a telephone call between plaintiff and MICHAEL BIRCHALL on February 18, 2008 (after ELITE was served), BIRCHALL first claimed that HADLOCK was not a Vice President of Sales or an employee of ELITE. BIRCHALL stated that HADLOCK's younger brother worked at ELITE. He stated that HADLOCK ran a company, HADHAUS MARKETING, INC. ("HADHAUS"), and that ELITE had contracted with HADHAUS to do the marketing. BIRCHALL further stated that HADLOCK was dealing with another person, SEAN MCCRACKEN (spelling not certain, possibly SHAWN MCCRAKEN or SHAUN MCCRAKEN), about the prerecorded telemarketing. BIRCHALL stated that the prerecorded calling was actually done from Mission Viejo, CA. Consequently, a DOE defendant could reasonably destroy diversity. Those facts were unknown to the defendant until after filing the lawsuit.

During the call, BIRCHALL also told plaintiff that he had just mailed several details about the case to ADT. On information and belief, ADT knew or should have known that ELITE had been served and about HADHAUS, MCCRACKEN, and Mission Viejo, CA.

ADT filed its petition for removal on February 22, 2008. ADT did not file the Notice of Removal with the state court until February 29, 2008.

Plaintiff requested the Clerk enter the default of ADT for failure to respond to the suit. After plaintiff filed his request, ADT submitted an answer. The Clerk declined the default.

## III. LEGAL STANDARD

While 28 U.S.C. § 1441 provides that some actions filed in state court may be removed to federal district court, "[t]he removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute."

*California ex rel. Lockyer v. Dynegy, Inc.*(9th Cir. 2004) 375 F.3d 831, 838, *amended*, 387 F.3d 966 (9th Cir. 2004), *cert. denied*, 544 U.S. 974 (2005) (citation omitted).

The Ninth Circuit applies a "'strong presumption' against removal jurisdiction." [*Gaus v. Miles, Inc.*(9th Cir. 1992) 980 F.2d 564, 566 (citations omitted).] Furthermore, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* (citation omitted).

A federal court is presumptively without jurisdiction over civil actions. (*Kokkonen v Guardian Life Insurance* (1994) 511 U.S. 375, 377.)

The removing defendant has the burden of establishing the grounds for federal jurisdiction and that it has complied with the procedural requirements for removal. [*California ex rel Lockyer v. Dynegy, Inc.* (9th Cir. 2004) 375 F.3d 831, 838; *Miller v. Diamond Shamrock Co.* (5th Cir. 2001) 275 F.3d 414, 417.]

The authority for a motion to remand is at 28 U.S.C. § 1447(c). The party filing the motion has 30 days to attack procedural defects. Plaintiff filed this motion within that time.

## IV.   THE REMOVAL IS PROCEDURALLY DEFECTIVE

### A. The Time to Remove had Expired

The time to remove is explicit. "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based...." (28 U.S.C. § 1446(b).) The statute clearly states "receipt by the defendant"; it does not require the service to be complete. The receipt by ELITE is established by the return receipt MICHAEL BIRCHALL signed for ELITE on January 22, 2008. [Proof of

Service of Summons on ELITE.] Consequently, ELITE received the initial pleading on January 22, and ELITE or any other defendant had until February 21, 2008 to remove the action to federal court.

No removal was done during that time frame. ELITE had waived removal. ADT's removal on February 22, 2008, is untimely. Removal must be done within 30 days after the first defendant receives the summons and complaint. (*Federal Civil Procedure before Trial*, Rutter Group, [2:591]; *United Computer Systems, Inc. v. AT&T* (9th Cir. 2002) 298 F.3d 756, 762.)

*Murphy Bros., Inc. v. Micheti Pipe Stringing, Inc.* (1999) 526 US 344, 354, held that the receipt outside of service did not start the 30 day clock; the 30 day clock did not start until a defendant had been served. *Murphy* analyzed how the removal clock worked under four different scenarios, and it considered the intent of the statute was to give the defendant 30 days in which to act after he had received both summons and complaint (full knowledge of the case against him). *Murphy* wanted to avoid a situation where a defendant must remove a case even before he has been served. Of the four service scenarios considered, Murphy did not address the situation where defendant receives summons and complaint <u>through service</u> but service is not perfected until a few days later. It did state, "Accordingly, we hold that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint." [Id, 347-8.] *Murphy* was concerned with the meaning of "or otherwise" (i.e., outside of service). The intent of Congress was to give the defendant 30 days to decide. ELITE had its 30 days.

