William D. Chapman, Esq., SBN 100535
Robert J. Hadlock, Esq., SBN 174522
SMITH, CHAPMAN & CAMPBELL
A Professional Law Corporation
1800 North Broadway, Suite 200
Santa Ana, CA 92706
Tel: (714) 550-7720 / Fax: (714) 550-1251

Attorneys for SEAN HADLOCK, Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD ROYLANCE,<br><br>    Plaintiff,<br><br>vs.<br><br>ADT SECURITY SERVICES, INC.,<br>ELITESECURITY.US, LLC,<br>SEAN HADLOCK,<br>DOES 1-200<br><br>    Defendants. | Case No. 5:08 CV-01101 JF RS<br><br>**DEFENDANT SEAN HADLOCK'S OPPOSITION TO PLAINTIFF'S REQUEST TO ENTER DEFAULT; DECLARATION OF ROBERT J. HADLOCK** |

## I.  INTRODUCTION

Plaintiff, GERALD ROYLANCE, has filed a request to enter default against Defendant SEAN HADLOCK, based on an alleged failure to timely file an answer. Defendant Hadlock opposes this request on the grounds that he was never served with a notice of removal of the action to federal court, and never even informally learned of the removal until just before the deadline for filing an answer passed. Given the much more stringent pleading requirements in federal court, as opposed to California state court, Mr. Hadlock was put in a position where he has had to draft a new answer "from scratch." Furthermore, Plaintiff never provided Mr. Hadlock with notice of the instant request for default; his counsel learned of it from co-defendants' counsel. The Court should not condone such "litigation by ambush" as attempted by Plaintiff here. Mr. Hadlock therefore respectfully requests that the Court deny Plaintiff's request and allow Mr. Hadlock to answer.

1  II.    **PLAINTIFF HAS NEVER SERVED A NOTICE OF REMOVAL ON DEFENDANT
2  HADLOCK; THIS IS GROUNDS FOR DENYING PLAINTIFF'S REQUEST FOR DEFAULT**

3  A motion for relief from default may be granted where defendant (*even if he or she had actual
4  notice*) demonstrates defects in the service of process. [Carimi v. Royal Caribbean Cruise Line, Inc.
5  (5th Cir. 1992) 959 F2d 1344, 1345; see SEC v. Internet Solutions for Business Inc. (9th Cir. 2007)
6  509 F3d 1161, 1165–1166]. Wright, Miller & Cooper, *CAL PRAC. GUIDE: FED. CIV. PRO.
7  BEFORE TRIAL,* §6:181 (The Rutter Group 2007, emphasis added). Defendant Hadlock was *never*
8  served in any manner with the removal documents. (Robert Hadlock Decl., ¶4.) That alone mandates
9  that the Court deny Plaintiff's request for default.

10  Furthermore, Mr. Hadlock's counsel sent a letter to Plaintiff on or about March 10, 2008
11  attempting to resolve the matter informally. (Robert Hadlock Decl., ¶3.) That was more than two
12  weeks after Defendant ADT had removed the action, unbeknownst at that time to Mr. Hadlock and
13  his counsel. (See Id., ¶4.) Plaintiff knew Plaintiff's counsel's address and telephone number, yet
14  failed to serve any notice of the removal on him *at any time*. (Id.)

15  Instead of providing Mr. Hadlock with notice of the removal, as Plaintiff admits, he waited
16  until *one day after* the California statutory deadline would have passed to contact Mr. Hadlock's
17  counsel. Mr. Hadlock does not dispute that Plaintiff telephoned his counsel and asked if he had filed
18  an answer, which Mr. Hadlock had not yet done. However, Plaintiff failed to mention that when Mr.
19  Hadlock's counsel was contacted by Plaintiff, Plaintiff asked Mr. Hadlock's counsel if he intended
20  to file an answer, and informed Mr. Hadlock's counsel he intended to challenge the removal. (Robert
21  Hadlock Decl., ¶5.) When Mr. Hadlock's counsel asked for an extension to answer until this issue
22  was resolved, Plaintiff flatly refused. (Id.) Hadlock's counsel then advised Plaintiff he would file an
23  answer. (Id.) Instead of giving Mr. Hadlock's counsel any chance to draft and file an answer, Plaintiff
24  filed the instant request to enter default *the very next day*, which he also failed to serve on Mr.
25  Hadlock. (Id., ¶6.)

