William D. Chapman, Esq., SBN 100535
Robert J. Hadlock, Esq., SBN 174522
SMITH, CHAPMAN & CAMPBELL
A Professional Law Corporation
1800 North Broadway, Suite 200
Santa Ana, CA 92706
Tel: (714) 550-7720 / Fax: (714) 550-1251

Attorneys for SEAN HADLOCK, Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD ROYLANCE, | Case No. 5:08 CV-01101 JF RS |
| Plaintiff, | **DEFENDANT SEAN HADLOCK'S ANSWER TO THE COMPLAINT** |
| vs. | |
| ADT SECURITY SERVICES, INC., ELITESECURITY.US, LLC, SEAN HADLOCK, DOES 1-200 | |
| Defendants. | |

Defendant SEAN HADLOCK ("Hadlock") hereby appears, and on behalf of himself, and no others, answers Plaintiff's complaint as follows.

## IDENTIFICATION

1.  Defendant Hadlock lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

2.  Defendant Hadlock lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

///
///

3.     Defendant Hadlock lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

4.     Defendant Hadlock lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

5.     Defendant Hadlock lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

6.     Defendant Hadlock admits MICHAEL DAVID BURCHALL is an individual. He lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph, and on that basis denies each and every remaining allegation contained therein.

7.     Defendant Hadlock lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

8.     Defendant Hadlock admits he is an individual. He denies each and every remaining allegation contained in this paragraph.

9.     Defendant Hadlock lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

**DECLARATION OF VENUE**

10.    Defendant Hadlock lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

11.    Defendant Hadlock lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

## FACTS COMMON TO ALL CAUSES OF ACTION

### *1    Plaintiff'S Relation to Defendants*

12. Defendant Hadlock lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

13. Defendant Hadlock admits he does not have a business relationship with Plaintiff. He lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph, and on that basis denies each and every remaining allegation contained therein.

14. Defendant Hadlock admits Plaintiff has not given him personally permission to transmit prerecorded messages to Plaintiff's telephone. He lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph, and on that basis denies each and every remaining allegation contained therein.

15. Defendant Hadlock admits he does not have a business relationship with Plaintiff. He lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph, and on that basis denies each and every remaining allegation contained therein.

### *2    The Business*

16. Defendant Hadlock admits he assisted ADT and ELITE in marketing and selling residential alarm systems and services. He lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph, and on that basis denies each and every remaining allegation contained therein.

17. Defendant Hadlock admits he used a telephone to assist ADT and ELITE in marketing and selling residential alarm systems and services. He lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph, and on that basis denies each and every remaining allegation contained therein.

///
///

18. Defendant Hadlock lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

19. Defendant Hadlock lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

20. Defendant Hadlock lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

21. Defendant Hadlock lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

### 3  *Prerecorded Call to Plaintiff on March 27, 2007*

22. Defendant Hadlock lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

23. Defendant Hadlock lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

24. Defendant Hadlock lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

25. Defendant Hadlock lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

26. Defendant Hadlock lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

*4    Prerecorded Call to Plaintiff on March 27, 2007 (sic)*

27.    Defendant Hadlock lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

28.    Defendant Hadlock lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

29.    Defendant Hadlock lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

30.    Defendant Hadlock lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

31.    Defendant Hadlock lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

32.    Defendant Hadlock lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

33.    Defendant Hadlock admits Plaintiff continued to show interest in the product in order to learn the identity of the company. He lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph, and on that basis denies each and every remaining allegation contained therein.

34.    Defendant Hadlock lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

///

///

DEFENDANT SEAN HADLOCK'S ANSWER TO PLAINTIFF'S COMPLAINT

35. Defendant Hadlock lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

36. Defendant Hadlock lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

37. Defendant Hadlock admits he called Plaintiff on or about April 16, 2007 and gave his telephone number as 888-729-3548, and denies each and every remaining allegation contained in this paragraph.

38. Defendant Hadlock lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

39. Defendant Hadlock admits the papers sent to Plaintiff at Plaintiff's request included a document titled "NOTICE OF CANCELLATION," and that the papers were signed by SEAN HADLOCK. He denies each and every remaining allegation contained therein.

40. Defendant Hadlock admits Plaintiff DENIES there was a transaction.

41. Defendant Hadlock denies there was ever a contract between Plaintiff and any other Defendant.

42. Defendant Hadlock lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

43. Defendant Hadlock lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

44. Defendant Hadlock lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

///

45. Defendant Hadlock lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

46. Defendant Hadlock lacks sufficient knowledge or information to form a belief as to the truth of the allegation regarding the date of the alleged telephone call contained in this paragraph, and on that basis denies this allegation. Defendant Hadlock denies each and every remaining allegation contained therein.

