Gerald Roylance
1168 Blackfield Way
Mountain View, CA 94040-2305

Phone (650) 948-1790

in pro per

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA (SAN JOSE)**

| | |
|---|---|
| GERALD ROYLANCE,<br><br>     Plaintiff,<br>  vs.<br><br>ADT SECURITY SERVICES, INC.,<br>ELITESECURITY.US, LLC,<br>SEAN HADLOCK,<br>DOES 1-200<br><br>     Defendants. | Case No.: 5:08-CV-01101 JF RS<br><br>REPLY TO SEAN HADLOCK'S OPPOSITION TO HIS ENTRY OF DEFAULT<br><br>Complaint filed:   December 31, 2007<br>Trial Date:           None Set |

## I.   INTRODUCTION

Sean Hadlock opposes the entry of his default. His opposition is inappropriate and untimely. Plaintiff's request for entry of default is not a debate. Hadlock should have answered the complaint on time. The Clerk is required to enter Hadlock's default. (FRCP 55(a), stating "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.") The Clerk has no discretion in this matter. Hadlock failed to plead or otherwise defend in the time allotted, and the Clerk must enter his default.

Hadlock's remedy, if any, is to file a motion for relief from default and plead his failure to respond to a Judge.

1

1  Hadlock's Opposition is unavailing. Hadlock's attorney admits service of process in
2  late February, 2008. (Declaration of Robert Hadlock ¶ 2.) Hadlock's attorney admits not
3  preparing an answer to the complaint. (Id, ¶ 3.) Hadlock's attorney admits knowing about the
4  Notice of Removal. (Id, ¶ 4.) Consequently, Hadlock knew he had to respond, he knew where
5  to respond, and he did not respond.

6
7  There is no substantial difference between the pleading requirements of state and
8  federal court for a verified complaint. In both jurisdictions, Hadlock needed to traverse the
9  entire complaint – a general denial is not permitted. (California Code of Civil Procedure § 446.)

10  There is no "litigation by ambush". Hadlock was not misled by plaintiff. What is the
11  ambush? Plaintiff has no duty to inform defendant that he will take his default.

12
13  Hadlock confuses service of process with service of the Notice of Removal. His
14  citations refer to the failure to properly serve the summons and complaint. Hadlock admits
15  service of process. His citations are not on point. Hadlock does not cite to any authority
16  requiring plaintiff serve him with the Notice. Hadlock wants to eat his cake and have it, too. He
17  wants his knowledge of the Notice to excuse answering in state court, and he wants his ignorance
18  of the Notice to excuse answering in federal court. If Hadlock had attempted to respond in state
19  court, then plaintiff would have no cause to take his default. The problem is Hadlock never
20  responded in either jurisdiction.

21
22  Hadlock admits plaintiff called him the day after a state response was due. (Declaration
23  of Robert Hadlock, ¶ 4.) Hadlock had not prepared an answer for state or federal court.
24  (Declaration of Gerald Roylance, ¶ 5.) Hadlock admitted having a copy of the Notice of
25  Removal to the plaintiff. (Declaration of Gerald Roylance, ¶ 6.) Hadlock does not disagree with

that characterization but uses a vague "information" in the declaration.  (Declaration of Robert Hadlock, ¶ 4.)

Hadlock mischaracterizes the telephone call with plaintiff.  Plaintiff did not ask whether Hadlock intended to file an answer.  (Opposition, 2:17-18.)  That characterization is not supported even in the Declaration of Robert Hadlock.  Plaintiff asked whether Hadlock had prepared an answer for either state or federal court.  (Declaration of Gerald Roylance, ¶ 5.)  Hadlock had not.  Hadlock was not ready to respond to this lawsuit in either jurisdiction.

Hadlock admits that plaintiff did not give an extension.  (Declaration of Robert Hadlock, ¶ 5.)  Hadlock has no excuse for his failure to respond.

## II.    SUBSCRIPTION

Hadlock's Opposition and his Answer are also deficient.  Both documents are signed "Robert Hadlock, Esq. for" William D. Chapman.  FRCP 11 requires pleadings be signed by the lead attorney.  Apparently Robert Hadlock is not a member of this Court's bar.

## III.    CONCLUSION

Plaintiff Gerald Roylance requests that the Clerk enter the default of Defendant Sean Hadlock on the grounds that said Defendant has failed to plead or otherwise defend within the time prescribed by the Federal Rules of Civil Procedure or state requirements.

                                      Respectfully submitted,

Dated: April 8, 2008                         __/s/_____
                                          Gerald Roylance