Richard M. Simses, Esq., (*Pro Hac Vice*)
Paul M. Lavelle, Esq., (*Pro Hac Vice*)
**Abbott, Simses & Kuchler, APLC**
1360 Post Oak Blvd., Suite 1700
Houston, Texas 77056
Telephone: (713) 627-9393

Abraham H. Tang, Esq. State Bar No. 186334
**Long, Williamson & Delis**
400 N. Tustin Avenue, Suite 370
Santa Ana, California 92705
Telephone: (714) 668-1400

Attorneys for Defendant
ADT SECURITY SERVICES, INC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD ROYLANCE,<br><br>Plaintiff,<br><br>v.<br><br>ADT SECURITY SERVICES, et al.<br><br>Defendants. | Case No. 5:08-cv-01101<br><br>**ADT'S RESPONSE TO MOTION TO ENTER ADT'S DEFAULT**<br><br>Judge: Jeremy Fogel<br>Dept.: 3<br><br>Hearing Date: May 9, 2008<br>Time: 9:00 a.m. |

### ADT'S RESPONSE TO MOTION TO ENTER ADT'S DEFAULT

**NOW INTO COURT**, through undersigned counsel, comes Defendant, ADT Security Services (ADT), and responds to the Motion to Enter ADT's Default filed on behalf of Plaintiff Gerald Roylance (Plaintiff) to be heard on May 9, 2008 at 9:00 a.m. in Department 3 as follows:

- 1 –
ADT'S RESPONSE TO MOTION TO ENTER ADT'S DEFAULT - 5:08-cv-01101

## A. INTRODUCTION

Plaintiff, Pro Per Gerald Roylance brought suit against ADT for alleged violations of the Telephone Consumer Protection Act (TCPA), allegedly committed by a third party, unbeknownst to ADT and without control, authorization, or direction from ADT.

On January 25, 2008, Plaintiff served ADT with his Complaint. On February 22, 2008, ADT timely and properly removed the matter to Federal Court.[1] On February 28, 2008, before ADT's time to answer had expired and without notice to ADT, Plaintiff requested a default against ADT. On February 29, 2008 ADT timely filed its answer[2].

## B. ARGUMENT AND AUTHORITIES

**1.   ADT removed this matter to Federal Court timely.**

Pursuant to 28 U.S.C. § 1446(b), the notice of removal of a civil action shall be filed within thirty (30) days after the receipt by the defendant, through service of a copy of the initial pleading. The thirty (30) day time period did not begin to run until January 27, 2008, under Rule 1013(a) of the California Code of Civil Procedure which states that for determining deadlines, the time period is extended ten (10) calendar days if the pleading is mailed outside of the state of California. ADT's principal place of business is located in Florida. Thus, ADT's deadline to file its notice of removal was February 26, 2008. ADT filed its notice of removal on February 22, 2008.

**2.   ADT timely filed its Answer.**

As stated above, ADT timely filed its notice of removal on February 22, 2008. Pursuant to Rule 81(c) of the Federal Rules of Civil Procedure, the answer must be filed five (5) days after the notice of removal is filed. But note, under Rule 6(a)(2) of the Federal Rules of Civil Procedure, if the period for computing time is less than eleven (11) days, Saturdays, Sundays and legal holidays are excluded. Thus, ADT's answer was due on February 29, 2008. ADT filed its answer on February 29, 2008.

---

1   Exhibit 1-ADT's Notice of Removal.
2   Exhibit 2-ADT's Answer.

-2-
ADT'S RESPONSE TO MOTION TO ENTER ADT'S DEFAULT - 5:08-cv-01101

### 3. Plaintiff's request for default is wholly deficient.

As stated above, ADT met all deadlines under the Federal Rules of Civil Procedure. Plaintiff's original request for default was not only premature[3] but procedurally deficient. Lacking from Plaintiff's default judgment was an affidavit establishing the amount of damages Plaintiff claims he is entitled to. Even more ludicrous is that Plaintiff states in his Memorandum of Points and Authorities In Support of Motion to Enter ADT's Default[4] that "although Plaintiff filed the wrong Proof of Service of Summons, that should not doom the request for default."[5] Thus, not only did Plaintiff lack proof of service at the time of filing, but also completely lacking was any proof of alleged damages. Without this information, a default could not be entered despite Plaintiff's claim that he is somehow "entitled" to a default.

While Plaintiff mistakenly claims the court has no discretion in entering his default, default judgments are generally disfavored and cases should whenever *reasonably possible* be decided on the merits.[6] Here in the instant case, it is not only "reasonably possible", but necessary.

### C. CONCLUSION

ADT Security Services has met all deadlines as required by the Federal Rules of Civil Procedure. Further, Plaintiff's request was not only premature, but deficient on its face. For these reasons, ADT requests that this Honorable Court deny Plaintiff's Motion to Enter Default Judgment against ADT.

