Richard M. Simses, Esq., *(Pro Hac Vice)*
Paul M. Lavelle, Esq., *(Pro Hac Vice)*
**Abbott, Simses & Kuchler, APLC**
1360 Post Oak Blvd., Suite 1700
Houston, Texas 77056
Telephone: (713) 627-9393

Abraham H. Tang, Esq. State Bar No. 186334
**Long, Williamson & Delis**
400 N. Tustin Avenue, Suite 370
Santa Ana, California 92705
Telephone: (714) 668-1400

Attorneys for Defendant
ADT SECURITY SERVICES, INC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD ROYLANCE,<br><br>Plaintiff,<br><br>v.<br><br>ADT SECURITY SERVICES, et al.<br><br>Defendants. | Case No. 5:08-cv-01101<br><br>**ADT'S RESPONSE TO MOTION TO REMAND**<br><br>Judge: Jeremy Fogel<br>Dept.: 3<br>Date: May 9, 2008<br>Time: 9:00 a.m. |

## ADT'S RESPONSE TO MOTION TO REMAND

NOW INTO COURT, through undersigned counsel, comes Defendant, ADT Security Services (ADT), and responds to the Motion to Remand filed on behalf of Plaintiff, Gerald Roylance (Plaintiff) set for hearing on May 9, 2008 at 9:00 a.m. in Department 3 as follows:

### A. **INTRODUCTION**

Plaintiff, Pro Per Gerald Roylance brought suit against ADT for alleged violations of the

Telephone Consumer Protection Act (TCPA), allegedly committed by a third party, unbeknownst to ADT and without control, authorization, or direction from ADT.

On February 22, 2008, ADT timely filed its notice of removal. ADT and co-defendant EliteSecurity.US, LLC (Elite) are located outside of the State of California and both were mailed copies of the complaint on January 17, 2008. Pursuant to Rule 1013 of the California Code of Civil Procedure, service was perfected on the same day for both parties, January 27, 2008, 10 days after the Complaint was mailed to Elite and ADT. Therefore, the deadline to file the notice of removal for both parties was February 26, 2008. ADT filed its notice on February 22, 2008 with the consent of Elite. Therefore, Plaintiff is incorrect in stating that Elite must have filed its notice of removal before ADT. Either party must have filed its notice of removal on or before February 26, 2008.

## B. ARGUMENT AND AUTHORITIES

As stated above, and as already stated in the two responses to Plaintiff's motions, the Notice of Removal was timely filed and filed before Elite's notice was due and with Elite's consent.[1] Furthermore, despite Plaintiff's claim that Elite had signed the service card on January 22, 2008, Elite confirms that the signature was not Michael Birchall's signature and that Mr. Birchall was not in receipt of the Complaint on January 22, 2008.[2] Nonetheless, since ADT filed its Notice of Removal before Elite, Plaintiff's timeliness point is moot.

### 1.   Plaintiff's numerous motions operate as a waiver of his right to remand.

The Ninth Circuit has not addressed the question of whether a request for entry of default alone constitutes affirmative conduct that waives a Plaintiff's right to remand.[3] However, in the

---

[1]   Exhibit A-Affidavit of Michael Birchall-par. 8-9.
[2]   Exhibit A-Affidavit of Michael Birchall-par. 4-5.
[3]   *Alarcon v. Shim Inc.,* No. 07-02894, 2007 WL 2701930 at *3 (N.D. Calif., September 13, 2007).

- 2 -

ADT'S RESPONSE TO MOTION TO REMAND - 5:08-cv-01101

*Alarcon v. Smith* case the court noted that in that case, the Plaintiff had simply filed a request for default and no more to justify its refusal to allow the request for default to operate as a waiver. The court however, cited the *Riggs v. Plaid Pantries* matter to demonstrate that the Plaintiff in *Riggs*, in addition to his request for default also filed a "motion for default, a supportive memorandum, and a declaration which did operate as a waiver."[4] Thus, the court chose to cite to *Riggs* to clarify when a default operates as a waiver. In the instant case, similar to *Riggs*, the Plaintiff has filed two default motions and a motion for rehearing of a default judgment against ADT that this Court has denied. Further, Plaintiff has filed memoranda and points of law, and numerous declarations.

