Richard M. Simses, Esq., *(Pro Hac Vice)*
Paul M. Lavelle, Esq., *(Pro Hac Vice)*
**Abbott, Simses & Kuchler, APLC**
1360 Post Oak Blvd., Suite 1700
Houston, Texas 77056
Telephone: (713) 627-9393

Abraham H. Tang, Esq. State Bar No. 186334
**Long, Williamson & Delis**
400 N. Tustin Avenue, Suite 370
Santa Ana, California 92705
Telephone: (714) 668-1400

Attorneys for Defendant
ADT SECURITY SERVICES, INC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD ROYLANCE, | Case No. 5:08-cv-01101 |
| Plaintiff, | **ADT'S RESPONSE TO MOTION TO STRIKE THE ANSWER OF ADT SECURITY SERVICES, INC.** |
| v. | Judge: Jeremy Fogel<br>Dept.: 3 |
| ADT SECURITY SERVICES, et al. | Hearing Date: May 9, 2008<br>Time: 9:00 a.m. |
| Defendants. | |

### ADT'S RESPONSE TO MOTION TO STRIKE THE ANSWER OF ADT SECURITY SERVICES, INC.

NOW INTO COURT, through undersigned counsel, comes Defendant, ADT Security Services (ADT), and responds to the Motion to Strike the Answer of ADT filed on behalf of Plaintiff, Gerald Roylance (Plaintiff) to be heard on May 9, 2008 at 9:00 a.m. in Department 3 as follows:

## A. INTRODUCTION

Plaintiff, Pro Per Gerald Roylance brought suit against ADT for alleged violations of the Telephone Consumer Protection Act (TCPA), allegedly committed by a third party, unbeknownst to ADT and without control, authorization, or direction from ADT.

On January 25, 2008, Plaintiff served ADT with his Complaint. On February 22, 2008, ADT timely and properly removed the matter to Federal Court. On February 28, 2008, before ADT's time to answer had expired and without notice to ADT, Plaintiff requested a default against ADT. The Clerk declined to enter the default. On February 29, 2008 ADT timely filed its answer.

## B. ARGUMENT AND AUTHORITIES

Under Rule 12(f) of the Federal Rules of Civil Procedure, the court has discretion to strike a pleading or portions thereof.[1] Specifically, Rule 12(f) provides that a court "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter."[2] "Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded."[3] Impertinent matter consists of those that do not pertain and are not necessary to the issues in question.[4] Rule 12(f) motions are "generally not granted unless it is clear that the matter sought to be stricken could have no possible bearing on the subject matter of the litigation."[5]

---

[1] *Smith v. Walmart Stores,* No. C 06-2069, 2006 WL 2711468 at *2 (9th Cir. Sep. 20, 2006) ( citing *Federal Sav. And Loan v. Gemini Management,* 921 F.2d 241, 243 (9th Cir. 1990)).
[2] *Id.*
[3] *Id.* (citing *Fantasy, Inc. v. Fogerty,* 984 F.2d 1524, 1527 (9th Cir. 1993) *rev'd on other grounds,* 510 U.S. 517 (1994)).
[4] *Id.*
[5] *Id.* (citing *Rosales v. Citibank,* 133 F.Supp.2d 1177, 1179 (N.D. Cal. 2001)).

In the instant case, Plaintiff seeks to strike ADT's entire answer because "the clerk should have promptly entered the default when Plaintiff requested the default." This matter is addressed in ADT's response to Plaintiff's motion regarding default judgment so in the interest of judicial efficiency ADT will not re-address the issue. But ADT simply states that ADT strictly adhered to the rules and filed its answer timely and therefore, this argument is not only irrelevant, but moot. Plaintiff's second argument is that the court should strike ADT's answer because the postage meter mark date was "April 3, 2008." Obviously Plaintiff received the documents earlier than this date since he filed this motion in March. Even assuming this is a clerical mistake and Plaintiff intended to state that the postage meter mark date was March 3, 2008, he simply has failed to show this Honorable Court that ADT's answer "could have no bearing on the subject matter of this litigation." Thus, his motion to strike ADT's answer must be denied.

Additionally, Plaintiff liberally challenges each of ADT's answers to the paragraphs of his Complaint. ADT's answers to each paragraph are permissible under the rules. If Plaintiff disagrees with any of ADT's assertions as to the facts stated in his Complaint, a motion to strike ADT's answer is not the appropriate procedural mechanism.

Finally, Plaintiff claims that ADT's affirmative defenses should be stricken because "they are not affirmative defenses." However, it is been held that a denial improperly labeled as an affirmative defense should be treated as though it has been correctly labeled.[6] Further, there is not a single reported decision in which the erroneous designation resulted in any substantial

---

[6] *Smith v. Walmart Stores,* No. C 06-2069, 2006 WL 2711468 at *10 (9th Cir. Sep. 20, 2006).

3
ADT's Response to Motion to Strike - 5:08-cv-01101

prejudice to the pleader.[7] When there is no showing of prejudicial harm to the Plaintiff, the courts generally are not willing to determine disputed and substantial questions of law upon a motion to strike.[8] That is the issue in the instant case and there is simply no prejudice to the Plaintiff. Therefore, Plaintiff's motion to strike ADT's answer should be denied.

### C: CONCLUSION

For the reasons stated above, this Honorable Court should deny Plaintiff's Motion to Strike ADT's Answer.

Respectfully submitted,

**ABBOTT, SIMSES & KUCHLER, APLC**

By: _____/s/ Paul M. Lavelle____
    Richard M. Simses (*Pro Hac Vice*)
    Paul M. Lavelle (*Pro Hac Vice*)

**LONG, WILLIAMSON & DELIS**

By: _____
    Abraham H. Tang

**Attorneys for Defendant
ADT SECURITY SERVICES, INC.**

---

[7] *Id.*
[8] *Id.* at *10.

## PROOF OF SERVICE

I am employed in New Orleans, State of Louisiana and admitted in this matter *pro hac vice*. I am over the age of eighteen and my business address is Abbott, Simses & Kuchler, APLC, 400 Lafayette Street, Suit 200, New Orleans, Louisiana 70130. On April 16, 2008, I served the below-listed documents described as:

### ADT'S RESPONSE TO MOTION TO STRIKE

On the following parties to this action via Hand Delivery, Electronic, or United States Mail:

>   Gerald L. Roylance
>   1168 Blackfield Way
>   Mountain View, CA 94040-2305
>   *Plaintiff in Pro Per*
>
>   Michael G. Dini
>   Triebsch & Frampton
>   300 N. Palm Street,
>   P.O. Box 709
>   Turlock, California 95381-0709
>   *Attorney for EliteSecurity.US, LLC*
>
>   William D. Chapman
>   Rober J. Hadlock
>   Smith, Chapman & Campbell
>   1800 North Broadway, Suite 200
>   Santa Ana, California 92706
>   *Attorneys for Sean Hadlock*

I declare that I am a member of the Bar of Louisiana admitted in this matter *pro hac vice* and that the above is true and correct under penalty of perjury.

Executed on April 16, 2008.

>                                By: ____/s/ Paul M. Lavelle____
>                                     Paul M. Lavelle (*pro hac vice*)