Gerald Roylance
1168 Blackfield Way
Mountain View, CA 94040-2305

Phone (650) 948-1790

in pro per

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA (SAN JOSE)

| | |
|---|---|
| GERALD ROYLANCE,<br><br>    Plaintiff,<br>  vs.<br><br>ADT SECURITY SERVICES, INC.,<br>ELITESECURITY.US, LLC,<br>SEAN HADLOCK,<br>DOES 1-200<br><br>    Defendants. | Case No.: 5:08-CV-01101 JF RS<br><br>NOTICE OF MOTION AND MOTION TO STRIKE THE ANSWER OF ELITESECURITY.US, LLC<br><br>F.R.C.P. 12(f)<br><br>Date:  July 11, 2008<br>Time:  9:00 AM<br>Dept:  3, 5th floor<br><br>Judge:         Jeremy Fogel<br>Magistrate:    Richard Seeborg<br>Complaint filed:  December 31, 2007<br>Trial Date:       None Set |

NOTICE TO Defendant EliteSecurity.US, LLC and its attorneys:

Plaintiff's Motion to Strike the Answer of EliteSecurity.US, LLC has been set for hearing on July 11, 2008, at 9:00 AM or as soon thereafter as the matter may be heard, in Department 3, 5th floor of the above-entitled court, located at 280 S. 1st Street, San Jose, CA, 95113.

Plaintiff moves that portions of EliteSecurity.US, LLC's ("Elite") Answer be stricken under FRCP 12(f). The grounds for this motion are:

Paragraph 2 should be stricken. The information is available in public records, so Elite has enough information to form a belief.

Paragraph 3 where it says "The remaining allegations are denied due to lack of sufficient information and belief" should be stricken. Elite should know whether or not it is registered with California Bureau of Security and Investigative Services.

Paragraph 12 should be stricken. Elite should be able to use a telephone directory. There's an online directory at http://www.anywho.com. Elite has enough information to form a belief.

Paragraph 14 should be stricken. Elite should at least know whether or not plaintiff gave Elite permission to use prerecorded calls.

Paragraph 16 should be stricken. Elite should know what its business is.

Paragraph 17 should be stricken. The Telephone Sales Rule requires Elite to have this information. The paragraph is also confusing: "cannot admit or deny the allegations without solicitations"?

Paragraph 21 should be stricken. Can Elite bind a third party consumer to a contract with ADT? Elite admits that it claims to be an authorized dealer of ADT SECURITY SERVICES.

Paragraph 30 should be stricken. The Telephone Sales Rule requires Elite to know whether or not an "Ed" made calls for it and who "Ed" is.

Paragraph 43 should be stricken. Elite has enough information to know whether a given day is a Sunday and whether it is a business day under a statute.

Paragraph 48 should be stricken. Elite has enough information to know whether Sean Hadlock was in a position to control its telemarketing campaign. The denial is too narrow and/or negative pregnant.

Paragraph 50 should be stricken. Elite should have records and be able to form a belief whether it received a demand letter from plaintiff.

Paragraph 51 should be stricken. Elite should know if it responded to the demand letter or offered plaintiff any remedy.

Paragraph 61 should be stricken. Elite has enough information to form a belief about ADT's settlement with the Federal Trade Commission. The FTC published the settlement, and a URL was given.

Paragraph 73 should be stricken. Elite should know whether or not it sent a do-not-call policy to plaintiff.

Paragraph 85 should be stricken. Elite should know whether it offered a correction or remedy to plaintiff.

The FIRST AFFIRMATIVE DEFENSE should be stricken because it is not an affirmative defense but rather a direct attack on the elements. An affirmative defense is one that excuses the defendant despite the allegations in the complaint being true.

The SECOND AFFIRMATIVE DEFENSE should be stricken because it is not an affirmative defense but rather a direct attack on the elements. An affirmative defense is one that excuses the defendant despite the allegations in the complaint being true.

The THIRD AFFIRMATIVE DEFENSE should be stricken because it is not an affirmative defense but rather a direct attack on the elements. An affirmative defense is one that excuses the defendant despite the allegations in the complaint being true.

The FOURTH AFFIRMATIVE DEFENSE should be stricken because it fails to state any facts to support the failure to mitigate. Furthermore, an equitable defense is inappropriate for a statutory violation.

The FIFTH AFFIRMATIVE DEFENSE should be stricken because it is not an affirmative defense but rather a prayer for relief. An affirmative defense is one that excuses the defendant despite the allegations in the complaint being true. The Defense states no facts.

The SIXTH AFFIRMATIVE DEFENSE should be stricken because it is not an affirmative defense but rather a direct attack on the elements. An affirmative defense is one that excuses the defendant despite the allegations in the complaint being true. The Defense states no facts.

The SEVENTH AFFIRMATIVE DEFENSE should be stricken because it fails to state any facts to support the estoppel. Furthermore, an equitable defense is inappropriate for a statutory violation.

