Gerald Roylance
1168 Blackfield Way
Mountain View, CA 94040-2305

Phone (650) 948-1790

in pro per

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA (SAN JOSE)**

| | |
|---|---|
| GERALD ROYLANCE,<br><br>           Plaintiff,<br>      vs.<br><br>ADT SECURITY SERVICES, INC.,<br>ELITESECURITY.US, LLC,<br>SEAN HADLOCK,<br>DOES 1-200<br><br>           Defendants. | Case No.: 5:08-CV-01101 JF RS<br><br>REPLY RE MOTION TO STRIKE THE ANSWER OF ADT SECURITY SERVICES, INC.<br><br>F.R.C.P. 12(f)<br><br>Date:  May 9, 2008<br>Time:  9:00 AM<br>Dept:  3, 5th Floor<br><br>Judge:           Jeremy Fogel<br>Magistrate:      Richard Seeborg<br>Complaint filed: December 31, 2007<br>Trial Date:      None Set |

## I.   INTRODUCTION

Plaintiff seeks to strike the Answer of ADT Security Services, Inc. ("ADT") and enter its default. ADT has responded to the motion, but ADT has not argued the merits. Instead, it pleads that the court should overlook its filing faults, forgive its ignorance, and relabel its affirmative defenses as denials in some unspecified manner.

ADT is standing in court today with an unsigned Notice of Removal, in default in state court, and an improperly served and defective answer in federal court.

## II. **FACTS**

Plaintiff filed this action in state court on December 31, 2007. ADT was served by certified mail on January 17, 2008. Under California law, its answer in state court was due on February 26, 2008. On Friday, February 22, 2008, ADT filed a defacto unsigned Notice of Removal in federal court.

The signature on the Notice of Removal is "Connie L. Benson". (Notice of Removal 4:20.) She is not an attorney of record as required by F.R.C.P. 11(a). Her printed name, address, and telephone number do not appear on the document. On March 4, 2008, plaintiff emailed attorneys Long, Tang, and Benson pointing out that and other defects. (Declaration of Gerald Roylance, ¶ 3.)

The signature defect has not been corrected. Under F.R.C.P. 11(a), such a pleading must be struck. Effectively, there is no Notice of Removal, so there is no 5-day extension of time to answer. ADT had to answer by February 26, 2008, but it did not answer by then. The answer should be struck.

The Notice of Removal stated that it would be filed promptly with the state court. (Notice of Removal ¶ 14.) It was not promptly filed in state court. The Notice of Removal was not filed in state court until February 29, 2008. (Docket Document 13, Certificate of Service of Notice to Adverse Party of Removal to Federal Court.)

Consequently, ADT is in default in state court. ADT should have filed the Notice of Removal in state by the response due date of February 26, but it did not.

Plaintiff wanted to file a Request for Entry of Default in state court on February 27. (Declaration of Gerald Roylance in support of Reply re Motion to Strike the Answer of ADT

2

Reply re Motion to Strike the Answer of ADT Security Services, Inc.

Security Services, Inc., ¶ 2.)  Until the Notice of Removal is filed in state court, both state and federal courts have joint jurisdiction.  A default in state court would be effective in both courts.  Patrick Long, however, represented to plaintiff that he had a state-conformed copy of the Notice of Removal dated February 22.  (Declaration of Gerald Roylance in support of Reply re Motion to Strike the Answer of ADT Security Services, Inc., ¶ 2; see also Declaration of Gerald Roylance in support of Motion to Enter ADT's Default, ¶ 2.)  Long's false representation prejudiced plaintiff's ability to seek a default in state court.  (Declaration of Gerald Roylance in support of Reply re Motion to Strike the Answer of ADT Security Services, Inc., ¶ 2; see also Declaration of Gerald Roylance in support of Motion to Enter ADT's Default, ¶ 3.)

But for Long's misrepresentation, plaintiff would have obtained a state default.

