1  Gerald Roylance
   1168 Blackfield Way
2  Mountain View, CA 94040-2305

3  Phone (650) 948-1790

4  in pro per

5

6

7              **UNITED STATES DISTRICT COURT**
        **NORTHERN DISTRICT OF CALIFORNIA (SAN JOSE)**
8

9  GERALD ROYLANCE,                    Case No.: 5:08-CV-01101 JF RS

10           Plaintiff,                NOTICE OF MOTION AND MOTION TO
                                       STRIKE THE ANSWER OF SEAN
         vs.                           HADLOCK AND ENTER DEFAULT
11
   ADT SECURITY SERVICES, INC.,
12 ELITESECURITY.US, LLC,              F.R.C.P. 12(f)
   SEAN HADLOCK,                       F.R.C.P. 55(c)
13 DOES 1-200
                                       Date:  July 11, 2008
14           Defendants.               Time:  9:00 AM
                                       Dept:  3 5th Floor
15
                                       Judge:         Jeremy Fogel
16                                     Magistrate:    Richard Seeborg
                                       Complaint filed:  December 31, 2007
17                                     Trial Date:    None Set

18 NOTICE TO Defendant Sean Hadlock and his attorneys:

19         Plaintiff's Motion to Strike the Answer of Sean Hadlock and Enter Default has been set

20 for hearing on July 11, 2008, at 9:00 AM or as soon thereafter as the matter may be heard, in

21 Department 3 5th Floor of the above-entitled court, located at 280 S. 1st Street, San Jose, CA,

22 95113.

23

24         Plaintiff moves that all or portions of Sean Hadlock's ("Hadlock") Answer be stricken

25 under FRCP 12(f).  The grounds for this motion are:

The entire Answer should be stricken because the clerk should have promptly entered the default of Hadlock when plaintiff requested that default for failure to respond or otherwise defend.  The Court should strike the Answer and enter Hadlock's default.

The entire Answer should be stricken for failure to properly sign the Answer as required by F.R.C.P. 11(a).  Sean Hadlock was informed of the defect in the Answer on April 8, 2008. (Document 50, Reply to Sean Hadlock's Opposition to his Entry of Default, 3:13-15.)  F.R.C.P. 11(a) requires that the Court strike the pleading:  "The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention."  A reasonable time has passed, and the defect has not been corrected promptly.  The court should strike the Answer and enter Hadlock's default.

Paragraph 2 should be stricken.  The information is available in public records, so Defendant has no basis for a lack of information and belief.

Paragraph 3 should be stricken.  The information is available in public records, so Defendant has no basis for a lack of information and belief.  See Utah corporation database at https://secure.utah.gov/bes/action/index.

Paragraph 5 should be stricken.  Internet domain registrations are public records that are easily ascertained on line from websites such as http://www.register.com.

Paragraph 12 should be stricken.  Defendant should be able to use a telephone directory. There's an online directory at http://www.anywho.com.

Paragraph 43 should be stricken.  Defendant should be able to determine whether a particular day is a Sunday, and whether a Sunday is a "business day" under the statute.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

The FIRST AFFIRMATIVE DEFENSE should be stricken because it is not an affirmative defense but rather a direct attack on the elements. An affirmative defense is one that excuses the defendant despite the allegations in the complaint being true. A failure to state sufficient facts is a direct attack. Furthermore, the defense does not identify any particular defect in the pleading.

The SECOND AFFIRMATIVE DEFENSE should be stricken because it is not a defense nor does it state facts supporting the defense. The defense claims comparative fault, but does not state facts supporting the comparative fault.

The THIRD AFFIRMATIVE DEFENSE should be stricken because it does not state any facts that support a mitigation of damages defense. It does not put plaintiff on notice. It does not identify what plaintiff should or should not have done. The defense does not identify any source of continuing damage that plaintiff had a duty to mitigate. There were no continuing damages. Plaintiff spent money sending a fax to cancel any purported home solicitation contract; plaintiff mitigated any contract damages. Furthermore, an equitable defense is inappropriate for a statutory violation. The defense does not make sense.

The FOURTH AFFIRMATIVE DEFENSE should be stricken because it does not state any facts that support an estoppel. The defense does not identify the "conduct and activities" that plaintiff undertook that caused defendants to make the unsolicited, anonymous, prerecorded, calls that are the subject of this complaint.

The FIFTH AFFIRMATIVE DEFENSE should be stricken because it does not state any facts that identify "conduct and activities" that constitute a consent and waiver.

