# ABBOTT, SIMSES & KUCHLER
*A Professional Law Corporation*

| | | | |
|---|---|---|---|
| 400 LAFAYETTE STREET<br>SUITE 200<br>NEW ORLEANS, LOUISIANA 70130<br>TELEPHONE: (504) 568-9393<br>FAX: (504) 524-1933 | 5100 VILLAGE WALK<br>SUITE 200<br>COVINGTON, LOUISIANA 70433<br>TELEPHONE: (985) 893-2991<br>FAX: (985) 898-0383 | 1360 POST OAK BOULEVARD<br>SUITE 1700<br>HOUSTON, TEXAS 77056<br>TELEPHONE: (713) 627-9393<br>FAX: (713) 627-9395 | 210 E. CAPITOL STREET<br>SUITE 1090<br>JACKSON, MISSISSIPPI 39201<br>TELEPHONE: (601) 352-9393<br>FAX: (601) 352-9066 |

REPLY TO:
HOUSTON OFFICE

RICHARD M. SIMSES
*MANAGING DIRECTOR*
HOUSTON OFFICE

Rick-Simses@abbott-simses.com

**Admitted in**
**Texas, Louisiana, and Colorado**

May 15, 2008

Honorable Jeremy Fogel
Judge of the United States District Court
280 South 1st Street
San Jose, California 95113

     RE:    Gerald Roylance v. ADT Security Services, Inc., et al
              Case No. 5:08-CV-01101 JF RS

Dear Judge Fogel:

     As you requested at the hearing on Friday, May 9, 2008, below please find our letter brief regarding the two issues you ordered the parties to address in connection with Plaintiff's Motion to Remand.

**First issue:**    **Was Defendant ADT's representation in the Notice of Removal that Defendant EliteSecurity consented to the removal coupled with EliteSecurity's subsequent filing of its answer sufficient to express consent?**

     Yes. The Ninth Circuit has not yet addressed the exact form that a co-defendant's consent must take to join in the removal. *Dubon v. HBSC Bank Nevada, N.A.*, 2005 WL 2249902 (N.D. Cal.). However, in the *Dubon* case, the court held that although not all the defendants are required to sign the removal notice, they must express their consent in order to achieve unanimity of defendants. *Id.* Although the *Dubon* court went on to grant the remand under the circumstance of that case, *the* case *sub judice* presents a different circumstance and is distinguishable from the facts of *Dubon*.

     In the present case, there is a dispute as to whether EliteSecurity was served with the complaint. No such issue was present in the *Dubon* case. There is an affidavit on file which declares that EliteSecurity was never properly served. EliteSecurity not only granted ADT verbal consent to the removal, but also consented to the removal when it subsequently filed its Answer.

Honorable Judge Fogel
May 15, 2008
Page 2

Further, there is nothing in the Federal Rules that mandates an exact form for a co-defendant's consent to the removal of the case. For example, in the Sixth Circuit, representations made by a co-defendant that other defendants consent to the removal are sufficient to comply with 28 U.S.C. 1446 (a). *Al-Beshrawi v. Arney*, 2006 WL 3097386 (N.D. Ohio). ADT sought the consent of EliteSecurity, obtained such consent and communicated this consent in its Notice of Removal. More importantly, EliteSecurity confirmed its consent to the removal when it filed its Answer. Plaintiff has not been prejudiced and fundamental fairness dictates that ADT, by obtaining the consent of EliteSecurity and advising the court of such consent, complied with the requirements for the Notice of Removal.

**Second issue: Did Plaintiff take affirmative action(s) before he filed his Motion to Remand that constituted a waiver or consent to this Court's jurisdiction?**

Yes. Plaintiff filed several pleadings prior to filing his Motion to Remand that constituted affirmative conduct and served as a waiver or consent to the federal court's assumption of jurisdiction. The following are some of the pleadings that have been filed in this matter:

| | |
|---|---|
| 02/22/08 | Defendant ADT's Notice of Removal |
| 02/28/08 | Plaintiff's Motion for Entry of Default as to Defendant ADT |
| 02/28/08 | Declaration of Gerald Roylance in Support of Motion for Entry of Default |
| 02/29/08 | ADT's Answer to Plaintiff's Complaint |
| 03/03/08 | Plaintiff's Demand for Trial by Jury |
| 03/04/08 | Clerk's Declination of Default as to Defendant ADT |
| 03/13/08 | Plaintiff's Motion for Entry of Default as to Defendant ADT |
| 03/13/08 | Plaintiff's Memorandum in Support of its Motion for Entry of Default as to ADT |
| 03/13/08 | Declaration of Gerald Roylance in Support of Motion for Entry of Default as to ADT |
| 03/13/08 | Plaintiff's Motion to Strike ADT's Answer to Complaint |
| 03/13/08 | Plaintiff's Memorandum in Support of Motion to Strike |
| 03/13/08 | Declaration of Gerald Roylance in Support of Motion to Strike ADT's Answer |
| 03/13/08 | Plaintiff's Motion to Remand |
| 03/13/08 | Plaintiff's Memorandum in Support of Motion to Remand |
| 04/02/08 | Answer of EliteSecurity |
| 04/04/08 | Plaintiff's Motion for Entry of Default of Sean Hadlock |
| 04/08/08 | Defendant Hadlock's Answer |

On February 28, 2008, fourteen days prior to filing his Motion to Remand, Plaintiff filed a Motion for Entry of Default as to Defendant ADT. In *Fletcher v. Solomon*, 2006 WL 3290399 (N.D. Cal.), the Court held that plaintiff's motion for default was "affirmative conduct" invoking the power of the court which could justify denying their motion to remand. Nonetheless, the court went on to grant the Motion to Remand based on the fact that the plaintiff's, at the hearing

Honorable Judge Fogel
May 15, 2008
Page 3


for the Motion to Remand, agreed to dismiss their federal claims with prejudice if the court would grant their motion. Because diversity was not a basis for the removal, the court no longer maintained jurisdiction to hear the case. *Id.* In the case at hand, however, diversity jurisdiction is the basis for the removal. As such, this Honorable Court has jurisdiction to keep the case and a denial of Plaintiff's Motion to Remand is warranted based on his waiver.

The Plaintiff took further affirmative action that constituted a waiver by filing a Demand for Trial by Jury on March 3, 2008, ten days before filing its Motion to Remand. In *Yanow v. Wyerhaeuser Steamship Company*, 250 F.2d 74, (9th Cir. 1957), the Court held that by appearing and moving for jury trial, the plaintiff accepted as true the allegations creating the diversity jurisdiction. Accordingly, Plaintiff consented to this Honorable Court's jurisdiction by requesting a trial by jury before filing his Motion for Remand and it is too late for him to claim otherwise.

While ADT believes that its Notice of Removal in conjunction with EliteSecurity's timely consent and Answer complied with 28 U.S.C. 1446(a), Plaintiff's arguments to the contrary are of no merit since Plaintiff has waived his right to move for remand by taking affirmative action in the case before filing the Motion to Remand.

Respectfully submitted,

/s/

Richard M. Simses


RMS/dw
CC:  ALL parties