# TRIEBSCH & FRAMPTON
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

ROBERT E. TRIEBSCH
RICHARD K. FRAMPTON
J. SCOTT DORIUS
CORY B. CHARTRAND
MICHAEL G. DINI
JAMES B. McDADE

300 NORTH PALM STREET
POST OFFICE BOX 709
TURLOCK, CALIFORNIA 95381-0709

TELEPHONE (209) 667-2300
FAX (209) 667-6157
E-MAIL: mdini@turlocklaw.net

May 15, 2008

Honorable Jeremy Fogel
Judge of the United States District Court
280 South 1st Street
San Jose, CA 95113

Re: *Gerald Roylance v. ADT Security Services, et al.*
Case No.: 5:08 CV-01101 JF (RS)

Dear Judge Fogel:

Please permit this letter brief to state the position of Elitesecurity.US, LLC (hereinafter "Elite") to the issue posed by the Court at the May 9, 2008 hearing on the Motion to Remand: Was ADT's Notice of Removal procedurally sufficient where ADT alleged, on information and belief, Elitesecurity.US, LLC's consent to removal, together with subsequently filed declarations affirming that consent was given within the 30-day period?

Counsel for Elite has not found a case squarely on point addressing whether consent may be alleged on information and belief. However, what is amply clear from the evidence is that within the applicable 30 day period Elite was approached concerning ADT's intent to remove the matter to Federal Court, Elite's consent was sought to removal, and Elite's consent was given. The notice of removal did, in fact, communicate to the court and parties within the applicable 30 day period Elite's consent to removal. On other subsequent occasions, Elite expressly confirmed its assent to removal: On its docket entry when e-filing its answer, in the Affidavit of Michael Birchall, and in its joinder to ADT's opposition to the motion to remand. Elite's answer in the Federal matter can also be viewed as a further expression of assent to removal. See *Hernandez v. Six Flags Magic Mountain, Inc.*, (C. D. Cal. 1988) 688 F.Supp. 560, 562-563 [answer filed sufficient to manifest assent to removal; answer outside 30 day period sufficient where no prejudice to plaintiff].

While the allegation in question is somewhat ambiguous, any perceived defect is fairly characterized as one of form, rather than of substance. The Ninth Circuit has ruled that such formal defects are curable by simple amendment of the removal notice. *Barrow Development Co. v. Fulton Ins. Co.* (9th Cir. 1969) 418 F.2d 316, 317 [Court "firmly convinced" that 28 USC §1653 permits amendment of jurisdiction allegations in removal notice."]. Like the notice at

Honorable Jeremy Fogel
May 15, 2008
Page 2

issue herein, the court in *Barrow Development Co.* permitted amendment because the notice was, at worst, ambiguous. *Id*, at p. 318. An amendment will resolve any perceived ambiguity.

Amendment is permitted after the 30-day removal period provided that the amendment seeks only to clarify defective allegations of jurisdiction rather than to add another basis therefore. *Id.* at p. 317. The defendants' base their removal on diversity jurisdiction. The only potential defect raised by the Court at the time of the hearing is the allegation of consent on information and belief. The perceived defect can be cured by simply rewriting the sentence in question to state that Elite's consent to removal was sought and obtained prior to removal.

It is further noteworthy that the *Barrow Development Co.* court permitted amendment <u>even where the defective allegation went to the very basis for diversity jurisdiction itself</u>: that notice failed to sufficiently assert the diversity of one of the corporate parties. In other words, more serious defects than those at issue in the instant matter are permitted to be cured by amendment, even though such amendment occurs outside the thirty day period. Borrowing a quotation from the 10th Circuit, the 9th Circuit in *Barrow Development Co.* essentially recognized that imperfect allegations of jurisdiction are not the equivalent of an absence of jurisdiction "and would tend unduly to exalt form over substance and legal flaw picking over the orderly disposition of cases properly committed to federal courts." *Id.*, internal quotation marks omitted citing *Hendricks v. New Amsterdam Casualty Co.* (10th Cir. 1968) 390 F.2d 299, 301.

As to the waiver issue, Elite joins in the argument presented by ADT.

For these reasons, and the reasons set forth in the opposing points and authorities and any subsequent letter brief, Elite respectfully requests that the motion to remand be denied.

Very truly yours,

TRIEBSCH & FRAMPTON

/s/

Michael G. Dini

MGD:llh

cc:  All parties via e-filing