Gerald Roylance
1168 Blackfield Way
Mountain View, CA 94040-2305

Phone (650) 948-1790

in pro per

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA (SAN JOSE)**

| | |
|---|---|
| GERALD ROYLANCE,<br><br>        Plaintiff,<br>  vs.<br><br>ADT SECURITY SERVICES, INC.,<br>ELITESECURITY.US, LLC,<br>SEAN HADLOCK,<br>DOES 1-200<br><br>        Defendants. | Case No.: 5:08-CV-01101 JF RS<br><br>SUPPLEMENTAL BRIEF RE MOTION TO REMAND<br><br>Date:  May 9, 2008<br>Time:  9:00 AM<br>Dept:  5 3rd Floor<br><br>Judge:              Jeremy Fogel<br>Magistrate:      Richard Seeborg<br>Complaint filed:  December 31, 2007<br>Trial Date:       None Set |

## I.  INTRODUCTION

At the remand hearing, the Court requested additional briefing on two questions. The first question is whether a failure to formally join in a removal can be cured after 30 days with an affidavit that states consent was given within 30 days. The second question is whether plaintiff's motions (even post motion to remand) operate as a waiver of procedural defects.

The simple version of this brief is this: the Court has doubts about the right to remove, so the court must remand. (*Gaus v Miles, Inc.* (9th Cir. 1992) 980 F.2d 564, 566, stating "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.")

1

5:08-CV-01101 JF RS:  Supplemental Brief re Motion to Remand

## II.   <u>CONSENT AFTER 30 DAYS IS WORTHLESS</u>

Plaintiff's moving papers cited authority that other defendants must formally join or consent to removal within 30 days. "[T]here must be some <u>timely</u> filed written indication from each served defendant… Otherwise there would be nothing in the record to 'bind' the allegedly consenting defendant." (841 F.2d at 1262, emphasis added.) Authority was also given that an attorney's representation that a co-defendant consents to removal is not enough. "[I]t is insufficient for a defendant who has not signed the removal petition to merely advise the removing defendant that it consents to removal and that the removing defendant may represent such consent to the court on its behalf." [*Moore* (W.D.Mo. 2006) No 06-0230-CV-W-REL, citing *In Martin Oil Company* (N.D.W.V. 1993) 827 F.Supp 1236.] The consent must be both formal and timely. It cannot be cured by an untimely filing.

These arguments were raised in plaintiff's moving papers and were not opposed in the ADT's Response. ADT conceded the point and instead decided it only hope was to attack service.

In the present case, the Court is asking whether Birchall's April 15, 2008 affidavit that he consented on February 22 would be a sufficient cure. That question makes no sense at all.

First, the authorities that state an attorney's representation that co-defendants have joined do not attack the veracity of the attorneys' representations but rather binding the defendants. In those cases, the co-defendants would have given their consent for removal to the attorney before the attorney filed the Notice of Removal. The problem is the attorney does not represent the co-defendants and cannot bind them. The court does not allow other counsel to bind parties. All parties must sign stipulations. The co-defendants must voice their consent to the court directly, and they must do it within 30 days.

2

5:08-CV-01101 JF RS:  Supplemental Brief re Motion to Remand

1   Second, allowing any cure after 30 days permits gamesmanship.  A co-defendant might
2   tell the removing defendant yes, but then later say no.  It happens.  Tasty Fries tried to withdraw
3   its formal consent for removal in *Prize Frize v Matrix* (9th Cir. 1999) 167 F.3d 1261 at ¶ 4.  The
4   opinion isn't clear, but it looks like Tasty Fries was bound by its original consent and could not
5   withdraw it.

> The defects in the removal notice were not cured within the thirty-day statutory period permitted for joinder. See Cantrell v. Great Republic Ins. Co., 873 F.2d 1249, 1253 (9th Cir.1989). Indeed, the record shows that defendant Micro Technology, Inc., attempted to orally join at a court hearing weeks after the thirty-day period had expired. (*Prize Frize, Inc. v Matrix (U.S.) Inc.* (9th Cir. 1999) 167 F.3d 1261, ¶ 20)

If there has been any procedural waiver in this, it has been ADT's waiver about obtaining Elite's consent.  Although ADT thought Elite had not been served in the Notice of Removal, it promptly learned from plaintiff that Elite had been served.  That's why plaintiff emailed a copy of the service documents to Attorney Long on February 27, 2008.  The service documents were filed with the court on February 28, 2008.  At that point, ADT should have promptly gotten Elite to file its consent with the Court.  Elite's consent (Document 56) doesn't show up until April 17, 2008.  (Elite's answer, Document 42, filed April 2, 2008, does not express consent for removal despite the docket comment.)  Elite didn't file formal consent until 29 days after plaintiff moved to remand.  Elite did not even file a timely answer in this matter.

### III.   THERE WAS NO PROCEDURAL WAIVER

Plaintiff's actions in federal court do not constitute a waiver.  He sought a ministerial default (not a default judgment) from the Clerk.  Following the plain language of the statute, he moved to remand within 30 days.  A plain reading of the removal statute by a pro-se does not warn against any risk of waiver.  Courts should be transparent.  Plaintiff only sought relief from

3

5:08-CV-01101 JF RS:  Supplemental Brief re Motion to Remand

1  this Court that he could seek in state court.  Plaintiff informed ADT around February 26 that it

2  was too late to remove because Elite had been "received" the summons and complaint 31 days

3  before the removal was filed.  Plaintiff filed motions to strike, but those motions were filed at the

4  same time as the motion to remand, and the motions to strike have not been heard.  The motions

5  to strike simply protect plaintiff's rights should his motion to remand fail.

