**E-filed 5/22/08**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| GERALD ROYLANCE,<br><br>                  Plaintiff,<br><br>    v.<br><br>ADT SECURITY SERV ICES, INC., et al.,<br><br>                  Defendants. | Case Number C 08-1101 JF (RS)<br><br>TENTATIVE RULING[1]<br>(1) GRANTING PLAINTIFF'S MOTION FOR REMAND AND REQUESTING FURTHER BRIEFING TO CLARIFY WHETHER ELITE WAS SERVED WITH THE SUMMONS AND COMPLAINT; AND<br>(2) DEFERRING PLAINTIFF'S MOTION TO STRIKE ADT'S ANSWER<br><br>[re: docket nos. 20, 25] |

    Plaintiff Gerald Roylance ("Roylance"), proceeding *pro se*, moves for remand of this action to the Santa Clara Superior Court and moves to strike the answer of Defendant ADT Security Services, Inc. ("ADT"). For the reasons discussed below, the Court is inclined to grant Roylance's motion for remand, and to defer the motion to strike. The Court will request clarification as to the single issue of whether Elite was served with the summons and complaint in January 2008.

---

[1] This tentative disposition is not designated for publication and may not be cited.

## I. BACKGROUND

On December 31, 2007, Roylance filed this action in the Santa Clara Superior Court, alleging claims for (1) violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, (2) violation of the Consumer Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.*, (3) unfair business practices under Cal. Bus. & Prof. Code § 17200 *et seq.*, and (4) unfair advertising practices under Cal. Bus. & Prof. Code § 17500 *et seq.* Roylance named as defendants ADT, a Delaware corporation with its principal place of business in Florida, Elite Security US, LLC ("Elite"), a Utah limited liability company with its principal place of business in Utah, and individual defendant Sean Hadlock ("Hadlock"), a resident of Utah.

Roylance's claims arise out of the following allegations: he received two pre-recorded messages on his residential telephone line, the first on March 27, 2007 and the second on April 12, 2007. The messages offered a home security system for purchase. Roylance feigned interest, and received a pitch for ADT services. He continued to feign interest, and eventually "Sean" from "Elite Security" called to set up purchase and installation of the system. On April 16, 2007, Roylance received a DHL package containing documents regarding purchase and installation. The documents stated that a transaction had been entered into on April 12, 2007 with ADT; included was a "notice of cancellation" that could be returned to cancel the transaction. Roylance did not believe a transaction had been entered into, but returned the notice of cancellation by facsimile to a long distance telephone number, thus incurring long distance charges. On April 17, 2007, Roylance sent certified demand letters to ADT and Elite, requesting $96,000.

Roylance filed the instant action on December 31, 2007. ADT filed a notice of removal on February 22, 2008. Roylance thereafter unsuccessfully sought a clerk's entry of default with respect to ADT and Hadlock. ADT, Elite and Hadlock all have answered the complaint. Roylance's motions to strike those answers are pending.

## II. MOTION FOR REMAND

Roylance seeks remand on the bases that the removal was procedurally defective and that this Court lacks subject matter jurisdiction over the complaint.

A.   **Subject Matter Jurisdiction**

Turning first to the question of subject matter jurisdiction, it appears that this action was removed on the grounds that the TCPA claim presents a federal question and that there is diversity of citizenship between Roylance and all of the defendants. However, as Roylance points out, the TCPA provides explicitly that an individual may bring a private right of action in *state* court. 47 U.S.C. §§ 227(b)(3), (c)(5). Accordingly, there is no federal question jurisdiction.

Roylance cites *Murphey v. Lanier*, 204 F.3d 911 (9th Cir. 2000), for the proposition that because the TCPA explicitly vests exclusive jurisdiction in the state courts, this Court may not entertain the claim even on the basis of diversity jurisdiction. However, *Murphey* addressed the issue of whether district courts have federal question jurisdiction over TCPA claims; it did not address the issue of diversity jurisdiction. While the Ninth Circuit has not ruled on this issue, several circuit courts and district courts have concluded that although the TCPA does not confer federal question jurisdiction, it does not preclude removal based upon diversity of citizenship. *See Boydston v. Asset Acceptance LLC*, 496 F. Supp. 2d 1101, 1107-08 (N.D. Cal. 2007) (discussing cases).

