# ABBOTT, SIMSES & KUCHLER
*A Professional Law Corporation*

| 400 Lafayette Street | 5100 Village Walk | 1360 Post Oak Boulevard | 210 E. Capitol Street |
|---|---|---|---|
| Suite 200 | Suite 200 | Suite 1700 | Suite 1090 |
| New Orleans, Louisiana 70130 | Covington, Louisiana 70433 | Houston, Texas 77056 | Jackson, Mississippi 39201 |
| Telephone: (504) 568-9393 | Telephone: (985) 893-2991 | Telephone: (713) 627-9393 | Telephone: (601) 352-9393 |
| Fax: (504) 524-1933 | Fax: (985) 898-0383 | Fax: (713) 627-9395 | Fax: (601) 352-9066 |

**Reply to:**
**Houston Office**

**Richard M. Simses**
*Managing Director*
*Houston Office*

Rick-Simses@abbott-simses.com

**Admitted in**
**Texas, Louisiana, and Colorado**

May 28, 2008

Honorable Jeremy Fogel
Judge of the United States District Court
280 South 1st Street
San Jose, California 95113

    RE:    Gerald Roylance v. ADT Security Services, Inc., et al
            Case No. 5:08-CV-01101 JF RS

Dear Judge Fogel:

      In this Court's tentative ruling granting the Plaintiff's Motion for Remand, your Honor requested further briefing to clarify whether Elite Security US, LLC (Elite) was properly served with the state court Summons and Complaint. ADT Security Services, Inc. (ADT) stands by the previous briefs it submitted in support of the removal of this matter to this Court. Additionally, it is ADT's position that Elite was never properly served because the signature on the return, receipt card by an unknown person does not constitute valid service under sections 416.10 and 415.40 of the California Code of Civil Procedure.

      Michael Birchall, an owner of Elite, testified in his affidavit that was previously provided to the Court, that the signature on the return receipt was not his signature. He further testified that he did not receive the Complaint and was not personally served with the Complaint. While this Court has competent evidence that Mr. Birchall did not sign the return receipt card, plaintiff has failed to produce any evidence of who did sign the card and whether they had authority to sign on behalf of the corporation as required by section 416.10 of the California Code of Civil Procedure.

      In *Timbuktu Educational v. Alkaraween Islamic Bookstore*, 2007 WL 1544790 (N.D. Cal), the court held that a plaintiff must produce evidence that a person is authorized to accept service of process on behalf of a corporation. Because plaintiff has failed to produce evidence of who actually signed the return receipt card and whether that unknown person had authority to accept service of process on behalf of Elite, plaintiff's attempt to serve Elite by utilizing sections 416.10 and 415.40 of the California Code of Civil Procedure was invalid. Because Elite has not

Honorable Judge Fogel
May 28, 2008
Page 2


been properly served, they were not required to consent to ADT's Notice of Removal. Accordingly, ADT's Notice of Removal was proper and Plaintiff's Motion for Remand must fail.

    ADT further defers to counsel for Elite for additional arguments regarding whether Elite was served with the Summons and Complaint.

                                  Respectfully submitted,

                                  /s/

                                  Richard M. Simses

RMS/dw
CC: ALL parties