# TRIEBSCH & FRAMPTON

A PROFESSIONAL CORPORATION

ATTORNEYS AT LAW

300 NORTH PALM STREET

POST OFFICE BOX 709

TURLOCK, CALIFORNIA 95381-0709

ROBERT E. TRIEBSCH
RICHARD K. FRAMPTON
J. SCOTT DORIUS
CORY B. CHARTRAND
MICHAEL G. DINI
JAMES B. McDADE

TELEPHONE (209) 667-2300
FAX (209) 667-6157
E-MAIL: mdini@turlocklaw.net

May 28, 2008

Honorable Jeremy Fogel
Judge of the United States District Court
280 South 1st Street
San Jose, CA 95113

Re: *Gerald Roylance v. ADT Security Services, et al.*
Case No.: 5:08 CV-01101 JF (RS)

Dear Judge Fogel:

The court has requested supplemental briefing as to whether service of process on Elitesecurity.US, LLC ("Elite") was properly accomplished by Mr. Roylance. In the paragraphs that follow, Elite explains that it was not properly served.

Limited liability companies may be served by delivery of the summons and complaint to its agent for service of process or, where the proper procedure is invoked, the California Secretary of State. Cal. Corp. Code §17061. According to Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (Rutter 2007), Summons, §4:172 (copy attached): "The [limited liability company's] designated agent may be served either by personal service; substitute service; or service by mail with acknowledgment of receipt." *Id*, internal citations omitted. Noticeably absent from the list is service by certified mail, return receipt requested. In fact, research conducted has not revealed a single case where service on a limited liability company pursuant to Code of Civil Procedure §415.40 has been upheld against a limited liability company. The supplemental declaration of Michael Birchall submitted contemporaneously herewith establishes that Elite was not personally served, was not served by substituted service, and was not served by notice of acknowledgment and receipt. No proper service was effected at the time of removal.

Even if it were assumed arguendo that the certified mail, return receipt service method applied to a limited liability company, there are important facts demonstrating that Elite was not properly served pursuant to that method. Code of Civil Procedure §415.40 permits service on a person outside this state "by sending a copy of the summons and of the complaint to the person to be served by first class mail, postage prepared, requiring a return receipt. *Id.*, emphasis added.

Honorable Jeremy Fogel
May 28, 2008
Page 2

Service of the summons by this form of mail is deemed complete on the 10th day after such mailing. *Id.* Where this method of service is employed, proof of service must include satisfactory evidence establishing actual delivery to the person to be served. Cal. Code of Civ. Proc. §417.20(a). Here, Mr. Birchall's declaration establishes that the signature on the return receipt is not his and that office policy was such that only Mr. Birchall was authorized to sign for articles addressed to him. Attached to the Declaration of Michael G. Dini as Exhibit "E" are the true and correct exemplars of Mr. Birchall's signature on public records that plainly differ from the signature on the return receipt. The signature of Mr. Birchall on his declaration also differs significantly from the one on the receipt.

Further, the absence of authority to sign for Mr. Birchall's mail is important because the statute anticipates confirmed delivery to the addressee, or an individual authorized by him to do so. *Cruz v. Fagor America, Inc.* (2007) 146 Cal.App.4[th] 488, 499 [where receipt signed by person other than addressee, California statutory scheme requires proof that person signing is authorized to receive mail on behalf of addressee]; *Neadeau v. Foster* (1982) 129 Cal.App.3d 234, 236-237 [where receipt signed by person other than addressee, California statutory scheme requires proof that person signing is authorized to receive mail on behalf of addressee]; *Dill v. Berquist* (1994) 24 Cal.App.4[th] 1426, 1437 [receipt's designation of signatory as "agent" insufficient to establish authority to receive mail for addressee]. Here, there is no evidence that the certified mailing was received by anyone authorized by Mr. Birchall; the evidence establishes the contrary.

The declaration also establishes a number of other anomalies demonstrating that the envelope was not delivered certified mail, return receipt requested. The declaration establishes that, contrary to the return receipt proffered in support of the proof of service, that Mr. Birchall did not receive the summons and complaint on January 22, 2008. Further, Mr. Birchall's declaration establishes that in spite of his efforts to determine if anyone at Elite signed for the package that he could find no one who recognized the handwriting on the return receipt or recalled signing the receipt in question. This glaring problem is confirmed by the U.S. Postal Service's own records which <u>do not</u> confirm delivery of the envelope in question although the record indeed confirms deposit of the envelope in the U.S. mail. The return receipt also bears no post office cancellation mark indicating when the receipt was transmitted back to Mr. Roylance and, curiously, the hand-printed portion of the receipt appears to have misspelled Mr. Birchall's name ("B<u>er</u>..."). These circumstances, particularly the absence of a postal service delivery confirmation, all strongly indicate that the requirements of CCP §415.40 were not observed and the certified letter <u>was not delivered</u>. The conclusion is further supported by the fact that the envelope did not arrive in Mr. Birchall's office until at least one month later, without any explanation as to how the envelope found its way there.[1] <u>Service by this method was not accomplished.</u>

