Gerald Roylance
1168 Blackfield Way
Mountain View, CA 94040-2305

Phone (650) 948-1790

in pro per

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA (SAN JOSE)**

| | |
|---|---|
| GERALD ROYLANCE,<br><br>　　　　　Plaintiff,<br>　　vs.<br><br>ADT SECURITY SERVICES, INC.,<br>ELITESECURITY.US, LLC,<br>SEAN HADLOCK,<br>DOES 1-200<br><br>　　　　　Defendants. | Case No.: 5:08-CV-01101 JF RS<br><br>SECOND SUPPLEMENTAL BRIEF RE MOTION TO REMAND<br><br>Date:　May 9, 2008<br>Time:　9:00 AM<br>Dept:　5 3rd Floor<br><br>Judge:　　　　　　Jeremy Fogel<br>Magistrate:　　　　Richard Seeborg<br>Complaint filed:　　December 31, 2007<br>Trial Date:　　　　None Set |

## I.　　INTRODUCTION

With its tentative ruling, the Court requested additional briefing on the service of EliteSecurity.US, LLC ("Elite") because of some doubts about service raised by the Birchall affidavit. Plaintiff's certified mail service was reasonably calculated to put Elite on notice of the lawsuit against it. Consequently, plaintiff gets the presumption of proper service. Nothing in Birchall's affidavit or in the record disputes that Birchall or Elite ultimately received the service documents, so the service is good even if the signature on the green card is not an authorized agent. Although Birchall denies receipt of process on January 22, his affidavit is silent about ultimately receiving the process on some date after January 22.

1

## II.  FACTS

ADT admits plaintiff's formal acts of service upon Elite.  (ADT's Response to Motion to Remand, 2:3-13.)  Neither ADT nor Elite dispute that Lynn Freret's proof of service was irregular.  The only issue is the return receipt.

Plaintiff had Elite served by certified mail on January 17.  The mail was addressed to Michael Birchall, 495 W University Pkwy, Orem, UT 84058-7364.  The USPS tracking number is 7007 1490 0000 8093 3043.  Birchall is the registered agent for Elite.

The return receipt / green card had a signature, did not check the Agent or Addressee boxes, had "M BIRCHALL" in the received by box, and stated a date of delivery of 1-22-08.  The delivery date is reasonable for a 1/17/2008 (Thursday) mailing; 1/21/2008 (Monday) was Martin Luther King Day.

Elite answered the complaint on 4/2/2008 (Doc 42).  In its answer, Elite admitted that it operates at the 495 W. University Parkway address.  (*Id*, ¶ 3.)

ADT submitted Michael Birchall's affidavit with narrow denials about the certified mail service.  He denies the signature on the green card (Birchall affidavit, ¶ 3).  He states, "I did not receive the Complaint filed by Gerald Roylance on January 22, 2008, as suggested by the return receipt attached as Exhibit A."  (*Id*, ¶ 4.)  Birchall does not deny receiving the Complaint on some later day.  Birchall does not deny that someone at Elite signed for the certified mail.  Birchall does not deny that the mail was delivered to Elite.

Michael Birchall's attorney, Michael Dini, told plaintiff that the certified mail service documents somehow appeared in Birchall's office one day, but that Birchall did not know how or when they got into his office.  (Declaration of Gerald Roylance in support of Reply re Motion

to Remand, ¶ 6.) Although Birchall denies signing the green card, he ultimately received the process.

### III.    ARGUMENT

Code of Civil Procedure § 417.20(a) addresses proof of service in this situation.

> 417.20. Proof that a summons was served on a person outside this state shall be made:
> (a) If served in a manner specified in a statute of this state, as prescribed by Section 417.10, and if service is made by mail pursuant to Section 415.40, proof of service shall include evidence satisfactory to the court <u>establishing actual delivery to the person to be served, by</u> a signed return receipt or <u>other evidence</u>; [emphasis added]

Plaintiff completed all the required steps for the proof of service and submitted a copy of the green card to show delivery. Upon showing compliance with the statute, plaintiff is entitled to the rebuttable presumption of proper service. (*Dill v. Berquist Construction Co.* (1994) 24 Cal.App.4th 1426, 1442; see also *Cruz v Fagor America* (2007) 146 Cal.App.4th 488 at 497, citing *Johnson & Johnson v Super. Ct.* (1985) 38 Cal.3d 243, 254.)

ADT now attacks that presumption with Birchall's affidavit. Birchall's affidavit is insufficient because Birchall does not deny the signer is authorized to accept mail for Elite or that Birchall or some other officer of Elite received process:

> Moreover, there is no evidence to the contrary. Although Fagor submitted a declaration of Patricio Barriga, notably absent from that declaration is any statement that he does not know Hayes, that Hayes is not employed by Fagor, that Hayes is not authorized to accept mail for Barriga or other Fagor officers, <u>or that neither Hayes or anyone else at Fagor received the summons and complaint at issue</u>. Barriga also does not state that he was unaware of the action pending against Fagor. [*Cruz*, 145 Cal.App.4th at 499, emphasis added.]

There is evidence showing that the Birchall/Elite received actual notice of the lawsuit from the certified mail. Elite's attorney, Michael Dini, told plaintiff that the process appeared in

Birchall's office one day. (Roylance Decl. ¶ 6.) "For instance, when the defendant is an individual, that individual is the person to be served, and <u>evidence that the mailed summons actually reached that individual is sufficient to establish valid service</u>, even though the summons had been signed for by someone who did not have authority to do so." (*Dill*, 24 Cal.App.4th at 1437, citing *In re Marriage of Tusinger* (1985) 170 Cal.App.3d 80, 82, emphasis added.)

