**E-filed 6/16/08**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| GERALD ROYLANCE,<br><br>           Plaintiff,<br><br>v.<br><br>ADT SECURITY SERVICES, INC., et al.,<br><br>           Defendants. | Case Number C 08-1101 JF (RS)<br><br>ORDER[1] (1) DENYING PLAINTIFF'S MOTION FOR REMAND; AND (2) DENYING PLAINTIFF'S MOTION TO STRIKE ADT'S ANSWER<br><br>[re: docket nos. 20, 25] |

Plaintiff Gerald Roylance ("Roylance"), proceeding *pro se*, moves for remand of this action to the Santa Clara Superior Court and moves to strike the answer of Defendant ADT Security Services, Inc. ("ADT"). On May 22, 2008, the Court issued a tentative ruling indicating its intention to grant the motion for remand subject to further briefing on the issue of whether Elite Security US, LLC ("Elite") properly was served with the summons and complaint prior to ADT's removal of the action from state court. Having reviewed the parties' supplemental briefing, the Court will deny both motions.

---

[1] This order is not designated for publication in the official reporter.

1    The proof of service filed by Roylance indicates that on January 17, 2008 he served the summons and complaint upon Michael Birchall ("Birchall"), Elite's designated agent for service of process, by means of certified mail, return receipt requested, pursuant to California Code of Civil Procedure § 415.40. POS, Docket No. 6. That section reads as follows:

> A summons may be served on a person outside this state in any manner provided by this article or by sending a copy of the summons and of the complaint to the person to be served by first-class mail, postage prepaid, requiring a return receipt. Service of a summons by this form of mail is deemed complete on the 10th day after such mailing.

Cal. Civ. Proc. Code § 415.40.

Elite asserts that a limited liability company may not be served pursuant to § 415.40, citing to Weil & Brown, *Cal. Practice Guide: Civil Procedure Before Trial (Rutter 2007)*, Summons, ¶ 4:172. That paragraph, entitled "Method of service," states that the designated agent of a limited liability company may be served by personal service pursuant to California Code of Civil Procedure § 415.10, by substitute service pursuant to § 415.20(a), or by mail with acknowledgment of receipt pursuant to § 415.30. Elite correctly notes that service by certified mail pursuant to § 415.40 is not listed as an appropriate method of service in ¶ 4:172. However, ¶ 4:172 refers the reader to ¶ 4:225 and following paragraphs, which discuss in detail the requirements for serving by mail with acknowledgment and receipt pursuant to § 415.30. Contained in that discussion is the statement that "[s]ervice by mail on persons outside California is effective *without* an acknowledgment; but process must be sent by certified or registered mail with return-receipt-requested," followed by a citation to § 415.40. Weil & Brown, *Cal. Practice Guide: Civil Procedure Before Trial (Rutter 2007)*, Summons, ¶ 4:229. There is no suggestion by the authors that this method does not apply to agents of limited liability companies. Accordingly, it appears that the authors' failure to include service under § 415.40 in the discussion at ¶ 4.172 was an oversight.

The comment to § 415.40 states that the statute applies to any defendant enumerated in §§ 416.10 through 416.90. Included, among others, are agents of corporations (§ 416.10), agents of unincorporated associations (§ 416.40), public entities (§ 416.50), and any "person not otherwise specified in this article" (§ 416.90). Agents of limited liability companies appear to fall within

the catchall provision, § 416.90, even though not listed expressly, as are agents of corporations and unincorporated associations. The Court has not discovered any authority holding that agents of limited liability companies are not subject to service pursuant to § 415.40. Accordingly, the Court concludes that an agent of a limited liability company properly may be served pursuant to § 415.40.

The more difficult question is whether Birchall *was* properly served under this statute. If a plaintiff elects to effect service under § 415.40, he must provide "evidence satisfactory to the court establishing actual delivery to the person to be served, by a signed return receipt or other evidence." Cal. Civ. Proc. Code § 417.20(a). Roylance attempts to meet this burden by submitting the return receipt, which appears to have been signed by Birchall on January 22, 2008. However, Elite submits the supplemental declaration of Birchall, stating that the signature on the return receipt is not his. Suppl. Birchall Decl. ¶ 2. His attorney, Michael Dini, submits a declaration authenticating copies of Birchall's signature on file with the California Secretary of State. Dini Decl. ¶ 2 and exhs. Those signatures look markedly different from the signature on the return receipt. Birchall states that he asked the persons working in the Elite office whether anyone signed for articles on his behalf during the relevant time-frame, and everyone denied knowledge of the summons and the signature on the return receipt. Suppl. Birchall Decl. ¶ 2.

The United States Postal Service ("USPS") has confirmed deposit on January 17, 2008 of the item corresponding to the receipt, as claimed by Roylance. However, the USPS has been unable to confirm delivery of the item. Birchall states that he did not receive the summons on January 22 or in the days thereafter. Suppl. Birchall Decl. ¶ 3. He states that the envelope containing the summons mysteriously appeared in his office without explanation at least one month later. *Id.*

Based upon this record, the Court concludes that Roylance has failed to meet his burden of demonstrating actual delivery of the summons and complaint, and thus has failed to

3

1 demonstrate effective service of process upon Elite prior to ADT's removal of the action.[2]  As a
2 result, there was no violation of the rule of unanimity.  Accordingly, the removal was not
3 defective, and the Court will deny the motion for remand.

4       The Court likewise will deny the motion to strike ADT's answer.  Roylance asserts that
5 the answer was due on February 27, 2008, that he requested a clerk's entry of default on February
6 28, and that ADT filed the answer on February 29.  Moreover, Roylance asserts that the meter
7 mark on the answer shows that it was not mailed until March 3.  Assuming without deciding that
8 the answer was filed and/or served late, the Court in the exercise of its discretion will permit the
9 late filing.  Roylance has not demonstrated any prejudice resulting from the few days at issue.

10       Roylance also moves to strike portions of the answer on the grounds that ADT should
11 have provided more definitive information and that ADT has asserted improper affirmative
12 defenses.  The motion to strike on these grounds will be denied.

**ORDER**

(1)    The motion for remand is DENIED; and

(2)    The motion to strike ADT's answer is DENIED.

DATED: 6/16/08

                                    JEREMY FOGEL
                                    United States District Judge

---

[2] Defendants argue that service also was ineffective because, although Roylance addressed the envelope containing the summons and complaint to Elite's agent for service of process, Birchall, Roylance did not specify that Birchall was being served in his capacity as agent rather than as an individual.  The Court need not reach this argument in light of its disposition of the remand motion on the ground discussed above.

4

1  This Order was served on the following persons:

2  William Donald Chapman wchapman@smithchapman.com

3  Michael Dini mdini@turlocklaw.net

4  Robert J. Hadlock rhadlock@smithchapman.com

5  Paul M. Lavelle plavelle@abbott-simses.com

6  Patrick A Long palong@lw-d.com

7  Gerald Roylance GLRoylance@email.msn.com

8  Richard Michael Simses Rick-Simses@abbott-simses.com

9  Abraham H Tang ahtang@lw-d.com

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

5

Case No. C 08-1101 JF (RS)
ORDER DENYING PLAINTIFF'S MOTION FOR REMAND ETC.
(JFLC2)