Michael G. Dini, SBN 162073
TRIEBSCH & FRAMPTON
300 N. Palm Street, P.O. Box 709
Turlock, California 95381-0709
Telephone: (209) 667-2300
Fax: (209) 667-6157

Attorneys for Defendant, ELITESECURITY.US, LLC

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| GERALD ROYLANCE,<br><br>    Plaintiff,<br><br>vs.<br><br>ADT SECURITY SERVICES, INC.; ELITESECURITY.US, LLC; SEAN HADLOCK; DOES 1-200,<br><br>    Defendants.<br>_____/ | Case No.: 5:08 CV-01101 JF RS<br><br>Judge: Jeremy Fogel<br>Dept. : 3<br><br>Subject to E-Filing<br><br>**RESPONDING MEMORANDUM OF POINTS AND AUTHORITIES OF ELITESECURITY.US, LLC IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE THE ANSWER OF ELITESECURITY.US, LLC**<br><br>Judge: Jeremy Fogel<br>Dept.: 3<br>Date: July 11, 2008<br>Time: 9:00 a.m. |

## INTRODUCTION

On April 2, 2008 amid plaintiff's efforts to obtain defaults and default judgments of other defendants, ELITESECURITY.US, LLC (hereinafter "ELITE") quickly prepared and e-filed its answer to the plaintiff's complaint. Mr. ROYLANCE apparently is dissatisfied with the number of factual allegations that ELITE places at issue through denials and denials due to lack of sufficient information and belief. Apparently, he also takes issue with the affirmative defenses pled. On June 16, 2008, this court issued its order denying a virtually identical motion to strike defendant ADT's answer. The ruling on the instant motion should be the same.

1

**Responding Memorandum of Points and Authorities of Elitesecurity.US, LLC
in Opposition to Plaintiff's Motion to Strike the Answer of Elitesecurity.US, LLC**

ELITE opposes the motion to strike because (1) a motion to strike is not the appropriate procedure to challenge the sufficiency of admissions and denials in an answer; (2) ELITE has complied with its obligation to admit, deny or deny due to lack of sufficient information each of plaintiff's allegations as required by F.R.C.P. Rule 8(b); and (3) the affirmative defenses are appropriately stated in simple, concise and direct form as required by F.R.C.P. Rule 8(c) and (d).

## DISCUSSION OF LAW

"[T]he function of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial..." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th. Cir. 1983). "Rule 12(f) motions to strike are 'generally not granted unless it is clear that the matter sought to be stricken could have no possible bearing on the subject matter of the litigation.'" *White v. Hansen*, 2005 U.S. Dist. LEXIS, 43989, 2005 WL 1806367, at *14 (N.D. Cal. 2005) (Armstrong J.) (citing *Rosales v. Citibank*, 133 F.Supp.2d 1177, 1179 (N.D. Cal. 2001)). "In addition, motions to strike are rarely granted in the absence of a showing of prejudice to the moving party." *Freeman v. Alta Bates Summit Med Center Campus*, 2004 U.S. Dist. LEXIS 21402 at *5 (N.D. Cal. 2004) (Armstrong J.) [*Smith v. Walmart Stores* 2006 U.S. Dist. LEXIS 7225, at *4-5].

**A.    A motion to strike the specific responses to allegations of the complaint should be denied since a motion to strike is not available for that purpose.**

Federal Rules of Civil Procedure, Rule 12(f) provides that a motion to strike lies for any "insufficient defense or any redundant, immaterial, impertinent or scandalous matter." In the instant matter, Mr. ROYLANCE challenges the responses to his allegations not because they are redundant, immaterial, impertinent or scandalous, but because he believes ELITE should admit certain allegations or should not deny based on a lack of information because of hearsay information available online or through third parties. F.R.C.P. Rule 12(f) does not permit a motion to strike on these grounds. Moreover, the challenges fail to recognize that the purpose of an answer is merely to define those allegations that are in controversy and submitted to the court for trial.