### B. The Other Defendants did not join in the Petition

ADT has played fast and loose with the removal petition. ADT did not get the consent of ELITE or HADLOCK. The failure to get consent dooms the petition. The defect is fatal because 30 days have passed since ELITE was served, so the failure cannot be cured.

"[T]he usual rule is that all defendants in an action in a state court must join in a petition for removal". (*United Computer Systems v AT&T* (9th Cir. 2002) 29 F.3d 756, --; also *Hewitt v. City of Stanton* (9th Cir. 1986) 798 F.2d 1230, 1232; *Doe v. Kenwood* (5th Cir. 1992) 969 F.2d 165, 167.)

The Notice of Removal apparently tries to sidestep this issue by claiming that neither ELITE nor HADLOCK had been served:

> The law is clear that under 28 U.S.C. 1446(b) that a petition for removal must be filed within thirty days after service of summons upon the defendant. Where multiple defendants are involved, the thirty day period begins to run as soon as the first defendant is served so long as the case is then removable. *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1262-63 (5th Cir. 1988). As a general rule, all served defendants must join in the petition for removal no later than thirty days from the day on which the first defendant was served. *Getty Oil Corp.*, 841 F.2d at 1263; *Tri-Cities Newspapers, Inc. v. Tri-Cities Pressmen and Assistants' Local 349*, 427 F.2d 325, 327 (5th Cir. 1970). This rule is subject to three well-recognized exceptions. All defendants need not join in the petition for removal within the thirty day time period if: (1) the non-joining defendant has not been served with service of process at the time the removal petition is filed; *fn3" (2) the non-joining defendant is merely a nominal or formal party; *fn4" or (3) the removed claim is a separate and independent claim under 28 U.S.C. § 1441(c). See *Albonetti v. GAF Corp. -- Chemical Group*, 520 F. Supp. 825 (S.D. Tex. 1981); *Courtney v. Benedetto*, 627 F. Supp. 523, 526 (M.D. La. 1986). If none of the three exceptions apply, all named defendants must join in the notice of removal or consent to such action before the thirty day period has elapsed. Failure to do so is a waivable, non-jurisdictional defect. *fn5" *Intercoastal Refining Co., Inc. v. Jalil*, 487 F. Supp. 606, 608 (S.D. Tex. 1980), citing *Robertson v. Ball*, 534 F.2d 63 (5th Cir. 1976). [*Moody v. Commercial Ins. Co.* (N.D.Tex. 1990) 753 F. Supp. 198]

1    However, the exception about service does not help ADT. ELITE had been served prior
2 to filing the petition.

> When fewer than all defendants have joined the notice of removal, the burden is
> on the removing defendants to explain the absence of the other defendants. [*Prize
> Frize, Inc. v. Matrix (U.S.) Inc.* (9th Cir. 1999) 167 F.3d 1261, 1266 – absent such
> explanation, removal notice is "facially deficient" and defect must be cured within
> 30 days to avoid remand]. [Rutter Group, *Federal Civil Procedure before Trial*,
> 2:973]

ADT needed to obtain ELITE's timely consent, but ADT did not and now cannot.

### C. ADT's Allegation of Consent is Insufficient

ELITE has not formally joined the petition or filed its consent.

The Petition alleges, "based on information and belief, it is Counsel for Defendant's understanding that Elite consents or otherwise is unopposed to the removal of this action to federal court." [Notice of Removal, 2:21-23.] That statement sounds more like speculation about ELITE's reaction to removal. In addition, neither attorney of record signed the Petition making this allegation. The signature on the Notice of Removal is neither Patrick A. Long's nor Abraham H. Tang's. The signature appears to be "Connie L. Bensen for". The attorney of record's signature is required. (F.R.C.P. 11(a).)

Furthermore, an attorney's unsupported allegation that a co-defendant consents to the removal is inadequate.