26  Under the above circumstances, both the law and fundamental fairness dictate that Mr.
27  Hadlock must be granted relief from any default and be permitted to file an answer.
28  ///

## IV. CONCLUSION

After Plaintiff has engaged in a type of "shell game" with Defendant Hadlock, by refusing to provide him with any notice of the removal, waiting to respond to the letter from Mr. Hadlock's counsel until one day after the California deadline to file an answer, simply asking Mr. Hadlock's counsel if he intended to file an answer but providing no notice of any intent to file the instant request to enter default, Plaintiff then rushed to the courthouse and filed the instant request. The request is neither legally supported, nor is it fair or just in any way to Mr. Hadlock. Mr. Hadlock therefore respectfully reiterates his request that the Court deny Plaintiff's request and allow Mr. Hadlock to file his answer.

DATED: April 8, 2008

SMITH, CHAPMAN & CAMPBELL
A Professional Law Corporation

_____
William D. Chapman, Attorneys for Defendant,
SEAN HADLOCK

**DECLARATION OF ROBERT HADLOCK**

I, Robert J. Hadlock, declare as follows:

1. I am an attorney licensed to practice before the courts of the State of California, both federal and state, and am a member of the law firm of Smith, Chapman & Campbell, attorneys for Defendant, SEAN HADLOCK, in the above-captioned action. I have personal knowledge of the facts hereinafter stated and, if called as a witness, could competently testify thereto.

2. Our firm was retained by Mr. Hadlock sometime shortly after he was served with the summons and complaint in the instant matter in late February 2008. The summons and complaint indicated that the jurisdiction was the California Superior Court.

3. On or about March 10, 2008, I wrote a letter to Plaintiff in an attempt to resolve the issue without resorting to further litigation. Our intention was to wait for Plaintiff's reply before filing an answer to the complaint.

4. We never heard anything from Plaintiff in response to our letter before the telephone call he refers to in his request for default, which occurred on April 3, 2008, one day after the deadline would have passed for filing an answer in state court. However, in the interim, almost by accident, I had just recently discovered information indicating that the matter had been removed to federal court. I therefore assumed filing an answer in state court would be a futile act. However, Plaintiff never provided us or our client with any notice of that removal, despite having both of our addresses and the firm's telephone number. Nor did we ever receive a formal notice from anybody else.

5. During our April 3, 2008 conversation, when I told Plaintiff that I had heard the action had been removed, he acknowledged that fact, but then told me he intended to challenge the removal. Because of the vastly differing standards for filing an answer in federal court as opposed to California state court, I asked Plaintiff if he would be willing to grant an extension for filing our answer until the jurisdictional dispute was resolved. He refused. I then advised him that we would file an answer shortly.

6. Plaintiff never notified me of any intention to seek the instant request for default; nor did he serve us with the request. I had to learn of the request from counsel for co-defendants.

///

1  I declare under penalty of perjury under the laws of the United States of America that the
2  foregoing is true and correct. Executed on April 8, 2008 at Santa Ana, California.

*[signature]*

Robert J. Hadlock

**PROOF OF SERVICE**
(1013A, 2015.5 C.C.P.)

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

    I am employed in the county of Orange State of California. I am over the age of 18 and not a party to the within action; my business address is **1800 North Broadway, Suite 200, Santa Ana, CA 92706**

    On April 8, 2008, I served the foregoing document described as DEFENDANT SEAN HADLOCK'S OPPOSITION TO PLAINTIFF'S REQUEST TO ENTER DEFAULT; DECLARATION OF ROBERT J. HADLOCK on the interested parties in this action.

[x]    by placing the true copies thereof enclosed in sealed envelopes addressed to:

| | |
|---|---|
| GERALD L. ROYLANCE<br>1168 Blackfield Way<br>Mountain View, CA 94040-2305<br><br>Michael G. Dini<br>P.O. Box 709<br>Tustin,, CA 93581-0709 | Patrick Long, Esq.<br>400 North Tustin Avenue, #370<br>Santa Ana, CA 92705 |

[ ]    by placing the original thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:
[ ]    (BY PERSONAL SERVICE)
    I caused for personal delivery of envelope by hand.
[x]    (BY MAIL)
    [_]    I deposited such envelopes in the mail at Santa Ana, California. The envelopes were mailed with postage thereon fully prepaid.
    [x]    I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]    (BY FACSIMILE and/or EMAIL) I sent such document via facsimile or machine to each person on the attached mailing list. The facsimile machine I used complied with Rule 2003, and the transmission was reported as complete and without error on **April 8, 2008** before 5:00 p.m.

[ ]    (BY OVERNIGHT COURIER)
    **I deposited such document into a Federal Express Drop Box in Santa Ana, California before the pick up cutoff time of 4:45 for delivery the next business day to the addressee(s) listed above.**

**[X] By ELECTRONIC FILE TRANSER TO ECF FILE & SERVE:** By transmitting a true copy of the document(s) listed above for service on all parties in this case pursuant to applicable statutes, local rules and/or order of the Court.

    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Date: April 8, 2008



Dolores Cerecedes