47. Defendant Hadlock denies each and every allegation contained in this paragraph.

48. Defendant Hadlock denies each and every allegation contained in this paragraph.

49. Defendant Hadlock lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

50. Defendant Hadlock lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

51. Defendant Hadlock lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

52. Defendant Hadlock lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

53. Defendant Hadlock lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

54. Defendant Hadlock lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

///

1  55. Defendant Hadlock lacks sufficient knowledge or information to form a belief as to the
2  truth of the allegations contained in this paragraph, and on that basis denies each and every allegation
3  contained therein.
4  56. Defendant Hadlock lacks sufficient knowledge or information to form a belief as to the
5  truth of the allegations contained in this paragraph, and on that basis denies each and every allegation
6  contained therein.
7  57. Defendant Hadlock lacks sufficient knowledge or information to form a belief as to the
8  truth of the allegations contained in this paragraph, and on that basis denies each and every allegation
9  contained therein.
10  58. Defendant Hadlock denies each and every allegation contained therein.
11  59. Defendant Hadlock lacks sufficient knowledge or information to form a belief as to
12  the truth of the allegations contained in this paragraph, and on that basis denies each and every
13  allegation contained therein.
14  60. Defendant Hadlock lacks sufficient knowledge or information to form a belief as to
15  the truth of the allegations contained in this paragraph, and on that basis denies each and every
16  allegation contained therein.
17  61. Defendant Hadlock lacks sufficient knowledge or information to form a belief as to
18  the truth of the allegations contained in this paragraph, and on that basis denies each and every
19  allegation contained therein.

20  **FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS**
21  **Violation of the Telephone Consumer Protection Act (TCPA, 47 U.S.C. §227)**

22  62. Defendant Hadlock lacks sufficient knowledge or information to form a belief as to
23  the truth of the allegations contained in this paragraph, and on that basis denies each and every
24  allegation contained therein.
25  63. Defendant Hadlock lacks sufficient knowledge or information to form a belief as to
26  the truth of the allegations contained in this paragraph, and on that basis denies each and every
27  allegation contained therein.
28  64. Defendant Hadlock lacks sufficient knowledge or information to form a belief as to

the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

65.    Defendant Hadlock lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

66.    Defendant Hadlock lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

67.    Defendant Hadlock lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

68.    Defendant Hadlock lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

69.    Defendant Hadlock lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

70.    Defendant Hadlock lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

71.    Defendant Hadlock lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

72.    Defendant Hadlock lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

///
///

73.   Defendant Hadlock denies that he ever received "Plaintiff's demand letter." He lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph, and on that basis denies each and every remaining allegation contained therein.

74.   Defendant Hadlock denies that he knew anyone was making prerecorded solicitations, or that he knew anyone was not identifying themselves, or that he committed any "knowing" or "willful" violation in the language of the TCPA. He lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph, and on that basis denies each and every remaining allegation contained therein.

75.   Defendant Hadlock denies that he committed any violations of the TCPA. He lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph, and on that basis denies each and every remaining allegation contained therein.

76.   Defendant Hadlock denies that he is guilty of oppression, fraud or malice. He lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph, and on that basis denies each and every remaining allegation contained therein.

## SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS

### Violation of the Consumer Legal Remedies Act (CLRA)

77.   Defendant Hadlock lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

78.   Defendant Hadlock lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

79.   Defendant Hadlock lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

80. Defendant Hadlock lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

81. Defendant Hadlock lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

82. Defendant Hadlock lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

83. Defendant Hadlock denies that Plaintiff sent him personally any demand letters at any time. He lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph, and on that basis denies each and every remaining allegation contained therein.

84. Defendant Hadlock denies that Plaintiff provided him personally with any opportunity to commit to any remedy at any time. He lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph, and on that basis denies each and every remaining allegation contained therein.

85. Defendant Hadlock denies that Plaintiff provided him personally with any opportunity to commit to any remedy at any time. He lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph, and on that basis denies each and every remaining allegation contained therein.

86. Defendant Hadlock denies that he is guilty of oppression, fraud or malice. He lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph, and on that basis denies each and every remaining allegation contained therein.

///

///

///

## THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS

**Unfair Business Practices (Business & Professions Code §§ 17200 et seq.)**

87. Defendant Hadlock lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

88. Defendant Hadlock denies that Plaintiff has been injured in any way or lost any money because of Defendant Hadlock's actions. He lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph, and on that basis denies each and every remaining allegation contained therein.

89. Defendant Hadlock denies that he committed any violations of the TCPA. He lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph, and on that basis denies each and every remaining allegation contained therein.

90. Defendant Hadlock denies that he committed any violations of the CLRA. He lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph, and on that basis denies each and every remaining allegation contained therein.

91. Defendant Hadlock denies that he committed any violations of the California Unfair Advertising Practices Act. He lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph, and on that basis denies each and every remaining allegation contained therein.

92. Defendant Hadlock denies that he committed any violations of the Public Utilities Code. He lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph, and on that basis denies each and every remaining allegation contained therein.

93. Defendant Hadlock denies that he committed any violations of any cancellation provisions for home solicitation contracts. He lacks sufficient knowledge or information to form a

///

belief as to the truth of the remaining allegations contained in this paragraph, and on that basis denies each and every remaining allegation contained therein.

### THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS

**Unfair Advertising Practices (Business & Professions Code §§ 17500 et seq.)**

94.  Defendant Hadlock lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

95.  Defendant Hadlock denies that Plaintiff has been injured in any way or lost any money because of Defendant Hadlock's actions. He lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph, and on that basis denies each and every remaining allegation contained therein.

96.  Defendant Hadlock denies that he committed any violations of the California Unfair Advertising Practices Act. He lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph, and on that basis denies each and every remaining allegation contained therein.

97.  Defendant Hadlock denies that he committed any violations of the Telephonic Seller Statute. He lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph, and on that basis denies each and every remaining allegation contained therein.

### AFFIRMATIVE DEFENSES

1.  As a first, separate affirmative defense, Defendant Hadlock alleges that neither this Complaint, nor any of the alleged causes of action therein, state facts sufficient to constitute a cause of action on which relief can be granted against Defendant Hadlock.

2.  As a second, separate affirmative defense, Defendant Hadlock alleges that Plaintiff and/or others were comparatively at fault in and about the matters referred to in said Complaint, and such comparative fault bars and/or diminishes Plaintiff's recovery against Defendant Hadlock.

3.  As a third, separate affirmative defense, Defendant Hadlock alleges that Plaintiff is bound to exercise reasonable care and diligence to avoid loss and to minimize the damages

suffered, and that Plaintiff may not recover for losses that could have been prevented by his reasonable efforts or by expenditures that he might have reasonably made; and that Plaintiff has failed and is failing to mitigate his damages, if there were any damages.

4. As a fourth, separate affirmative defense, Defendant Hadlock alleges that Plaintiff engaged in conduct and activities with respect to the incidents which are the subject of this Complaint and by reason of said activities and conduct is estopped from asserting any claims for damages or seeking any other relief from Defendant Hadlock.

5. As a fifth, separate affirmative defense, Defendant Hadlock alleges that Plaintiff has engaged in conduct and activities sufficient to constitute a consent and waiver of any alleged breach of duty, act, omission, or any other conduct, if any, as set forth in this Complaint.

6. As a sixth, separate affirmative defense, Defendant Hadlock alleges that Plaintiff is barred from bringing an action against Defendant Hadlock by the doctrine of unclean hands.

7. As a seventh, separate affirmative defense, Defendant Hadlock alleges that neither this Complaint, nor any of the alleged causes of action in this Complaint, state facts sufficient to state a claim for punitive damages against Defendant Hadlock.

8. As an eighth, separate affirmative defense, Defendant Hadlock alleges that the acts of others caused the damages, if any, claimed by Plaintiff.

9. As an ninth, separate affirmative defense, Defendant Hadlock reserves the right t raise additional affirmative defenses as relevant facts and circumstances are identified through investigation and discovery.

**WHEREFORE**, Defendant Hadlock prays that Plaintiff take nothing by reason of his Complaint, for judgment against Plaintiff, for attorneys' fees and costs of suit incurred herein and such other and further relief as the Court deems just and proper.

DATED: April 8, 2008

SMITH, CHAPMAN & CAMPBELL
A Professional Law Corporation

William D. Chapman, Attorneys for Defendant, SEAN HADLOCK

**PROOF OF SERVICE**
(1013A, 2015.5 C.C.P.)

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the county of Orange State of California. I am over the age of 18 and not a party to the within action; my business address is **1800 North Broadway, Suite 200, Santa Ana, CA 92706**

On April 8, 2008, I served the foregoing document described as DEFENDANT SEAN HADLOCK'S ANSWER TO THE COMPLAINT on the interested parties in this action.

[x]   by placing the true copies thereof enclosed in sealed envelopes addressed to:

| | |
|---|---|
| GERALD L. ROYLANCE<br>1168 Blackfield Way<br>Mountain View, CA 94040-2305<br>650. 948-1790<br>Plaintiff In Pro Per<br><br>Patrick Long, Esq.<br>Abraham H. Tang, Esq.<br>LONG, WILLIAMSON & DELIS<br>400 North Tustin Avenue, #370<br>Santa Ana, CA 92705<br>714. 668-1400<br>714. 668-1411 (facsimile)<br>Attorneys for Defendant<br>ADT SECURITY SERVICES, INC. | Michael G. Dini, Esq.<br>P.O. Box 709<br>Tustin,, CA 93581-0709<br>Attorney for Defendant<br>ELITESECURITY.US, LLC |

[X]   by placing the original thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:

[ ]   **(BY PERSONAL SERVICE)**
I caused for personal delivery of envelope by hand.

[X]   **(BY MAIL)**
   [X]   I deposited such envelopes in the mail at Santa Ana, California. The envelopes were mailed with postage thereon fully prepaid.
   [ ]   I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]   **(BY OVERNIGHT COURIER)**
I deposited such document into a Federal Express Drop Box in Santa Ana, California before the pick up cutoff time of 4:45 for delivery the next business day to the addressee(s) listed above.

[X] By **ELECTRONIC FILE TRANSER TO ECF FILE & SERVE:** By transmitting a true copy of the document(s) listed above for service on all parties in this case pursuant to applicable statutes, local rules and/or order of the Court.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Date: April 8, 2008

_____
Dolores Cerecedes