---

3  Plaintiff filed his request for default on February 28, 2008, one day before ADT's answer was due.
4  Exhibit 3-Plaintiff's Memorandum of Points And Authorities In Support of Motion to Enter ADT's
   Default.
5  Exhibit 3-p. 5 of 8, referring to Plaintiff's mistake of filing Elite's proof of service, rather than ADT.
6  In re Hammer, 940 F.2d 524, 525 (9th Cir. 1991), (quoting *Pena v. Seguros La Commercial*, 770 F.2d 811,
   814 (9th Cir. 1985).

Respectfully submitted,

**ABBOTT, SIMSES & KUCHLER, APLC**

By: __/s/ Paul M. Lavelle_____
Richard M. Simses (*Pro Hac Vice*)
Paul M. Lavelle *(Pro Hac Vice)*

**LONG, WILLIAMSON & DELIS**

By: _____
Abraham H. Tang

Attorneys for Defendant
ADT SECURITY SERVICES, INC.

## PROOF OF SERVICE

I am employed in New Orleans, State of Louisiana and admitted in this matter *pro hac vice*. I am over the age of eighteen and my business address is Abbott, Simses & Kuchler, APLC, 400 Lafayette Street, Suite 200, New Orleans, Louisiana 70130. On April 16, 2008, I served the below-listed documents described as:

### ADT'S RESPONSE TO MOTION TO ENTER DEFAULT JUDGMENT

On the following parties to this action via Hand Delivery, Electronic, or United States Mail:

> Gerald L. Roylance
> 1168 Blackfield Way
> Mountain View, CA 94040-2305
> *Plaintiff in Pro Per*
>
> Michael G. Dini
> Triebsch & Frampton
> 300 N. Palm Street, P.O. Box 709
> Turlock, California 95381-0709
> *Attorney for EliteSecurity.US, LLC*
>
> William D. Chapman
> Rober J. Hadlock
> Smith, Chapman & Campbell
> 1800 North Broadway, Suite 200
> Santa Ana, California 92706
> *Attorneys for Sean Hadlock*

I declare that I am a member of the Bar of Louisiana admitted in this matter *pro hac vice* and that the above is true and correct under penalty of perjury.

Executed on April 16, 2008.

By: ____/s/ Paul M. Lavelle____
Paul M. Lavelle (*pro hac vice*)

Patrick A. Long, Bar No. 48221
Abraham H. Tang, Bar No. 186334
LONG WILLIAMSON & DELIS
400 N. Tustin Ave., Ste. 370
Santa Ana, California 92707
(714) 668-1400
(714) 668-1411 (fax)

Attorneys for Defendant,
ADT SECURITY SERVICES, INC.

**ORIGINAL FILED**

FEB 2 2 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GERALD ROYLANCE,

   Plaintiff,

vs.

ADT SECURITY SERVICES, INC.,
ELITE SECURITY US, LLC,

   Defendants.

CASE NO. CV 08 1101 JF RS

Judge:
Dept:

**DEFENDANT ADT SECURITY SERVICES, INC.'S NOTICE OF REMOVAL**

FAXED

ADT SECURITY SERVICES, Inc., defendant in the underlying California state court civil action, files this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446(a), and respectfully shows this Honorable Court as follows.

**I. Parties**

1.   Plaintiff, Gerald Roylance, based upon present information and belief, is an individual residing in Mountain View, California.

2.   Defendant, ADT Security Services, Inc., (ADT) is a corporation incorporated in

1

DEFENDANT ADT S[EXHIBIT 1]INC.'S NOTICE OF REMOVAL

Abraham H. Tang, Bar No. 186334
LONG WILLIAMSON & DELIS
400 N. Tustin Ave., Ste. 370
Santa Ana, California 92707
(714) 668-1400
(714) 668-1411 (fax)

Attorneys for Defendant,
ADT SECURITY SERVICES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| GERALD ROYLANCE, | CASE NO:  C 08-01101 JF (RS) |
| Plaintiff, | Judge: Jeremy Fogel |
| | Dept : 3 |
| vs. | **Subject to E-Filing** |
| ADT SECURITY SERVICES, INC., ELITE SECURITY US, LLC, | **ANSWER AND AFIRMATIVE DEFENSES OF DEFENDANT ADT SECURITY SERVICES, INC.; REQUEST FOR JURY TRIAL** |
| Defendants. | |

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

**NOW INTO COURT**, through undersigned counsel, comes Defendant, ADT Security Services (Defendant), and answers the Complaint filed on behalf of Plaintiff, Gerald Roylance (Plaintiff) as follows:

### ANSWER

1.

The allegations contained in Paragraph 1 of the Complaint are denied for lack of sufficient information by Defendant to admit or deny the allegations therein.

//
//

1

ANSWER AND AFIRMATI... ...FENDANT ADT SECURITY
SERVICES,...    EXHIBIT    JURY TRIAL
2