These filings are affirmative conduct within the federal court's jurisdiction. Such conduct constitutes a waiver or consent to the federal court's assumption of jurisdiction.[5] Accordingly, the Plaintiff is not entitled to remand and his motion should be denied.

### 2.   Complete diversity exists between the parties.

Civil actions not involving a federal question are removable to a federal district court only if there is diversity of citizenship, pursuant to 28 U.S.C. § 1332(a)(1). While ADT originally filed its removal based on diversity and the original belief that the TCPA involved a federal question, ADT concedes the point that Congress gave Plaintiffs who wish to file an action for alleged violations of the TCPA the right to file the action in state courts. But complete diversity of citizenship exists between the Plaintiff and Defendants and therefore removal is proper.

Complete diversity is required which means that each of the Plaintiffs must be diverse

---

[4] *Id.* (citing *Riggs v. Plaid Pantries Inc.,* 233 F.Supp.2d 1260 (D.Or.2001)
[5] *Fletcher v. Solomon,* No. 06-05492, 2006 WL 3290399 at *2(N.D. Calif., November 13, 2006).

from each of the Defendants.[6]  In the case at bar, Plaintiff is a California citizen.  ADT's

principal place of business is in Florida.  Sean Hadlock is a citizen of Utah and Elite's principal

place of business is in Utah.  Plaintiff admits the facts of citizenship of the parties in his

Complaint and perfected service on each of the Defendants in the states of Florida and Utah.

Thus, complete diversity exists.  While Plaintiff tries to argue against diversity by stating he may

serve another unknown Defendant, the Ninth Circuit has held "whether an action should be

remanded must be resolved by reference to the complaint at the time the petition for removal was

filed."[7]   The face of Plaintiff's Complaint demonstrates complete diversity and therefore,

Plaintiff's motion to remand must be denied.

### 3.    The requisite amount in controversy supports removal.

Under 28 U.S.C. § 1332, a district court has diversity jurisdiction over any civil action

between citizens of different states so long as the amount in controversy exceeds $75,000.00.  In

the instant case, Plaintiff has not only stated that he seeks $180,000.00 in damages[8] but prior to

the filing of this lawsuit, Plaintiff demanded $96,000.00 from Elite and ADT[9], which he also

references in his Complaint to state that Elite and ADT failed to offer him money in response to

the demand letter.  Therefore, Plaintiff must commit to stating the specific damages he seeks

rather than wavering when it comes to facing removal of his claim.  While Plaintiff claims the

court is not to consider the $180,000.00 statement of damages because the document states "do

not file unless you are applying for a default judgment" and therefore it is not a true claim for

damages, Plaintiff fails to consider that he is seeking a default judgment from ADT for the

second time and has also sought a default judgment against Sean Hadlock.  Thus, Plaintiff, by his

---

6   *Calero v. Unisys Corp.,* 271 F.Supp.2d 1172, 1176 (N.D. Calif., 2003).
7   *Kruso v. I.T.T.,* 872 F.2d 1416, n. 12 (9th Cir. 1989), *cert. denied, Kruso v. ITT Corp.,* 496 U.S. 937 (U.S. June 18, 1990) (No. 89-1684).
8   Exhibit B-Request for damages filed with Plaintiff's Complaint.
9   Exhibit C-Plaintiff's demand letter of April 17, 2007.

ADT'S RESPONSE TO MOTION TO REMAND - 5:08-cv-01101

actions, has made the statement of damages a document to consider in determining the amount in controversy.

## C. <u>CONCLUSION</u>

For the reasons stated above, ADT respectfully requests that this Honorable Court deny Plaintiff's Motion to Remand and retain jurisdiction over this matter.


Respectfully submitted,

**ABBOTT, SIMSES & KUCHLER, APLC**


By: ____/s/ Paul M. Lavelle_____
      Richard M. Simses (*Pro Hac Vice*)
      Paul M. Lavelle (*Pro Hac Vice*)


**LONG, WILLIAMSON & DELIS**


By: _____
Abraham H. Tang


**Attorneys for Defendant**
**ADT SECURITY SERVICES, INC.**

## PROOF OF SERVICE

I am employed in New Orleans, State of Louisiana and admitted in this matter *pro hac vice.* I am over the age of eighteen and my business address is Abbott, Simses & Kuchler, APLC, 400 Lafayette Street, Suit 200, New Orleans, Louisiana 70130. On April 16, 2008, I served the below-listed documents described as:

### ADT'S RESPONSE TO MOTION TO REMAND

On the following parties to this action via Hand Delivery, Electronic, or United States Mail:

> Gerald L. Roylance
> 1168 Blackfield Way
> Mountain View, CA 94040-2305
> *Plaintiff in Pro Per*

> Michael G. Dini
> Triebsch & Frampton
> 300 N. Palm Street, P.O. Box 709
> Turlock, California 95381-0709
> *Attorney for EliteSecurity.US, LLC*

> William D. Chapman
> Rober J. Hadlock
> Smith, Chapman & Campbell
> 1800 North Broadway, Suite 200
> Santa Ana, California 92706
> *Attorneys for Sean Hadlock*

I declare that I am a member of the Bar of Louisiana admitted in this matter *pro hac vice* and that the above is true and correct under penalty of perjury.

Executed on April 16, 2008.

By: ____/s/ Paul M. Lavelle____
Paul M. Lavelle (*pro hac vice*)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

GERALD ROYLANCE,

            Plaintiff,

      v.

ADT SECURITY SERVICES, et al.

            Defendants.

Case No. 2:06-cv-00723

**AFFIDAVIT OF MICHAEL BIRCHALL**

## AFFIDAVIT OF MICHAEL BIRCHALL

STATE OF __Utah__ §
COUNTY OF __Utah__ §

      On this day, Michael Birchall appeared before me, the undersigned notary public. After I administered an oath to him, upon his oath, he said:

1.    My name is Michael Birchall. I am competent to make this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

2.    I am an owner of Elitesecurity.US, LLC.

3.    The signature on the return receipt attached to this Affidavit as exhibit A is not my signature.

4.    I did not receive the Complaint filed by Gerald Roylance on January 22, 2008, as suggested by the return receipt attached as Exhibit A.

5.    I was not personally served with the Complaint filed by Gerald Roylance on January 22, 2008, or at any time thereafter.



**EXHIBIT**

A

6.      On or about February 22, 2008, an attorney representing ADT Security Services contacted me as to whether I had been served with the Complaint in this matter.

7.      I stated that I had not been served with the Complaint.

8.      I was asked whether I consented to the removal of this case to Federal Court because ADT was intending on removing the case to Federal Court.

9.      I stated that I consented to the removal of this case to Federal Court.


_____

Michael Birchall

**SWORN TO** and **SUBSCRIBED** before me by Michael Birchall on 4/15/, 2008.


_____

Notary Public in and for
the State of _____Utah_____



Notary Public
SONDRA L. MEEKS
1157 W. 430 S.
Spanish Fork, UT 84660
My Commission Expires
February 8, 2011
State of Utah

**U.S. Postal Service**
**CERTIFIED MAIL    RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | $0.00 |
| Total Postage & Fees | $ |

7007 1490 0000 8093 3043

Sent To: MICHAEL BIRCHALL
Street, Apt. No.; or PO Box No. 495 W UNIVERSITY PKWY
City, State, ZIP+4 OREM, UT 84058-7364

---

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

A. Signature
X ☐ Agent  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
M. BIRCHALL   1-22-?

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

1. Article Addressed to:

MICHAEL BIRCHALL

495 W UNIVERSITY PKWY

OREM, UT 84058-7364

3. Service Type
☐ Certified Mail  ☐ Express Mail
☐ Registered  ☐ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number
   (Transfer from service label)    7007 1490 0000 8093 3043

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

Lynn Freret
685 Washington St
Los Altos, CA 94022-3955

**EXHIBIT**

CIV-050

**- DO NOT FILE WITH THE COURT-**
**-UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): TELEPHONE NO.:<br>Gerald Roylance     650 948-1790<br>1168 Blackfield Way<br>Mountain View, CA  94040-2305<br><br>ATTORNEY FOR (name):  in pro per | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SANTA CLARA
STREET ADDRESS:
MAILING ADDRESS: 191 N First St
CITY AND ZIP CODE: San Jose, CA  95113
BRANCH NAME:

PLAINTIFF:  Gerald Roylance
DEFENDANT:  ADT Services, Inc.

| STATEMENT OF DAMAGES<br>(Personal Injury or Wrongful Death) | CASE NUMBER:<br>1-07-CV-102282 |
|---|---|