The NINTH AFFIRMATIVE DEFENSE should be stricken because it fails to state any facts to support the claim to an affirmative defense in Civil Code §§ 1782, 1783, and 1784. Any attack on § 1782 notice is not a new matter: the complaint alleged § 1782 notice. A statute of limitations defense under § 1783 makes no sense: the limitation period is three years. The complaint was filed within a year of the alleged telephone calls. To invoke a § 1784 defense, Elite must have offered a remedy within 30 days. Elite does not allege any remedy. Elite has,

however, claimed ignorance about the key features of a CLRA affirmative defense: see response to ¶¶ 50, 51, and 85.

In the TENTH AFFIRMATIVE DEFENSE, strike "complaint, and each cause of action alleged therein," and replace it with "Second Cause of Action". A CLRA affirmative defense can be used for violations of the CLRA (Second Cause of Action), but it cannot be used to defend non-CLRA causes of actions. A CLRA affirmative defense cannot excuse a TCPA cause of action. A state affirmative defense nullifying a federal statute would offend the Supremacy Clause.

The prayer "for its recoverable attorney's fees and costs" at 10:20 should be stricken. The CLRA's attorney fees are one-way in favor of the consumer unless the consumer acted in bad faith. There is no allegation of bad faith.

The motion is based on this Notice, the attached Memorandum of Points and Authorities, the papers, records and file in this action, and such oral and documentary evidence as may be presented at the hearing on the motion.

                                    Respectfully submitted,

Dated: April 22, 2008                __/s/_____
                                          Gerald Roylance

Gerald Roylance
1168 Blackfield Way
Mountain View, CA 94040-2305

Phone (650) 948-1790

in pro per

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA (SAN JOSE)**

| | |
|---|---|
| GERALD ROYLANCE,<br><br>    Plaintiff,<br>  vs.<br><br>ADT SECURITY SERVICES, INC.,<br>ELITESECURITY.US, LLC,<br>SEAN HADLOCK,<br>DOES 1-200<br><br>    Defendants. | Case No.: 5:08-CV-01101 JF RS<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE THE ANSWER OF ELITESECURITY.US, LLC<br><br>Date:  July 11, 2008<br>Time:  9:00 AM<br>Dept:  3, 5th floor<br><br>Judge:         Jeremy Fogel<br>Magistrate:    Richard Seeborg<br>Complaint filed: December 31, 2007<br>Trial Date:    None Set |

## I.   INTRODUCTION

Plaintiff asks the Court to strike portions of the Answer of EliteSecurity.US, LLC ("Elite"). Elite is required to offer a meritorious pleading, but it has invoked denials on a lack of information and belief when it should have that information or the information is easily accessible through public records. Elite, for example, claims ignorance of ADT's settlement with the Federal Trade Commission (Complaint, ¶ 61) despite the Complaint giving a citation to the agreement.

## II. AUTHORITY

The authority for a motion to strike is at F.R.C.P. 12(f). Elite filed its Answer on April 2, 2008. Plaintiff has 20 days within which to file a motion to strike.

Affirmative defenses need a factual basis, but most of the proffered affirmative defenses are devoid of facts or details. Affirmative defenses of waiver, estoppel, and unclean hands were stricken where the defenses were alleged as conclusions without any factual basis because plaintiff was deprived of fair notice of the defense and its grounds. [*Qarbon.com Inc. v. eHelp Corp.* (ND CA 2004) 315 F.Supp.2d 1046, 1049-1050.]

Affirmative defenses may be stricken where the defense is clearly irrelevant and frivolous and its removal would avoid spending unnecessary time and money litigating the defense. [*SEC v. Gulf & Western Industries, Inc.* (D DC 1980) 502 F.Supp. 343, 345.]

Irrelevant matters may be stricken where they have no bearing on the matter to be litigated. [*LeDuc v. Kentucky Central Life Ins. Co.* (ND CA 1992) 814 F.Supp. 820, 830.

F.R.C.P. 11(b) requires that representations to the court are to the pleader's best information and belief and the result of a reasonable inquiry. Some denials upon information and belief are devoid of that reasonable inquiry. Furthermore, the contentions must be reasonable, warranted, and supported by evidence.

## III. REASONABLE INQUIRY

Many facts can be ascertained by simple searches on the Internet. Telephone subscriptions, corporate records, and FTC actions, for example, are readily available.

Regulations promulgated by the Federal Trade Commission require that sellers (e.g., ADT) and telemarketers (e.g., Elite) keep certain records for a period of 24 months. (16 C.F.R. §

310.5.)  The required information includes telemarketing scripts, employee names, aliases (e.g., "Ed"), and home addresses.  Elite is ignoring that requirement in its answer.

Although there is a right to plead a lack of sufficient information to form a belief (F.R.C.P. 8(b)(5)), that right must be limited to situations where there is a genuine lack of sufficient information.  If information is presumptively known by the defendant but the defendant does not have that information, then the defendant should explain why it lacks the information and then deny.

## IV.   AFFIRMATIVE DEFENSES

F.R.C.P. 8(c)(1) gives a non-exhaustive list of affirmative defenses.  The list comprises defenses that avoid liability even if the allegations in the complaint are true.  A bankruptcy or statute of limitations defense, for example, excuses the defendant even if he did the deed.