Plaintiff requested that the federal clerk enter the default of ADT on February 28, five calendar days after the Notice of Removal was filed.  The clerk declined entry.  At the time, plaintiff did not know that 5 days meant 5 court days.

ADT filed an Answer in federal court on Friday, February 29, 2008 – appropriately 5 court days after filing the Notice of Removal.  The proof of service of the Answer asserts it was mailed on February 29, but it is uncontroverted that the Answer was not served until March 3.  The service was done under California rules, and CCP 1013a(3) states, "Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing contained in the affidavit."

Defendants do not contest the late service.  The service is invalid.  Plaintiff has not been served.  The answer should be struck and a default entered.

## III. ADT'S OPPOSITION TO STRIKING PARTICULAR PARAGRAPHS

Plaintiff also seeks to strike several portions of ADT's answer. ADT's Opposition does not touch on the merits of those requests. Several of ADT's answers seek refuge in ignorance when ADT should not be ignorant. ADT stands on its feigned ignorance.

ADT does not contest the substance of plaintiff's objections.

## IV. ADT'S OPPOSITION TO STRIKING AFFIRMATIVE DEFENSES

Neither does ADT justify its improper affirmative defenses. It suggests that the defenses were mislabeled and should be construed as additional denials, but that is not the tenor of the labeled affirmative defenses. They do not state facts, so they do not focus the controversy. How can plaintiff oppose an ethereal estoppel? For the most part, the affirmative defenses are unsupported boilerplate defenses that were submitted without a reasonable belief in their relevance. Such a submission violates F.R.C.P. 11(b).

Some "mislabeled" affirmative defenses cannot possibly be construed as a denial. Invoking estoppel or laches is not a denial. ADT has not explained how or why any of its affirmative defenses should be construed as a meritorious denial.

ADT's response should be treated as an admission that its affirmative defenses are defective. ADT has not challenged plaintiff's authorities. ADT has not explained how its defenses have merit.

ADT wants a world where it can blithely assert unsupported Affirmative Defenses. That is not the way pleading is supposed to work – even if almost every attorney out there does it. A plaintiff is entitled to notice of the facts constituting an affirmative defense. ADT, by its silence, does not dispute that requirement.

4

Reply re Motion to Strike the Answer of ADT Security Services, Inc.

Plaintiff regrets inadvertently omitting the Ninth Affirmative Defense, which is merely a reservation of other defenses.  Plaintiff requests the court strike it on its own motion.

## V.    CONCLUSION

Plaintiff asks the Court to strike the Answer of ADT Security Services, Inc. and enter its default.

In the alternative, plaintiff asks that portions of the Answer be stricken.  ADT is required to offer a meritorious pleading, but it has invoked denials on a lack of information and belief when it should have that information or the information is easily accessible through public records.  ADT, for example, claims ignorance of its settlement with the Federal Trade Commission (Complaint, ¶ 61).

The requested Affirmative Defenses should be struck because they are general denials, irrelevant, or unsupported by factual allegations.

In addition, plaintiff asks that the court strike the Ninth Affirmative Defense on its own motion.

                                  Respectfully submitted,

Dated: April 23, 2008                    __/s/_____
                                            Gerald Roylance

Gerald Roylance
1168 Blackfield Way
Mountain View, CA 94040-2305

Phone (650) 948-1790

in pro per

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA (SAN JOSE)

| | |
|---|---|
| GERALD ROYLANCE,<br><br>            Plaintiff,<br>     vs.<br><br>ADT SECURITY SERVICES, INC.,<br>ELITESECURITY.US, LLC,<br>SEAN HADLOCK,<br>DOES 1-200<br><br>            Defendants. | Case No.: 5:08-CV-01101 JF RS<br><br>DECLARATION OF GERALD ROYLANCE IN SUPPORT OF REPLY RE MOTION TO STRIKE THE ANSWER OF ADT SECURITY SERVICES, INC.<br><br>Date:  May 9, 2008<br>Time:  9:00 AM<br>Dept:  3, 5th Floor<br><br>Judge:              Jeremy Fogel<br>Magistrate:       Richard Seeborg<br>Complaint filed:  December 31, 2007<br>Trial Date:         None Set |