1

2          The SIXTH AFFIRMATIVE DEFENSE should be stricken because it does not state

3    any facts that support the doctrine of unclean hands.  The defense does not state what bad act the

4    plaintiff did to dirty his hands.

5          The SEVENTH AFFIRMATIVE DEFENSE should be stricken because it is not a

6    defense but rather an attack on the elements.

7          The EIGHTH AFFIRMATIVE DEFENSE should be stricken because it does not state

8    facts.  It does not identify the others who are responsible for the bad acts.  This defense is really a

9    direct attack on the elements.

10         The NINTH AFFIRMATIVE DEFENSE should be stricken because it is not a defense

11   and does not state any facts.  A reservation of other defenses is not a defense.

12         The words "for attorney's fees" should be stricken.  The attorney fees provision in the

13   Consumer Legal Remedies Act is one-sided in favor of the plaintiff.  A prevailing defendant only

14   gets attorneys' fees if plaintiff acts in bad faith.  There's no allegation of bad faith.

15

16         The motion is based on this Notice, the attached Memorandum of Points and

17   Authorities, the Declaration of Gerald Roylance in support of this motion, the papers, records

18   and file in this action, and such oral and documentary evidence as may be presented at the

19   hearing on the motion.

20

21                              Respectfully submitted,

22

23   Dated: April 28, 2008                 __/s/_____

24                                          Gerald Roylance

25

Gerald Roylance
1168 Blackfield Way
Mountain View, CA 94040-2305

Phone (650) 948-1790

in pro per

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA (SAN JOSE)**

| | |
|---|---|
| GERALD ROYLANCE,<br><br>       Plaintiff,<br><br>   vs.<br><br>ADT SECURITY SERVICES, INC.,<br>ELITESECURITY.US, LLC,<br>SEAN HADLOCK,<br>DOES 1-200<br><br>       Defendants. | Case No.: 5:08-CV-01101 JF RS<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE THE ANSWER OF SEAN HADLOCK AND ENTER DEFAULT<br><br>Date:   July 11, 2008<br>Time:  9:00 AM<br>Dept:  3 5th Floor<br><br>Judge:           Jeremy Fogel<br>Magistrate:      Richard Seeborg<br>Complaint filed:  December 31, 2007<br>Trial Date:      None Set |

## I.    <u>INTRODUCTION</u>

Plaintiff asks the Court to strike the Answer of Sean Hadlock ("Hadlock") and enter his default for failure to respond within the time specified in F.R.C.P. 55(c) and for failure to sign a pleading as required by F.R.C.P. 11(a).

In the alternative, plaintiff asks that portions of the Answer be stricken. Hadlock is required to offer a meritorious pleading, but he has invoked denials on a lack of information and belief when he should have that information or the information is easily accessible through public records. Some of his Affirmative Defenses are inappropriate or fail to state facts.

1

## II.    **FACTS**

Plaintiff filed the complaint on December 31, 2007.  Plaintiff attempted certified mail service on Sean Hadlock on January 17, 2007, but that service failed.  In a second effort, certified mail service was mailed to Hadlock at his residence on February 22, 2008.  That same day, ADT Security Services, Inc. ("ADT") filed its Notice of Removal in federal court, but ADT did not promptly file the Notice of Removal in state court.  Hadlock signed the certified mail return receipt on February 26, 2008, while the state court still had jurisdiction.  ADT filed its Notice of Removal in state court on February 29, 2008.

Under state law, Sean Hadlock's answer was due 40 days after February 22, which would be April 2, 2008.

Plaintiff spoke to Robert J. Hadlock, Sean Hadlock's attorney, on April 3, 2008.  Robert J. Hadlock told plaintiff he had a copy of the notice of removal.  More significantly, Robert J. Hadlock told plaintiff that he had not prepared an answer for either state or federal court. Instead, Robert J. Hadlock claimed he was waiting for plaintiff to respond to his March 10, 2008 letter.  (Declaration of Gerald Roylance ¶ 3.)

Plaintiff requested that the Clerk enter Sean Hadlock's default on April 4, 2008.

An attorney for another defendant informed Robert J. Hadlock of the request for default.  (Document 48, 1:26.)

Purportedly, William D. Chapman filed Sean Hadlock's Answer in federal court on April 8, 2008.  William D. Chapman did not sign the Answer.  The Answer appears to be signed by Robert J. Hadlock "for" William D. Chapman.