6  

7  Defendant's original response referred to *Alarcon v Shim Inc*, Slip Copy, 2007 WL

8  2701930, which granted plaintiff's remand despite a "naked request to enter default".  (*Id*, page

9  3.) Alarcon cites the standard: "The type of post-removal conduct that has been held to

10  constitute waiver of the right to remand is "affirmative conduct or unequivocal assent of a sort

11  which would render it <u>offensive</u> to fundamental principles of fairness to remand…""  (*Id*, page 2,

12  emphasis added.)  "Offensive" is a strong word.  *Alarcon* put no weight on ministerial acts such

13  as requesting a default.  (*Id*, page 3.)  The opinion cited "Innovacom, Inc. v Haynes, No. C 98-

14  0068, 1998 WL 1l64933 (N.D.Cal. Mar. 17, 1998) (this Court, granting motion to remand and

15  finding that plaintiff's requests for entries of default and a jury demand did not make it offensive

16  to fundamental principles of fairness to remand.)"  (Id, page 3.)

17  

18  Also on page 3, "plaintiffs here did not file any other motions with this Court or wait

19  until matters were unsuccessfully adjudicated <u>before</u> moving to remand.  *Cf. Koehnen*, 89 F.3d at

20  528 (denying motion to remand where plaintiff moved the district court for leave to file a

21  supplemental complaint, unsuccessfully argued that motion, and only then made its motion to

22  remand)."  [underline of "before" added.]  The implication is Koehnen would have succeeded if

23  the motion to remand had been filed <u>before</u> plaintiff lost the motion to file a supplemental

24  complaint.

25  

4

5:08-CV-01101 JF RS:  Supplemental Brief re Motion to Remand

Examining *Koehnen v Herald Fire Insurance Company* (8th Circuit 1996) 89 F.3d 525, directly, the primary import was the issue of fairness. Koehnen, ¶ 8 states:

> A party objecting to removal must file a motion to remand "within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c). Within thirty days after Herald Fire removed, Koehnen filed a motion to remand on the ground that removal was untimely. However, nine days earlier, Koehnen had moved the district court for leave to file a supplemental complaint against Herald Fire.[FN3] Koehnen vigorously argued that motion, and Magistrate Judge Montgomery ruled in Herald Fire's favor before the district court heard Koehnen's motion to remand. In these circumstances, the court held that Koehnen had waived his right to seek remand. The court explained: "Having received an adverse ruling in federal court [from Magistrate Judge Montgomery], pursuant to his own motion, Koehnen will not be allowed to obtain a 'second bite at the apple' in state court.... Based on Koehnen's affirmative federal court conduct, remand in this matter would be offensive to fundamental principles of fairness." We agree.

The 8th Circuit was apparently willing to let Plaintiff Koehnen move to remand after seeking to file a supplemental complaint – but only if he sought "to withdraw or stay his prior motion until the remand motion could be decided". (*Koehnen*, ¶ 10.)

For completeness, here is ¶ 11:

> Koehnen argues that the 1988 amendment to 28 U.S.C. § 1447(c)4 implicitly abolished the discretionary waiver doctrine by imposing a thirty-day time limit on motions to remand. There is no hint of such an intent in the limited legislative history, which instead manifests a concern that the former § 1447(c) had unwisely allowed litigants to seek remand after receiving unfavorable rulings in federal court. See H.R.Rep. No. 889, 100th Cong., 2d Sess. 72 (1988), reprinted in 1988 U.S.C.C.A.N. 5982, 6033. Like the Fifth Circuit, "we are persuaded that [amended] section 1447(c) is a mere reconstitution of the existing statute and jurisprudence." In re Medscope Marine Ltd., 972 F.2d 107, 109 (5th Cir.1992). Therefore, the district court retained, and did not abuse, the discretion to deny Koehnen's timely motion to remand on the ground that his prior affirmative conduct in federal court had waived his right to seek remand on non-jurisdictional grounds.

In the current case, Plaintiff did not seek remand after unfavorable rulings. The goal of the Court has been to protect the fairness of the proceedings. As was brought out at the hearing, the Court isn't going to decide the motions to strike until the motion to remand has been

5

resolved.  Plaintiff isn't going to get a second bite at the apple.  Interpreting plaintiff's subsequent motions to strike as a waiver would be fundamentally unfair to plaintiff.  Not only would it make the interpretation of the Court's rules Byzantine, it would strip plaintiff of his rights in federal court.  He would not get a first bite at the apple.  Prohibiting a plaintiff from filing motions to strike while he has a pending motion to remand would be fundamentally unfair to the plaintiff.

## IV.   CONCLUSION

Plaintiff prays for remand.  ADT messed up.  It didn't put all its ducks in a row, and now it's grasping at straws.  The interpretation that ADT wants is not a fair one: it wants the court to overlook its procedural failures but handcuff the plaintiff.

As a last point, discovered only after going blind reading opinions, ADT is required to completely allege citizenship of the defendants.  The citizenship of Elite.Security.US, LLC (a limited liability company) is the citizenship of its owners.  Michael Birchall only admits to being one of those owners; ADT has not identified the citizenship of all owners of Elite.

Respectfully submitted,

Dated: May 15, 2008              __/s/_____
                                 Gerald Roylance