With respect to diversity jurisdiction, it appears that there is complete diversity of citizenship between Roylance, a resident of California, and all of the defendants. ADT's principal place of business is in Florida, Elite's principal place of business is in Utah, and Hadlock is a resident of Utah. Roylance asserts that he might sue an additional defendant that is a California resident. However, the law is settled that subject matter jurisdiction is determined as of the time of removal. *Sparta Surgical Corp. v. National Ass'n of Securities Dealers, Inc.*, 159 F.3d 1209, 1212 (9th Cir. 1998).

Roylance argues that ADT has not demonstrated that the amount in controversy is greater than $75,000, as required for diversity jurisdiction. *See* 28 U.S.C. § 1332(a). The complaint requests $5,000 in statutory damages for violation of the TCPA, trebled to $15,000, as well as unspecified exemplary and punitive damages, and injunctive relief. However, along with the complaint Roylance filed a request for damages in the amount of $180,000. Moreover,

1  Roylance's demand letter of April 17, 2007 requested $96,000.  Roylance asserts that the request
2  for $180,000 should not be considered because that figure was to be used only in the case of
3  default judgment, and that his pre-litigation demand for $96,000 should not be considered either.
4  Finally, he argues that in three recently filed default prove-ups against three groups of
5  TCPA/CLRA defendants *unrelated to this action*, he sought only $500, $1,000 and $3,000 in
6  punitive damages.
7       It is unclear why Roylance believes that the $180,000 figure should not be considered; if
8  he believes that he would be entitled to that amount upon default judgment, he must believe that
9  the suit is worth that much.  Moreover, a demand letter offering to settle a dispute for a certain
10  figure may be sufficient to establish that the amount in controversy exceeds $75,000.  *Cohn v.*
11  *Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (finding that demand letter offering to settle for
12  $100,000 was sufficient to meet the amount in controversy requirement).  Accordingly, the Court
13  concludes that ADT has demonstrated subject matter jurisdiction on the basis of diversity of
14  citizenship.
15  **B.    Procedural Defect**
16       Roylance also asserts that the notice of removal was filed too late.  "The notice of
17  removal of a civil action or proceeding shall be filed within thirty days after the receipt by the
18  defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim
19  for relief upon which such action or proceeding is based, or within thirty days after the service of
20  summons upon the defendant if such initial pleading has then been filed in court and is not
21  required to be served on the defendant, whichever period is shorter."  28 U.S.C. § 1446(b).  The
22  Supreme Court has clarified the "through service or otherwise" language as follows:  "we hold
23  that a named defendant's time to remove is triggered by simultaneous service of the summons
24  and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from
25  service of the summons, but not by mere receipt of the complaint unattended by any formal
26  service."  *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 1322, 1325 (1999).
27       Roylance filed proofs of service indicating that on January 17, 2008, he served the
28  summons and complaint upon ADT in Florida and Elite in Utah by certified mail, return receipt

required, pursuant to California Civil Code § 415.40. POS, Doc. Nos. 6, 10. Under the specified provision of California law, a summons and complaint may be served upon a person outside the state of California by first class mail, postage prepaid, return receipt required. Cal. Civ. P. Code § 415.40. Service is deemed complete on the tenth day after such mailing. *Id*. Accordingly, service of the summons and complaint was complete with respect to both ADT and Elite on January 27, 2008, and both defendants had until February 26, 2008 (thirty days later) to file a notice of remand. ADT timely filed its notice of removal in this Court on February 22, 2008.

Roylance argues that the thirty-day period began running from the date of *receipt* of the complaint rather than from the tenth day after mailing. However, as discussed above, the Supreme Court has clarified that the clock begins running upon formal service of the summons and complaint, or upon receipt of the complaint after and apart from service of the summons. *Murphy Bros.*, 526 U.S. at 1325. The provision of California law utilized by Roylance expressly provides that service is complete upon the tenth day after mailing. Accordingly, service of the summons and complaint was complete on January 27, 2008, and both defendants had thirty days thereafter to file a notice of remand.