---

[1] The court should note that Mr. Birchall expressly denies the adequacy of service pursuant to CĆP §415.40 and denies that the appearance of the letter was a result of the certified mailing. All factors suggest the envelope arrived through other means. Receipt of the envelope is acknowledged in fulfillment of Elite's duty of candor to the court, but receipt should not be treated as an admission of valid service. "Knowledge by a defendant of a plaintiff's action does not satisfy the requirements of adequate service of a summons and complaint." *Renoir v. Redstar Corp.* (2004) 123 Cal.App.4[th] 1145, 1152-1153.

Honorable Jeremy Fogel
May 28, 2008
Page 3

Even further assuming, arguendo, that the envelope was delivered on January 22, 2008, service was defective. The statute requires the envelope to be mailed to the person to be served. Here, that person is not Michael Birchall in his individual capacity, but Michael Birchall as agent for service of process of Elite. The envelope should have been addressed to him in that "agent" capacity, but it was not. Nothing on the envelope suggests that Mr. Birchall received the envelope in any official capacity; the envelope is addressed to Michael Birchall without any reference whatsoever to Elite or any official role he plays within that organization. In fact, nothing suggested to Mr. Birchall that formal service of process had been accomplished by receipt of this envelope or that the envelope was mailed to Mr. Birchall as the agent for service of process. As recognized by the California Court of Appeal, valid service pursuant to CCP §415.40 and §417.20 requires that a summons be "mailed to a person or persons who may be served, and the name, title or representative capacity, if any, of such person or persons." *Dill v. Berquist Construction Co.* (1994) 24 Cal.App.4[th] 1426, 1442.

Stated simply, Mr. Roylance, to this day, has not accomplished service on Elite. The court did not obtain personal jurisdiction over Elitesecurity.US, LLC until it voluntarily appeared in the instant matter on April 2, 2008.

For all these reasons, individually or cumulatively, Elite respectfully requests that the court deny the motion to remand.

Respectfully submitted,

TRIEBSCH & FRAMPTON

/s/

Michael G. Dini

MGD:llh

cc:  All parties via e-filing

*fected* despite "reasonable diligence," plaintiff's counsel may, based on a showing of these facts, obtain a *court order* authorizing service on:

— the Secretary of State (see Corps.C. §16310 (d)); *or*

— *any one* of the members of the partnership or association, *plus mailing* to its last known business address. [CCP §416.40(c); Corps.C. §18220]

**[4:167-169]** *Reserved.*

d. **[4:170]** **Limited liability companies:** Like a corporation, a limited liability company is required to designate an agent for service of process on the information form filed biennially with the Secretary of State. [Corps.C. §17060(a)(2)]

(1) **[4:171]** **Designated agent:** Service on a limited liability company is effected by serving the person designated as its agent for service of process. (If its designated agent is a corporation, service must be made on the person listed as the corporation's agent for service of process on its information return filed with the Secretary of State.) [Corps.C. §17061(b)]



(a) **[4:172]** **Method of service:** The designated agent may be served either by personal service (CCP §415.10, ¶*4:184 ff.*); substitute service (CCP §415.20(a), ¶*4:193 ff.*); or service by mail with acknowledgment of receipt (CCP §415.30(a), ¶*4:225 ff.*).

(2) **[4:173]** **Secretary of State:** If an affidavit shows that the designated agent has resigned or cannot be located or that service cannot be effected by any of the methods stated above, the court may order service on a limited liability company made by delivery to the Secretary of State, together with a copy of the order authorizing such service. [Corps.C. §17061(c)(1)]

e. **Public entities**

(1) **[4:174]** **Actions against State:** In an action against the State, service of summons must be made upon the Attorney General. [Gov.C. §955.4] (There are a few exceptions in which service may be made on the Attorney General *or* some other specified state official; see Gov.C. §§955.6 and 955.8; and Gov.C. §8880.72 for actions against State Lottery Commission.)

(2) **[4:175]** **Against local agencies:** In suits against any other public authority or agency, service may be made by delivering copies of the summons and com-