Birchall and Elite do not deny notice of the lawsuit. "However, strict compliance is not required. In deciding whether service was valid, the statutory provisions regarding service of process ' " 'should be liberally construed to effectuate service and uphold the jurisdiction of the court if actual notice has been received by the defendant…' " ' " (*Dill*, 24 Cal.App.4th at 1436 citing *Pasadena Medi-Center Associates v. Superior Court*, 9 Cal.3d 773, 778.)

 "The adequacy of service 'so far as due process is concerned is dependent on whether or not the form of substitute service provided for such cases and employed is reasonably calculated to give him actual notice of the proceedings and an opportunity to be heard. (citations)' " (*Shoei Kako Co. v. Superior Court* (1973) 33 Cal.App.3d 808, 818.) The mail was directed to Birchall at Elite's place of business. The presumption is such mail would reach Birchall. (Evidence Code § 641.)

## IV.    ELITE'S SECOND SUPPLEMENT

While finishing this brief, plaintiff saw Elite's response. The Court may ignore this section if the comments are unfair. Birchall's Supp. Decl. confirms actual delivery of the process – otherwise he would not have the envelope with the certified mail number on it. The USPS tracking information shows that the USPS took control of the envelope on 1/17/2008. USPS website info does not show delivery at Elite – but neither does it show the envelope

4

returned to sender (some one must sign for returned mail, and that return usually shows up in the website information).  Despite insidious suggestions, the envelope does not have any "Return to Sender" stamp on it or any evidence of remailing/subsequent cancelation.  The envelope has the certified mail sticker (which also signals its importance) with the number matching the proof of service.  It has a USPS post office meter mark with a Jan 17, 2008 mailing date.  The envelope has the remnants of the green card attachment with the felt-tip arrows.  The certified mail envelope contained the Summons.

Birchall's statement that "Typically, when articles requiring my signature arrive," is lame.  It describes a **usual** case, but it does not state an absolute rule.  His recollection of "an envelope arriving in my office" (¶ 3) is also lame: it is not specific about **the** envelope, and the declaration is vague about "arriving".  How did it arrive?  The postman?  An office worker?  The tooth fairy?  His statements are consistent with an important envelope getting overlooked in his office – which was the tenor of Dini's explanation to plaintiff.

The exemplars for Birchall's signature are all after the motion to remand (dates of 5/28/2008 and 4/2/2008).  Dini's Decl. shows Elite/Birchall knew more about Complaint ¶ 7 (Elite Marketing Group, LLC) than they let on in Elite's Answer.

## V.   CONCLUSION

The service is valid.  Even if there is some doubt about service, the Court must remand.  Elite states a case for relief from default but not one for invalid service.

                                                      Respectfully submitted,

Dated: May 28, 2008         __/s/_____
                                         Gerald Roylance

## VI.   POSTSCRIPT RE TENTATIVE RULING

Plaintiff acknowledges and appreciates the depth, length, and clarity of the Court's tentative ruling ("TR").  There are, however, some factual errors in the TR.

TR 3:27: "However, along with the complaint Roylance <u>filed</u> a <u>request</u> for damages in the amount of $180,000."  The document is a reservation of damages; its actual title is Statement of Damages.  Plaintiff never <u>filed</u> the document with any court.  The document was served on ADT but not filed.  Plaintiff has not filed any request for damages (or anything resembling a request for default judgment with the court).

TR 4:2: "should not be considered"; TR 4:3: "should not be considered either"; TR 4:7: "It is unclear why Roylance believes that the $180,000 figure should not be considered".  That is not plaintiff's position at all.  See moving brief at 14:3-4, citing *Cohn v. Petsmart, Inc.,* 281 F.3d 837, 840 (9th Cir.2002) (per curiam) ("A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a **<u>reasonable</u>** estimate of the plaintiff's claim.")  See moving brief at 14:8, stating the reservation of damages may be use if it is reasonable.  See moving brief at 13:1-4 where ADT considers the proffered amount **<u>unreasonable</u>** in its answer.  See reply at 4:24-5:4; external documents may be used if amounts are reasonable.  See reply at 5:13-19 where Hadlock believes the amount is **<u>unreasonable</u>**.  Amounts that are not on the face of a complaint may be considered in determining the amount in controversy, but those amounts are subject to the condition of reasonableness.  ADT has not argued the amounts stated outside the complaint are reasonable.  It is ADT's burden to establish the amount in controversy, and it has not provided any argument for what it considers a reasonable amount in controversy.

1  TR 5:1: "California Civil Code".  The reference should be to "California Code of Civil Procedure".

TR 5:3: "Cal. Civ. P. Code" should be Cal. Code Civ. P.

TR 7:19-23: "Prior to filing a motion to remand…."  These sentences suggest that plaintiff filed "a motion before the Court for entry of default against ADT" after the clerk declined ADT's default but before plaintiff filed the motion for remand.  That is not the state of affairs. Plaintiff filed the motion before the Court for entry of default against ADT (Doc. 15, filed 3/13) at the same time he filed the motion to strike ADT's answer (Doc. 20, filed 3/13) and the motion to remand (Doc. 25, filed 3/13).

TR 7:28-8:1: "(other than the motion for entry of default by the Court, which was withdrawn)".  As stated above, the motion for entry of default by the Court was filed with the motion to remand.