Since ELITE's responses address plaintiff's own allegations on a paragraph by paragraph basis, it is hard to imagine a circumstance where a proper motion to strike could be granted. "'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses

2

**Responding Memorandum of Points and Authorities of Elitesecurity.US, LLC
in Opposition to Plaintiff's Motion to Strike the Answer of Elitesecurity.US, LLC**

being pleaded." *Smith v. Walmart Stores, supra* at *4, citing *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993). "'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in questions." *Id.* "Scandalous" matter is typically viewed as allegations that portray a party in a cruelly derogatory manner, e.g. *Fantasy, Inc. v. Fogerty* (984 F.2d 1524, 1527 (9th Cir. 1993) reviewed on other grounds in *Fogerty v. Fantasy, Inc.* 510 U.S. 517, 534-535 (1994). Plainly, ELITE's admissions, denials and denials on information and belief are neither immaterial nor impertinent because they respond directly to the allegations made by plaintiff. The responses certainly are not scandalous. While the responses might be considered repetitive, they are not redundant because each response is made to a distinct allegation.

In preparing its response, ELITE admitted those allegations that were appropriately admitted, denied those allegations that it wished to place in controversy, and denied due to lack of sufficient information and belief those allegations for which it did not itself possess information. ELITE has fulfilled its obligations under F.R.C.P. Rule 8(b) and the motion to strike the responses should be denied.

### B. The motion to strike affirmative defenses should be denied because ELITE alleges such defenses in short and plain terms sufficient to provide Mr. ROYLANCE with notice of the particular defenses asserted.

When ELITE framed its answer, it asserted a number of affirmative defenses in short and plain language in order to avoid waiving such defenses. *Arizona v. California* (2000) 530 U.S. 392, 410 [failure to assert defense in responsive pleading may result in waiver]. Most of the defenses plaintiff challenges are commonly asserted in almost any action: failure to state sufficient facts to constitute a claim (first through third affirmative defenses), failure to mitigate damages (fourth affirmative defense), comparative fault of parties and third parties (fifth and sixth affirmative defenses), and estoppel (seventh affirmative defense). Mr. Roylance also challenges statutory defenses to the Consumer Legal Remedies Act pled which include plaintiff's failure to satisfy necessary preliminary steps to a claim, lack of intent, and correction of the circumstance creating the grievance (ninth and tenth affirmative defenses). The motion should be denied where, as here, there is any doubt as to whether the allegations might be in issue. *Fantasy, Inc. v. Fogerty, supra.*

The plaintiff's challenges essentially seek to defeat these defenses before the case proceeds, a strategy which, if the motion is granted, may effectively prevent discovery into these defenses. It is inappropriate at this juncture to foreclose defenses that may apply to limit or bar plaintiff's claims.

Further, Mr. ROYLANCE's motion to strike should be denied because plaintiff has made no showing of how he might be prejudiced if these defenses remain at issue in this case. The mere fact that plaintiff may have to engage in discovery related to such defenses is not an adequate showing of prejudice. *Smith v. Walmart Stores, supra,* at *10-12.

## CONCLUSION

For all the foregoing reasons, defendant ELITE respectfully requests plaintiff's motion to strike be denied. ELITE's responses and defenses fairly meet the charging allegations and plaintiff now has full notice as to which allegations are disputed and which defense ELITE asserts. If, for whatever reason, the court is inclined to grant any portion of the motion to strike, ELITE respectfully requests leave to amend.

Respectfully submitted,

TRIEBSCH & FRAMPTON

Dated: June _____, 2008

/s/ Michael G. Dini
Michael G. Dini
Attorneys for Defendant, ELITESECURITY.US, LLC

Responding Memorandum of Points and Authorities of Elitesecurity.US, LLC
in Opposition to Plaintiff's Motion to Strike the Answer of Elitesecurity.US, LLC