> The question raised in the present case is whether unsupported allegations in the
> defendants' notice of removal relating to a co-defendant's assent to the removal is
> sufficient to properly join all defendants in the removal action. In a case involving
> similar issues, the Fifth Circuit Court of Appeals in *Getty Oil Corp.* reasoned that
> consent to removal "does not mean that each defendant must sign the original
> petition for removal, but there must be some timely filed written indication from
> each served defendant, or from some person or entity purporting to formally act
> on its behalf in this respect and have authority to do so, that it has actually
> consented to such action." *Getty Oil Corp.*, 841 F.2d at p. 1262 n. 11. "Otherwise,

there would be nothing in the record to 'bind' the allegedly consenting defendant." *Id.* Further, where all defendants do not sign the removal petition, the petition must set forth a reason for not including all defendants. *Courtney v. Benedetto*, 627 F. Supp. at 526. [*Moody v. Commercial Ins. Co.* (N.D.Tex. 1990) 753 F. Supp. 198]

We also have:

In *Martin Oil Company v. Philadelphia Life Insurance Company*, 827 F. Supp. 1236 (N.D.W.V. 1993), one defendant filed a notice of removal which represented that the other defendant "concurs with and joins in the decision of defendant PLI to remove this civil action from state court to federal court." The court found that such an averment by counsel was not sufficient, and that the defect could not be cured after the 30-day removal period had passed. *Id.* at 1237-1238. "It has been recognized that 28 U.S.C. § 1446 'requires all defendants, individually, or through their counsel, to voice their consent before the court, not through another party's attorney.'" *Id.* at 1238 quoting *Creekmore v. Food Lion, Inc.*, 797 F. Supp. 505, 509 (E.D. Va. 1992). "'To allow one party, through counsel, to bind or represent the position of other parties without their express consent to be so bound would have serious adverse repercussions, not only in removal situations but in any incident of litigation.'" Id. quoting *Creekmore*, 797 F. Supp. at 509. After a thorough discussion, the court found that it is insufficient for a defendant who has not signed the removal petition to merely advise the removing defendant that it consents to removal and that the removing defendant may represent such consent to the court on its behalf. *Id.* at 1239. "Rather, the non-signing defendant must voice such consent directly to the Court by filing a separate pleading which expresses consent to join." *Id.* [*Moore v. Federal Insurance Co.*, No. 06-0230-CV-W-REL (W.D. Mo. 2006)]

Also:

In *Godman v. Sears, Roebuck, and Co.*, 588 F. Supp. 121 (E.D. Mich. 1984), the removal petition stated, "That upon information and belief as well as conversations with co-defendant counsel, co-defendant Archor Die Cast Division of PPA Industries, Inc., plans to join in this removal within thirty (30) days of the service of process on it." The court held that such an averment was not sufficient, and that Anchor was required to file an official consent or joinder within the statutory time period. Id. at 124. [*Moore v. Federal Insurance Co.*, No. 06-0230-CV-W-REL (W.D. Mo. 2006)]

ELITE did not formally join in the petition, and ELITE has not filed its consent with the Court. That ADT was mistaken about service on ELITE does not save its petition; the clock was ticking. Plaintiff does not waive the defect.

8

Even if we start the 30 day clock on the service perfected date of January 27, 2008 (following the dicta of *Murphy*), ELITE had not filed its consent to removal with the court by February 26, 2008. Under California Code of Civil Procedure § 415.40, service by certified mail return receipt requested is perfected 10 days after mailing. The service documents were mailed January 17, 2008. [Proof of Service of Summons on ADT and ELITE.] ELITE has waived consent for removal.

### D. The Removal was Defective

Moreover, the Notice of Removal was not promptly filed with the state court. (28 U.S.C. § 1446(d).) It was filed 7 days after the Petition was filed.

ADT may not claim that it doesn't know how to reach the other defendants. The Telemarketing Sales Rule (16 C.F.R. § 310, "TSR") has recordkeeping requirements. At § 310.5(a)(4), the TSR requires that sellers and telemarketers keep records of the "name, any fictitious name used, the last known home address and telephone number" of individuals involved in telemarketing. ADT should now how to contact both ELITE and HADLOCK.

The bottom line is ADT slept on its rights. By its own (faulty) admission, it received the pleadings on January 25, 2008. ADT had 27 days to file its Notice of Removal. Instead promptly filing, ADT dallied even though ADT knew there were other defendants. ADT could have avoided some procedural defects by filing sooner and getting the other defendants to join in the motion. Instead, it gambled.