To (name of one defendant only): ADT Services, Inc.
Plaintiff (name of one plaintiff only): Gerald Roylance
seeks damages in the above-entitled action, as follows:

AMOUNT

**1. General damages**
  a. ☐ Pain, suffering, and inconvenience ............................................................... $ _____
  b. ☐ Emotional distress. ...................................................................................... $ _____
  c. ☐ Loss of consortium ...................................................................................... $ _____
  d. ☐ Loss of sociey and companionship (wrongful death actions only) ................ $ _____
  e. ☐ Other (specify) ........................................................................................... $ _____
  f. ☐ Other (specify) ............................................................................................ $ _____
  g. ☐ Continued on Attachment 1.g.

**2. Special damages**
  a. ☐ Medical expenses (to date) ......................................................................... $ _____
  b. ☐ Future medical expenses (present value) ................................................... $ _____
  c. ☐ Loss of earnings (to date) ........................................................................... $ _____
  d. ☐ Loss of future earning capacity (present value) ......................................... $ _____
  e. ☐ Property damage ......................................................................................... $ _____
  f. ☐ Funeral expenses (wrongful death actions only) ......................................... $ _____
  g. ☐ Future contributions (present value) (wrongful death actions only) ............ $ _____
  h. ☐ Value of personal service, advice, or training (wrongful death actions only) ...... $ _____
  i. ☐ Other (specify) ............................................................................................ $ _____
  j. ☐ Other (specify) ............................................................................................ $ _____
  k. ☐ Continued on Attachment 2.k.

**3. ☑ Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of (specify).. $ 180,000.00
    when pursuing a judgment in the suit filed against you.

Date:  January 17, 2008

Gerald Roylance                                    ▶ _Gerald Roylance_
_____                    _____
(TYPE OR PRINT NAME)                               (SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)

Page 1 of 2

Form Adopted for Mandatory
Judicial Council of California
CIV-050 [Rev. January 1, 2...]

**EXHIBIT**


B

STATEMENT OF DAMAGES
(Personal Injury or Wrongful Death)

Code of Civil Procedure, §§ 425.11, 425.115
www.courtinfo.ca.gov


American LegalNet, Inc.
www.FormsWorkflow.com

GERALD L. ROYLANCE

APR 2 3 2007

April 17, 2007

ADT Security Services, Inc.
1 Town Center Rd
Boca Raton, FL 33486-1050

EliteSecurity.US, LLC
2331 Baldwin Road
Hughson, CA 95326-9303

Dear Sir:

PLEASE TAKE NOTICE that this letter is a demand under the California Legal
Remedies Act (CLRA, California Civil Code §§ 1750 et seq), the Telephone Consumer
Protection Act (TCPA, 47 USC § 227), California Business & Professions Code § 17200 et
seq, and other laws. The CLRA allows actual and punitive damages, injunctive relief, class
actions, attorney fees, and other remedies. The CLRA gives you thirty days to rectify the
violations of Civil Code § 1770.

You may wish to consult a lawyer.

On March 27, 2007 around 6:44 PM, someone called my residential telephone (650 948-
1790) with an automatic dialing-announcing device (ADAD). The prerecorded message was
offering a security system.

In order to identify the caller, I pressed a key. I was transferred to someone who was
offering an ADT security system. The person did not identify the authorized reseller, but
said it was located in Utah and did business in California. When I pressed "John" for
identity information, the he claimed to be "Prime Security" with a website of "security.com"
(not a security company). John provided a telephone number of 1-800-344-0489. I called
the 800 number to make a do-not-call request and a do-not-call policy (DNCP) demand, but
got nowhere.

On April 12, 2007 around 10:15 AM there was another prerecorded call. The message
was from "Jim" and offered a security system. The message did not identify the company
nor was it preceded by a live introduction asking permission to play the message.

I pressed a key to learn the identity of the caller. I spoke with "Ed," but Ed did not
identify the company other than ADT. He gave a website address of ADT.com. Having
gotten nowhere the last time around, I talked with Ed about the security system. Ed finally
provided me with a telephone number, 801-830-1041. This number appears to be a cellular
number; it reaches Ed because I called it back. I did not sign up for the service. Before



EXHIBIT

C

–2–                                    April 17, 2007

signing up, I wanted to see a copy of the contract. Ed would send one. We did talk about scheduling an installation. Ed never mentioned anything about a 3-day cancellation right.