Many of the proffered affirmative defenses are not defenses at all, but rather attacks on the elements of the causes of action – things that deny the complaint rather than excuse the defendant.  Failure to state a claim is a common attack on a complaint, but it is not listed in F.R.C.P. 8(c)(1).  The First through Third Affirmative Defenses, for example, are direct attacks on the sufficiency of the complaint against the answering defendant.  They are not affirmative defenses.

The proffered affirmative defenses are mostly boiler plate and do not state the facts upon which they are based.

For example, the mitigation defense (Fourth Affirmative Defense) does not state any facts or give any indication how plaintiff could have mitigated his damages.  The primary damages in the complaint stem from anonymous, unsolicited, prerecorded calls.  The damage

from those calls was not continuing – it stopped when plaintiff hung up his telephone. There is no broken window that must be boarded up to keep out the rain. Furthermore, unsolicited prerecorded calls are illegal; what duty or power does plaintiff have to stop illegal activity by unknown persons?

For another example, the estoppel defense (Seventh Affirmative Defense) does not state any facts. What act creates the estoppel? The defense is boilerplate.

Similary, the Ninth Affirmative Defense invokes an affirmative defense of the CLRA, but it does not state any facts supporting that defense. Compare the Ninth to the Tenth Affirmative Defense: the latter alleges that plaintiff did not notify Elite as required by the CLRA.

The Tenth Affirmative Defense cannot use a state affirmative defense to nullify a federal statute. The Supremacy Clause forbids that result. A CLRA affirmative defense should only apply to violations of the CLRA.

## V.   ANSWER'S PRAYER

The Consumer Legal Remedies Act ("CLRA", California Civil Code §§ 1750 et seq) has a one-way attorney's fee provision at Civil Code § 1780(d):

> The court shall award court costs and attorney's fees to a prevailing plaintiff in litigation filed pursuant to this section. Reasonable attorney's fees may be awarded to a prevailing defendant upon a finding by the court that the plaintiff's prosecution of the action was not in good faith.

There is no allegation of bad faith against the plaintiff. If one should arise later, the defendant may seek leave to amend.

# VI.    CONCLUSION

Plaintiff prays that the Court strike the referenced portions of EliteSecurity.US, LLC's Answer.

Respectfully submitted,

Dated: April 22, 2008                    __/s/_____
                                         Gerald Roylance

1  Gerald Roylance
   1168 Blackfield Way
2  Mountain View, CA 94040-2305

3  Phone (650) 948-1790

4  in pro per

5

6

7                    **UNITED STATES DISTRICT COURT**
                  **NORTHERN DISTRICT OF CALIFORNIA (SAN JOSE)**
8

9  GERALD ROYLANCE,                         Case No.: 5:08-CV-01101 JF RS

10         Plaintiff,                        [PROPOSED] ORDER STRIKING
        vs.                                  PORTIONS OF ELITESECURITY.US,
11                                           LLC'S ANSWER
   ADT SECURITY SERVICES, INC.,
12 ELITESECURITY.US, LLC,                    Date:  July 11, 2008
   SEAN HADLOCK,                             Time:  9:00 AM
13 DOES 1-200                                Dept:  3, 5th floor

14         Defendants.                       Judge:         Jeremy Fogel
                                             Magistrate:    Richard Seeborg
15                                           Complaint filed: December 31, 2007
                                             Trial Date:    None Set
16

17      Having weighed the papers and arguments in this matter, the following portions of the

18 Answer of EliteSecurity.US, LLC are stricken with leave to amend unless otherwise stated:

19      Paragraph 2

20
        Paragraph 3 where it says "The remaining allegations are denied due to lack of
21
   sufficient information and belief"
22

23      Paragraph 12

24
        Paragraph 14
25
        Paragraph 16

1

Paragraph 17

Paragraph 21

Paragraph 30

Paragraph 43

Paragraph 48

Paragraph 50

Paragraph 51

Paragraph 61

Paragraph 73

Paragraph 85

The FIRST AFFIRMATIVE DEFENSE without leave to amend

The SECOND AFFIRMATIVE DEFENSE without leave to amend

The THIRD AFFIRMATIVE DEFENSE

The FOURTH AFFIRMATIVE DEFENSE

The FIFTH AFFIRMATIVE DEFENSE without leave to amend

The SIXTH AFFIRMATIVE DEFENSE

The SEVENTH AFFIRMATIVE DEFENSE

The NINTH AFFIRMATIVE DEFENSE

1  The TENTH AFFIRMATIVE DEFENSE where it says "complaint, and each cause of
2  action alleged therein," and replace with "Second Cause of Action" with leave to amend the
3  entire TENTH AFFIRMATIVE DEFENSE.
4  
5  The prayer "for its recoverable attorney's fees and costs" at Answer page 10, line 20
6  IT IS SO ORDERED.
7
8  Dated: _____        _____
9                                  United States District Court Judge