Gerald Roylance declares

   1. Given under penalty of perjury.

   2. On the morning of February 27, I called Attorney Patrick Long and asked if he had filed the Notice of Removal in state court. I had checked the state docket, but it did not show such a filing. He would call me back after checking with someone who was not yet at work. While I was waiting, I filled out the state forms for requesting the default of ADT. Mr. Long called back. He represented that the Notice of Removal had been filed in state court on February 22, and he

1

Declaration of Gerald Roylance in support of Reply re Motion to Strike the Answer of ADT Security Services, Inc.

1  represented that he had a conformed copy of the state filing.  Because Mr. Long represented the

2  Notice had been filed, I did not file the forms in state court.

3      3.  On March 4, 2008, I sent an email to attorneys Long, Tang, and Benson.  A true and

4  correct copy of the email (omitting extraneous header information) is:

```
Message-ID: <BAYC1-PASMTP09BF549F3430D4447D1E2ECF100@CEZ.ICE>
Return-Path: glroylance@msn.com
Received: from centre ([4.182.36.146]) by BAYC1-PASMTP09.CEZ.ICE over TLS
secured channel with Microsoft SMTPSVC(6.0.3790.2668);
     Tue, 4 Mar 2008 09:44:29 -0800
From: "Gerald Roylance" <GLRoylance@email.msn.com>
To: "Patrick A. Long" <palong@lw-d.com>,
     "Abraham H. Tang" <ahtang@lw-d.com>,
     "Connie L. Benson" <clbenson@lw-d.com>
Cc: <glroylance@email.msn.com>
Subject: FRCP 11 Requirements
Date: Tue, 4 Mar 2008 09:44:23 -0800
MIME-Version: 1.0
Content-Type: text/plain;
    charset="iso-8859-1"
Content-Transfer-Encoding: quoted-printable
X-Mailer: Microsoft Office Outlook 11
X-MIMEOLE: Produced By Microsoft MimeOLE V6.00.2900.3198
Thread-Index: Ach+H2IUmEOIeBU+QM63rkzWtxCQIA==
X-OriginalArrivalTime: 04 Mar 2008 17:44:30.0521 (UTC)
FILETIME=[66491290:01C87E1F]

Dear Attorneys:

Federal Rule of Civil Procedure 11 places particular requirements upon those
who present pleadings to the Court.  Plaintiff hereby puts ADT Security
Services, Inc. and its attorneys on notice of defects in certain pleadings
and its duty to correct.

The ZIP Code for Long Williamson & Delis on several papers is incorrect.

The Notice of Removal was signed by Connie L. Benson.  It was not signed by
an attorney of record in the party's name.  The signing attorney did not
state the signer's name, address, State Bar Number, and telephone number.

Notice of Removal ¶ 14 stated that it would be promptly filed with the state
court.  The Notice of Removal was not filed until one week later. (I am also
perturbed that Mr. Long represented to me that he had a conformed copy dated
Feb 22 of the state court filing.)

The Certification of Interested Entities or Persons was not signed by an
attorney of record.  The signing attorney did not state the signer's name,
address, State Bar Number, and telephone number.

The Certification did not identify the proper legal name of EliteSecurity.US,
LLC.
```

2

Declaration of Gerald Roylance in support of Reply re Motion to Strike the Answer of ADT Security Services, Inc.

```
Furthermore, the Certification omitted Defendant Sean Hadlock.
Jerry
```

    4.  Executed in Mountain View, CA.

                                          Respectfully submitted,

Dated: April 23, 2008                __/s/_____
                                              Gerald Roylance

3

Declaration of Gerald Roylance in support of Reply re Motion to Strike the Answer of ADT Security Services, Inc.