1    Purportedly, William D. Chapman filed Defendant Sean Hadlock's Opposition to

2    Plaintiff's Request to Enter Default (Docket Document 48) in federal court on April 8, 2008.

3    William D. Chapman did not sign the Opposition.  The Answer appears to be signed by Robert J.

4    Hadlock "for" William D. Chapman.

5        The Clerk declined to enter Hadlock's default.

6

7                    III.    **AUTHORITY**

8        The authority for a motion to strike is at F.R.C.P. 12(f).

9

10       An answer or other pleading filed beyond the time permitted by the F.R.C.P. may be

11   stricken as untimely if the pleader failed to obtain an extension of time to file.  [*Canady v. Erbe*

12   *Elektromedizin Gmbh* (D DC 2004 ) 307 F.Supp.2d 2, 7.]

13       F.R.C.P. 11(a) requires that a pleading be signed by a lead attorney in that attorney's

14   name.  The lead attorney in this matter appears to be William D. Chapman.  On the docket, Sean

15   Hadlock's attorney is William D. Chapman; Robert J. Hadlock is not listed on the docket party

16   list.  Robert J. Hadlock's name is on the Answer at 1:1, but Robert J. Hadlock did not sign the

17   answer in his own name as required by F.R.C.P. 11(a), but rather signed it in Chapman's name.

18   It is not even clear that Robert J. Hadlock is an attorney who is admitted to practice in the United

19   States District Court, Northern District of California.  If Robert J. Hadlock is an admitted

20   attorney, then he has apparently violated General Order 45(IV) because he has not filed his ECF

21   appearance in this matter.  The court records do not show him as a lead attorney.

22

23       Affirmative defenses need a factual basis, but most of the proffered affirmative defenses

24   are boilerplate defenses devoid of facts or details.  Affirmative defenses of waiver, estoppel, and

25   unclean hands were stricken where the defenses were alleged as conclusions without any factual

---

3

basis because plaintiff was deprived of fair notice of the defense and its grounds.  [*Qarbon.com Inc. v. eHelp Corp.* (ND CA 2004) 315 F.Supp.2d 1046, 1049-1050.]

Affirmative defenses may be stricken where the defense is clearly irrelevant and frivolous and its removal would avoid spending unnecessary time and money litigating the defense.  [*SEC v. Gulf & Western Industries, Inc.* (D DC 1980) 502 F.Supp. 343, 345.]

Irrelevant matters may be stricken where they have no bearing on the matter to be litigated.  [*LeDuc v. Kentucky Central Life Ins. Co.* (ND CA 1992) 814 F.Supp. 820, 830.

F.R.C.P. 11(b) requires that representations to the court are to the pleader's best information and belief and the result of a reasonable inquiry.  Furthermore, the contentions must be reasonable, warranted, and supported by evidence.

## IV.    FAILURE TO PLEAD

Defendant Sean Hadlock failed to plead or otherwise defend within the allotted time. Plaintiff asked the Clerk to enter his default, but for reasons unknown to the plaintiff, the Clerk declined.  Plaintiff supplied the clerk with the request for default, a proof of service, and a declaration supporting the default.

Hadlock made no effort to plead in either state or federal court by the deadline.  After time expired, attorney Robert J. Hadlock told plaintiff that he was waiting for a response to the March 10 letter before he did anything.  (Declaration of Gerald Roylance, ¶ 3.)  The March 10 letter did not ask for a response: it asked plaintiff to dismiss Sean Hadlock or else Sean Hadlock would answer the suit.  (Id, ¶ 4.)  Attorney Robert J. Hadlock should not have sat on his hands.

Robert J. Hadlock told the Court in Document 48 that he "was put in a position where he has had to draft a new answer "from scratch.""  That suggests Robert J. Hadlock had drafted

4

an answer for state court, but Robert J. Hadlock's story does not support that suggestion. Robert J. Hadlock claims there are "much more stringent pleading requirements in federal court, as opposed to California state court". The distinction is specious. Plaintiff filed a verified complaint in state court, so plaintiff is required to address each paragraph of the complaint in either jurisdiction. An answer drafted under California rules would serve in federal court.

Robert J. Hadlock's declaration in Document 48 is telling. He wanted a world where he could ignore service of the complaint in state court because he had heard of the removal ("filing an answer in state court would be a futile act" [Id, ¶ 4]), but then ignore service of the complaint in federal court because he had not received "formal notice" of the removal. When plaintiff spoke to Robert J. Hadlock, he told plaintiff he had a copy of the Notice of Removal, so plaintiff did not need to send him one. (Declaration of Gerald Roylance, ¶ 3.)