Roylance argues that even if the notice of removal was timely, it was defective because it was not joined by Elite. Ordinarily, all served defendants must join in the petition for removal. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (1988). This requirement commonly is referred to as the "rule of unanimity." There are exceptions to the rule for nominal, unknown or nominally served parties. *Id*. However, Elite does not fall within any of these exceptions. Elite did not formally join in the removal petition or file a consent to removal. Thus, Roylance argues, the removal was defective.

ADT asserts that Elite in fact consented to the removal, and submits a declaration of Michael Birchall ("Birchall"), an owner of Elite, stating that prior to the filing of the notice of removal, he informed counsel for ADT that Elite consented to the removal. Birchall Decl. ¶¶ 6-9. The notice of removal asserts that ADT is the only served defendant, but further states that "[a]s for defendant Elite, based upon information and belief, it is Counsel for Defendant's understanding that Elite consents or otherwise is unopposed to the removal of this action to

federal court." Notice of Removal ¶ 11. The question is whether the evidence of Elite's actual pre-removal consent, and the statement of ADT's "understanding" based on "information and belief" in the notice of removal, are sufficient to meet the requirement that all served defendants join in the petition.[2]

The Ninth Circuit has not squarely addressed this issue. Some courts have held that a mere allegation of joinder in the notice of removal is insufficient to satisfy the rule of unanimity. *See, e.g., Getty Oil. Co. v. Ins. Co. of North America*, 841 F.2d 1254, 1262 n. 11 (5th Cir. 1988) (holding that "there must be some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect *and to have the authority to do so,* that it has actually consented to such action"); *Hicks v. Emery Worldwide, Inc.*, 254 F. Supp. 2d 968, 974-75 (S.D. Ohio 2003) (the expression of consent must be unambiguous). Other courts have held that an allegation of joinder in the notice of removal is sufficient, even when there is no independent filing or representation by the defendant joining in the removal. *See, e.g., Harper v. AutoAlliance Intern., Inc.*, 392 F.3d 195, 201-202 (6th Cir. 2004) (holding that allegation of joinder in notice of removal was sufficient to satisfy the rule of unanimity). The filing of an answer within the thirty day removal period has been held sufficient to manifest assent to and joinder in the removal. *See Hernandez v. Six Flags Magic Mountain, Inc.*, 688 F. Supp. 560, 562-63 (C.D. Cal. 1988) (holding that removal was proper even though one defendant's written consent to removal was filed after expiration of the thirty day period, because that defendant filed an answer within the thirty day period).

After considering the applicable authority, this Court concludes that the ambiguous allegation of joinder made in the notice of removal in this case is insufficient to satisfy the rule of unanimity. Defendants argue that such a result would exalt form over substance, and that a remand based upon such a technical defect would be unfair when Elite in fact consented to the removal. While this Court ordinarily makes every effort not to exalt form over substance, the

---

[2] Elite and Hadlock filed unambiguous consents to removal on April 17, 2008. These consents have no bearing on whether the removal petition was defective when filed.

6

Case No. C 08-1101 JF (RS)
TENTATIVE RULING (1) GRANTING PLAINTIFF'S MOTION FOR REMAND ETC.
(JFLC2)

removal statute is strictly construed, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Accordingly, the Court concludes that removal was defective here.

ADT argues that any procedural defects in the removal process were waived by Roylance's conduct in seeking substantive relief from this Court. "Procedural defects in the removal of an action may be waived by the failure to make a timely objection before the case proceeds to the merits." *O'Halloran v. Univ. of Washington*, 856 F.2d 1375, 1379 (9th Cir. 1988) (internal quotation marks and citation omitted). The Ninth Circuit has not made the parameters of this rule clear. Other circuit and district courts have found that the filing of substantive motions, such as a motion for leave to amend, is sufficient to constitute waiver. *See, e.g., Koehnen v. Herald Fire. Ins. Co.*, 89 F.3d 525, 528-29 (8th Cir. 1996) (plaintiff's litigation of a motion for leave to amend complaint constituted waiver of procedural defect in removal). At least one district court has found that the filing of a request for entry of default is sufficient to constitute waiver. *See Riggs v. Plaid Pantries, Inc.*, 233 F. Supp. 2d 1260, 1272 (D. Or. 2001). However, a court in this district has reached the opposite conclusion. *See Alarcon v. Shim Inc.*, 2007 WL 2701930, at *3 (N.D. Cal. Sept. 13, 2007). Moreover, at least one court has held that the filing of a jury demand following removal is insufficient to waive defects in removal. *See Valley Research, Inc . v. Verenium Corp.*, 2007 WL 4468671, at *2 (S.D. Cal. Dec. 17, 2007).