## V.   THERE IS NO FEDERAL QUESTION

There is no federal question (28 U.S.C. § 1331, civil actions arising under laws of the United States) in a 47 U.S.C. § 227 (TCPA) private action. "Except as otherwise expressly

9

provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction" may be removed. (28 U.S.C. § 1441(a).) The problem is, Congress expressly provided that TCPA private actions may not be brought in federal district court (an action by a state must be brought in federal court). [47 U.S.C. § 227(b)(3) and (c)(5); compare to (f).] Consequently, a TCPA private action does not have original jurisdiction in federal court.

It is well settled that Congress did not want private TCPA actions in federal court. The TCPA vests exclusive jurisdiction in state courts. (*Murphey v. Lanier* (9th Cir. 2000) 204 F.3d 911, 913; *Nicholson v. Hooters* (11th Cir. 1998) 136 F.3d 1287, 1288-1289; *International Science &Technology v Inacom* (4th Cir 1997) 106 F.3d 1146, 1152.) Congress did not want private suits tying up the federal courts[1].

Plaintiff asserts that Congressional intent is analogous to those situations where Congress has made an administrative remedy the sole and exclusive remedy for a federal claim. (*Weinberger v Salfi* (1975) 422 U.S. 749, 757.) There are actions that Congress does not want in its courts, and the TCPA is one of them.

Although plaintiff has other causes of actions, the thrust of those actions parallel the TCPA. The second cause of action (CLRA) is about prerecorded telemarketing; the CLRA remedies are in addition to any other statue. It would be an absurd result if Congress excluded private federal telemarketing cases from federal court, but then federal court had to entertain an analogous state action in federal court. The Third and Fourth Causes of Action are for injunctions only (not damages), so the court has discretion to remand them.

---

[1] Congress even granted states the right to exclude TCPA actions from state courts.

## VI. **DIVERSITY**

ADT also lays claim to diversity jurisdiction (28 U.S.C. § 1332). Plaintiff, having learned new information from ELITE, believes diversity will collapse with the naming of a defendant in Mission Viejo, CA. However, for the present, diversity jurisdiction fails under exclusive jurisdiction and/or amount in controversy.

### E. Exclusive Jurisdiction

The Rutter Group, *Federal Civil Procedure before Trial*, [2:51 et seq] discusses cases with exclusive state court jurisdiction and addresses TCPA actions. The following sections of that reference show that there is unsettled authority whether the TCPA vests exclusive jurisdiction in state courts with respect to diversity and removal. *Murphey v Lanier* (9th Cir. 2000) 204 F.3d 911, 915, holds that state courts have exclusive jurisdiction for TCPA claims. Contra authority is cited as *Gottlieb v Carnival* (2nd Cir. 2006) 436 F.3d 335, 341, stating the TCPA bars federal question jurisdiction but not diversity jurisdiction; *Brill v Countrywide Home Loans* (7th Cir. 2005) 427 F.3d 446, 451, stating the TCPA does not grant exclusive jurisdiction to state court.

Given the Ninth Circuit's strong presumption against removal (*California ex rel Lockyer, supra*) and *Murphey v Lanier, supra*, this Court should remand.

### F. Amount in Controversy

Not only must the removing parties be diverse, they must also show that the amount in controversy exceeds $75,000. [*California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838, stating that the burden is on the party seeking federal jurisdiction.] ADT has not met its burden. Pointing to a paper that should not be filed should not be enough. ADT needs to establish that

the amount is reasonable. ADT needs to show that it is more likely than not that a judgment for plaintiff would exceed $75,000.

On the face of the complaint, plaintiff has prayed for $5,000 in TCPA statutory damages and asked that the amount be trebled to $15,000. (Complaint, 13:21.) That is the only stated damage amount in the complaint. Plaintiff further prays for punitive and exemplary damages according to proof. An amount for those damages is not stated in the complaint.

ADT claims the amount in controversy is $180,000. ADT gets that figure from plaintiff's reservation of damages in a Statement of Damages (Notice of Removal, Exhibit A, Statement of Damages, Form CIV-050). That amount is speculative. The Statement of Damages is not a pleading and only comes into play if ADT does not respond to the suit. On its face, the document states "DO NOT FILE WITH THE COURT UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT" [emphasis in original]. If ADT responds to the suit, then the reservation is meaningless. In California, a suit for punitive/exemplary damages may not state an amount in complaint. The plaintiff must give the defendant notice of an upper limit to be sought in a default, or the defendant forgoes any punitive/exemplary damage award. That is all the reservation does. If the defendant defaults, then the plaintiff must prove-up his case and punitive damages. In particular, the plaintiff cannot use the reserved amount as an admitted punitive damage value.