From information gleaned in the call transfer, my return call, a phone call by the installer on 4/15/2007, a call from Sean on 4/16/2007, the papers that arrived by DHL, and conversations with ADT, the ADT reseller appears to be EliteSecurity.US, LLC. The ADT dealer number is 5899464 (a number provided by Sean). ADT supplied the Baldwin Road address. EliteSecurity.US, LLC is not registered with the California Secretary of State. (There is an "Elite Marketing Group, LLC" that shares a similar address.) The contract forms name Sean Hadlock as the VP of Sales for EliteSecurity.

On 4/16/2007, I made a DNC request and a DNCP demand to ADT.

I have not purchased anything from your companies. I had not made any product inquires to you prior to receiving the prerecorded call. I have not given you prior express consent to make prerecorded calls to my telephone. We do not have a business relationship.

I have both faxed and mailed a cancellation notice to ADT. Specific details of the cancellation notice are also in error.

The prerecorded calls violate several laws.

A live person did not identify the company, provide a telephone number or an address, or ask permission to play the recording. The call violates Civil Code § 1770(a)(22)(A), Public Utilities Code § 2874, Business & Professions Code § 17500.3(a). The vendor of the ADAD should have told you about § 2874. (Business & Profession Code § 17363.5.) Your violations are presumed to be willful and knowing.

The use of prerecorded calls implies that you have an affiliation with me (i.e., prior express consent) that you do not have. These representations violate Civil Code § 1770(a)(2), (3), (4), (5).

The prerecorded calls also violate federal law. Federal law bans prerecorded messages to residential telephones at 47 U.S.C. § 227(b)(1)(B); a private right of action is at 227(b)(3). Federal law requires prerecorded messages to identify the company and supply a name or address at § 227(d)(3) and 47 C.F.R. § 64.1200(b), (d). The company name must be the name registered with the State Corporation Commission or comparable authority. TCPA liability is strict and vicarious. Federal law also requires telemarketers to supply do-not-call policies on demand, to train employees in do-not-call procedures, to record do-not-call requests, and to honor those requests. Each violation of federal law carries statutory damages of $500 to $1,500. 47 U.S.C. § 227(b)(3).

Transmitting prerecorded messages to residential subscribers without their prior express consent violates their rights to be free from such calls. Your behavior shows malice under Civil Code § 3294.

It is well established that corporate officers are personally liable for a corporation's torts.

I demand that you:

– 3 –                                          April 17, 2007

1) Immediately cease using an ADAD for telemarketing activities.

2) Identify the vendor of your ADAD or the telemarketing firm you used.

3) Identify the legal name of EliteSecurity and its California corporate
   registration number.

4) Identify any and all reasons why you believe you may solicit me with a
   prerecorded call.

5) Pay $6,000 in statutory damages for four knowing violations of the TCPA
   subsection (b) (two prerecorded calls, two identity violations). Other TCPA
   violations may accrue.

6) Put the telephone number 650 948-1790 on your companies' do-not-call lists.
   There should be entries for both ADT and Elite. ADT has a duty to share
   its DNC list with all of its resellers. The resellers are sharing a brand name.
   See 47 C.F.R. § 64.1200(d)(5) and Business & Professions Code §
   17592(e)(4).

7) Send me a dated copy of your do-not-call policy. Failure to send this policy
   risks another $1,500 in TCPA statutory damages. See 47 U.S.C. § 227(b)(3),
   227(c)(5), and 47 C.F.R. § 64.1200(d)(1).

8) Pay $90,000 in punitive or exemplary damages for violations of the
   California Civil Code. There is statistical evidence that fewer than 1 in
   90,000 people sue over a TCPA violation when the caller identifies himself
   (see *United Artists Theatre Circuit v. FCC*, 147 F.Supp.2d 965).

9) Check with all people who have purchased ADT services through
   EliteSecurity.US in the past year to see if they received an unsolicited
   prerecorded marketing call selling ADT services.

10) Provide a suitable remedy to all California residents who received your
    ADAD message without their prior express consent. The minimum TCPA
    statutory damages for each call would be $500.

The current demand is $96,000.

I will discuss any of these measures with you.

                                   Sincerely,

                                   *Gerald Roylance*

                                   Gerald L. Roylance