Robert J. Hadlock made a deliberate strategic choice to ignore service of summons. He knew he needed to respond to the complaint for his client, but he chose to ignore that requirement. Only when confronted with a Request for Entry of Default, did Robert J. Hadlock act. There was no mistake or inadvertence.

## V.    <u>REASONABLE INQUIRY</u>

Pleading must be the result of reasonable inquiry. Many facts denied on a lack of information or belief can be ascertained by searches on the Internet. Telephone subscriptions and corporate records are readily available.

Regulations promulgated by the Federal Trade Commission require that sellers and telemarketers keep certain records for a period of 24 months. (16 C.F.R. § 310.5.) The required information includes telemarketing scripts, employee names, aliases, and home addresses.

# VI.   AFFIRMATIVE DEFENSES

Affirmative defenses excuse the defendant from liability even if the allegations of the complaint are true.  F.R.C.P. 8(c)(1) states "In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense…".  The rule goes on to list affirmative defenses such as waiver, estoppel, and statute of limitations.  The example affirmative defenses are not direct attacks on the elements of complaint.  Failure to state a cause of action is not an affirmative defense.  It is not of the ilk given in the list.

The proffered affirmative defenses are mostly boiler plate and do not state the facts upon which they are based.  Plaintiff is entitled to notice of facts underlying an affirmative defense.

Defendant does not support his claims of plaintiff's failure to mitigate damages or even identify any continuing damage that could be mitigated.  Plaintiff's injury from the prerecorded calls ended when plaintiff hung up the telephone.  Plaintiff also alleged making do-not-call requests and faxing a cancellation notice.

Defendant does not identify any act that created an estoppel.  There's no prior litigation in this matter for res judicata.  Hadlock admits that there was no prior business relationship or consent.

Defendant does not identify any act that constituted a waiver.  The Consumer Legal Remedies Act states that a waiver is against public policy.  (Civil Code § 1751.)  The FCC has clearly stated that pressing 1 does not create consent.  In paragraph 142 of the FCC's July 2003 Report and Order they state that:  "Purporting to obtain consent during the call, such as requesting that a consumer "press 1" to receive further information, does not constitute the *prior* consent necessary to deliver the message in the first place, as the request to "press 1" is part of

6

1    the telemarketing call." (*Report and Order*, 68 F.R. 44144, ¶ 142, July 25, 2003, emphasis in

2    original.)

3         Defendant does not identify how plaintiff dirtied his hands.  Plaintiff did not participate

4    in an illegal telemarketing scheme; plaintiff was a victim of that scheme.  Plaintiff sought to

5    identify the anonymous callers, but that cannot be construed as dirtying plaintiff's hands.

6

7         A reservation of further affirmative defenses is not an affirmative defense.  The time to

8    plead is now.  If Defendant discovers another affirmative defense in the future, then Defendant

9    may move to amend his pleading to add that defense.

10

11                              **VII.   <u>CONCLUSION</u>**

12         Plaintiff prays that the Court strike the Answer and enter Defendant's default.  Failing

13    that, the Court should strike portions of the Answer.

14

15                                   Respectfully submitted,

16

17    Dated: April 28, 2008              __/s/_____
                                         Gerald Roylance

18

19

20

21

22

23

24

25

1  Gerald Roylance
   1168 Blackfield Way
2  Mountain View, CA 94040-2305

3  Phone (650) 948-1790

4  in pro per

5

6

7                    **UNITED STATES DISTRICT COURT**
                **NORTHERN DISTRICT OF CALIFORNIA (SAN JOSE)**
8

9  GERALD ROYLANCE,                    Case No.: 5:08-CV-01101 JF RS

10                Plaintiff,           DECLARATION OF GERALD ROYLANCE
           vs.                         IN SUPPORT OF MOTION TO STRIKE THE
11                                     ANSWER OF SEAN HADLOCK AND
   ADT SECURITY SERVICES, INC.,        ENTER DEFAULT
12 ELITESECURITY.US, LLC,
   SEAN HADLOCK,                       Date:   July 11, 2008
13 DOES 1-200                          Time:   9:00 AM
                                       Dept:   3 5th Floor
14                Defendants.
                                       Judge:              Jeremy Fogel
15                                     Magistrate:         Richard Seeborg
                                       Complaint filed:    December 31, 2007
16                                     Trial Date:         None Set

17 Gerald Roylance declares

18     1.  I am a resident of California over the age of eighteen and am the Plaintiff in the above-

19 captioned action.  I make this Declaration based upon my own personal knowledge, and if called

20 as a witness to testify as to these matters, I could and would competently testify that the matters

21 set forth below are true and correct.