Prior to filing a motion for remand in this case, Roylance filed a jury demand, a motion for clerk's entry of default against ADT, and, when the clerk declined to enter default, a motion before the Court for entry of default against ADT. Roylance subsequently withdrew the latter motion before it was addressed by the Court. Roylance then filed the instant motion for remand, and on the same date filed a motion to strike ADT's answer. After filing the remand motion, Roylance unsuccessfully sought entry of default as to Hadlock, and filed motions to strike the answers of Hadlock and Elite.

This Court agrees with those courts that have concluded that the filing of a jury demand and the filing of a request for clerk's entry of default are insufficient to waive procedural defects in removal. That is the only relief Roylance sought (other than the motion for entry of default by

the Court, which was withdrawn) prior to filing his motion for remand.[3] All of his filings have made clear that he considered the removal to be improper. Accordingly, the Court concludes that Roylance has not waived his right to seek remand based upon procedural defects in removal.

Based upon the foregoing, the Court would grant Roylance's motion for remand at this time were it not for a dispute that has arisen between the parties regarding service of process upon Elite. While the proof of service submitted by Roylance indicates that Birchall signed for the summons and complaint on January 22, 2008, POS, Doc. No. 6, ADT submits Birchall's declaration, in which he states that the signature on the return receipt is not his, and that he did not receive the documents on January 22, 2008, Birchall Decl., ¶¶ 3-4. If Elite was not in fact served with the summons and complaint at the time ADT filed the notice of removal, there was no requirement of joinder by Elite. Accordingly, the Court will request clarification of this point before issuing its final ruling on Roylance's motion for remand.[4]

### III. MOTION TO STRIKE ADT'S ANSWER

Roylance moves to strike ADT's answer on the ground that it was filed and served late and that the clerk properly should have entered default against ADT. In light of its tentative conclusion that the removal was defective, the Court will leave this motion and Roylance's other pending motions for disposition by the superior court upon remand. If it reconsiders its tentative disposition of the remand motion, the Court will take up Roylance's motion to strike.

---

[3] Other motions appear on the docket prior to the motion for remand, but those motions were filed simultaneously with the motion for remand.

[4] Roylance actually does make one additional argument, that the notice of removal was not personally signed by an attorney of record, but rather was signed by a "Connie Benson" for Patrick Long and Abraham Tang, the attorneys of record. The attorneys of record clearly were listed on the notice of removal. Having an associate or assistant sign for an attorney, with the attorney's permission, is a common practice. Roylance has not cited any cases in which a court found removal defective on this basis.

**IV. ORDER**

(1) The Court is inclined to grant the motion for remand; however, the Court requests supplemental letter briefs from each party, not to exceed five pages, clarifying whether Elite in fact was served with the summons and complaint in January 2008. The supplemental briefs shall be filed and served not later than May 28, 2008.

(2) This Court declines to reach the motion to strike at this time, for the reasons stated herein.

DATED: 5/22/08

_____
JEREMY FOGEL
United States District Judge

Case No. C 08-1101 JF (RS)
TENTATIVE RULING (1) GRANTING PLAINTIFF'S MOTION FOR REMAND ETC.
(JFLC2)

1  This Order was served on the following persons:

2  William Donald Chapman wchapman@smithchapman.com

3  Michael Dini mdini@turlocklaw.net

4  Robert J. Hadlock rhadlock@smithchapman.com

5  Paul M. Lavelle plavelle@abbott-simses.com

6  Patrick A Long palong@lw-d.com

7  Gerald Roylance GLRoylance@email.msn.com

8  Richard Michael Simses Rick-Simses@abbott-simses.com

9  Abraham H Tang ahtang@lw-d.com

Case No. C 08-1101 JF (RS)
TENTATIVE RULING (1) GRANTING PLAINTIFF'S MOTION FOR REMAND ETC.
(JFLC2)