In cases where the complaint is silent or unclear as to the amount of damages sought by plaintiff, the defendant "bears the burden of actually proving" that the amount in controversy exceeds $75,000. [*Gaus v. Miles, Inc.* (9th Cir. 1992) 980 F.2d 564, 567; *White v FCI USA, Inc.* (5th cir. 2003) 319 F.3d 672, 674.]

Furthermore, ADT does not believe it is subject to $180,000 in punitive damages. In its answer, ADT believes such damages would be unconstitutional. [ADT Answer, page 18, Seventh Defense.] It is clear that ADT does not consider this amount is "reasonable" (see *infra*), so ADT should not rely on it to show diversty jurisdiction.

Plaintiff is not seeking diversity standing in federal court; ADT is doing that. It is ADT's burden to establish the amount in controversy by a preponderance of the evidence. A plaintiff can be penalized if he brings a diversity action in federal court that does not exceed $75,000. [28 U.S.C. § 1332(b).] A removing defendant should confront the same burden.

The defendant must prove the existence of the jurisdictional amount by a preponderance of the evidence. [*Sanchez v Monumental Life Ins. Co.* (9th Cir. 1996) 95 F.3d 856, 860.] "Accordingly, we hold that in cases where a plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing that it is "more likely than not" that the amount in controversy exceeds that amount." [*Id* at 862.]

We also have *Valdez v Allstate Insurance Company* (9th Cir. 2004) 372 F.3d 1115, ¶ 8.

> At oral argument, Allstate expressed frustration that Arizona's rules of civil procedure bar plaintiffs from stating a "dollar amount or figure for damages" when "pursuing a claim other than for a sum certain or for a sum which can by computation be made certain." Ariz. R. Civ. P. 8(g). This rule, Allstate posited, hinders a defendant's ability to remove statelaw actions from Arizona courts. We are not unsympathetic, but we reiterate that the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 375-77 (9th Cir.1997) (considering a similar California provision prohibiting certain plaintiffs from demanding a specific dollar sum in the complaint); *Gaus*, 980 F.2d at 566-67 (considering a Nevada provision requiring a non-specific demand for damages "in excess of $10,000" where plaintiff seeks any such amount). Nor does it present an insurmountable obstacle to quantify the amount at stake when intangible harm is alleged; the parties need not predict the trier of fact's eventual award with one hundred percent accuracy. *See, e.g., Singer,* 116 F.3d at 377. Instead, "[a]lthough we have not addressed the types of evidence defendants may rely upon to satisfy the preponderance of the evidence test for jurisdiction, we have endorsed the Fifth

Circuit's practice of considering facts presented in the removal petition as well as any `summary-judgement-type evidence relevant to the amount in controversy at the time of removal.'" *Matheson*, 319 F.3d at 1090, quoting *Singer*, 116 F.3d at 377; see, e.g., *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir.2002) (per curiam) ("A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim."); *Singer*, 116 F.3d at 376-77 (holding that a judicial admission may establish the amount in controversy).

The trebled demand on the complaint is only $15,000. Consequently, it is defendant's burden to establish jurisdiction. Defendant can certainly use plaintiff's reservation of damages as evidence, but it should at least show that amount is reasonable rather than speculative. Moreover, it should not claim that the amount is reasonable in the petition and unreasonable in the answer.

## VII.  ATTORNEY'S FEES AND COSTS

When the defendant is made aware that he has failed to establish grounds for removal, and then refuses to consent to remand, an award of attorneys' fees to the plaintiff is warranted. See *Sonoma Falls Developers. LLC v. Nevada Gold & Casinos, Inc.* (N.D. Cal.2003) 272 F. Supp. 2d 919, 927 (award of attorneys' fees to plaintiff was appropriate where plaintiff had provided defendants with legal authority indicating a lack of subject matter jurisdiction).

## VIII.  CONCLUSION

Plaintiff prays for remand.

Respectfully submitted,

Dated: March 13, 2008

*Gerald Roylance*
Gerald Roylance