22

23     2.  Robert J. Hadlock sent me a letter dated March 10, 2008.  I saw no reason to reply to

24 Robert J. Hadlock's letter.  The letter wanted me to dismiss the case against Sean Hadlock with

25 prejudice.  Robert J. Hadlock's letter did not ask to discuss the case.  The letter told me that I

---

1

should dismiss Sean Hadlock with prejudice or answer the enclosed discovery requests within 35 days. If I did not dismiss, then Sean Hadlock would answer the complaint.

3. I called Robert J. Hadlock on April 3, 2008 – the day after Sean Hadlock's response was due. I wanted to find out whether Sean Hadlock had filed an answer. If Hadlock had attempted to file an answer in state court, then I would not have requested a default. Robert J. Hadlock told me that he did not prepare any answer because he was waiting for me to respond to the March 10 letter. My main purpose for this call was very clear: I wanted to find out if there were an answer for either state or federal court. Consequently, I was not interested in finding out whether Hadlock intended to file an answer sometime in the future because Hadlock was already in default. Since Hadlock had done nothing toward answering the complaint, I believed a default would be appropriate. Robert J. Hadlock knew about the Notice of Removal. He did not say he was waiting for formal service of the Notice of Removal before responding to the complaint. I asked if I should send him a copy of the Notice, but he told me no. He already had a copy. He asked for an extension of time to file, but I refused. I asked that he withdraw his discovery requests, but he refused.

4. After the telephone call, I re-read Robert J. Hadlock's March 10, 2008, letter to make sure that it did not require a response. The letter summarizes my action against Sean Hadlock. Only the last paragraph asked me to do anything, but it clearly said if I did not do anything, then Sean Hadlock would answer the complaint. The discovery requests also showed that the lawsuit was proceeding. The last paragraph states in its entirety (emphasis added):

> We suggest you dismiss your case against Mr. Hadlock immediately. Mr. Hadlock would be willing to enter into an agreement whereby in exchange for dropping your meritless suit against him personally he will promise never to call you again for any reason. **Otherwise, we will answer your complaint** and vigorously defend the matter by all legal means at our disposal. Toward that end,

1       we are serving you with a set of Form Interrogatories and Demand for Production
    of Documents, which you will be required to respond to within 35 days unless
2   you dismiss this action against Mr. Hadlock with prejudice.

3       5.  Sean Hadlock had not responded or otherwise defended the complaint within the

4   allotted time, so I sought his default from the Clerk.

5   

6       6.  On information and belief, Sean Hadlock is not on active military duty.

7       7.  The above statements are given under penalty of perjury.  Executed in Mountain View,

8   CA.

9                               Respectfully submitted,

10  

11  

12  Dated: April 28, 2008                    __/s/_____
                                              Gerald Roylance

13  

14  

15  

16  

17  

18  

19  

20  

21  

22  

23  

24  

25  

5:08-CV-01101 JF RS:  Declaration of Gerald Roylance in support of Motion to Strike the Answer of Sean Hadlock
and Enter Default

1  Gerald Roylance
   1168 Blackfield Way
2  Mountain View, CA 94040-2305

3  Phone (650) 948-1790

4  in pro per

5

6

7              **UNITED STATES DISTRICT COURT**
8       **NORTHERN DISTRICT OF CALIFORNIA (SAN JOSE)**

| | |
|---|---|
| GERALD ROYLANCE, | Case No.: 5:08-CV-01101 JF RS |
| Plaintiff, | [PROPOSED] ORDER STRIKING SEAN |
| vs. | HADLOCK'S ANSWER AND ENTERING |
| | ITS DEFAULT |
| ADT SECURITY SERVICES, INC., | |
| ELITESECURITY.US, LLC, | Date:  July 11, 2008 |
| SEAN HADLOCK, | Time:  9:00 AM |
| DOES 1-200 | Dept:  3 5th Floor |
| Defendants. | Judge:            Jeremy Fogel |
| | Magistrate:      Richard Seeborg |
| | Complaint filed:  December 31, 2007 |
| | Trial Date:        None Set |

16

17       Having weighed the papers and arguments in this matter, Defendant Sean Hadlock's

18  Answer to the Complaint is stricken and his default shall be entered.

19       IT IS SO ORDERED.

20

21

22  Dated: _____        _____
                                        United States District Court Judge

23

24

25