William D. Chapman, Esq., SBN 100535
Robert J. Hadlock, Esq., SBN 174522
SMITH, CHAPMAN & CAMPBELL
A Professional Law Corporation
1800 North Broadway, Suite 200
Santa Ana, CA 92706
Tel: (714) 550-7720 / Fax: (714) 550-1251

Attorneys for SEAN HADLOCK, Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD ROYLANCE, <br><br> Plaintiff, <br><br> vs. <br><br> ADT SECURITY SERVICES, INC., ELITESECURITY.US, LLC, SEAN HADLOCK, DOES 1-200 <br><br> Defendants. | Case No. 5:08 CV-01101 JF RS <br><br> **DEFENDANT SEAN HADLOCK'S OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS HADLOCK'S ANSWER** <br><br> Date: July 11, 2008 <br> Time: 9:00 a.m. <br> Dept: 3 |

I. **INTRODUCTION**

After Plaintiff, GERALD ROYLANCE, unsuccessfully filed a request to enter default against Defendant SEAN HADLOCK, he then filed the instant motion to dismiss Defendant Hadlock's Answer. In doing so, Plaintiff has elevated form over substance to a height Plaintiff's counsel has never seen before. Plaintiff urges the Court not to endorse such gamesmanship and deny Plaintiff's motion.

II. **PLAINTIFF'S ASSERTION THAT THE ANSWER WAS IMPROPERLY SIGNED CANNOT SUPPORT STRIKING THE ANSWER**

Defendant claims the fact that another attorney signed the Answer on behalf of William Chapman mandates striking the entire answer. His argument fails.

///

Irregularities in the required signing of pleadings that amount to no more than technical defects do not make the pleading ineffective. *Grant v. Morgan Guar. Trust Co. of New York* (S.D.N.Y. 1986) 638 F.Supp. 1528 (counsel's signing of a pretrial order in his firm's name and opponent's signing of pretrial order pro se, without an address, were mere technical defects that did not deter from binding effect of the pretrial order).

Likewise, in *Pavlak v. Duffy* (D.C.Conn.1969) 48 F.R.D. 396, where a complaint was signed by plaintiff and by a nonmember attorney of the district court bar, and at a hearing on a motion, plaintiff was represented by a member of the bar whose name appeared on the complaint as co-counsel and who represented that he ratified and adopted the signature of the nonmember counsel, the rules relating to signing complaints were satisfied.

Furthermore, regardless of this ostensible "irregularity," it is immaterial because Plaintiff has suffered no prejudice. As such, his motion fails anyway. *See Smith v. Wal-Mart Stores* (N.D.Cal. 2006) 2006 WL 2711469, pp. 10-11 ("motions to strike are rarely granted in the absence of a showing of prejudice to the moving party").

## IV. PLAINTIFF'S ALLEGATIONS THAT PLAINTIFF'S DENIALS BASED ON LACK OF KNOWLEDGE WERE IMPROPER FAILS

Plaintiff asserts that certain of Hadlock's denials, based on a lack of personal knowledge of the allegations in *Plaintiff's Complaint*, were somehow improper because he did not consult the Internet. Defendant Hadlock adopts the arguments made by Defendant Elitesecurity.US in its opposition to Plaintiff's motion to strike its answer, section "A.," at p. 2:16 to p. 3:14, and incorporates them by reference as though fully set forth herein.

Additionally, as the court in *Great West Life Assurance Co. v. Leviathan* (E.D.Pa. 1993) 834 F.Supp. 858 stated: "[A] denial based on lack of knowledge or information sufficient to form a belief is proper when the pleader lacks sufficient data to justify interposing either an honest admission or a denial of an opponent's averments." *Id.*, 864. It is true that an answering party may not deny based on information and belief "with impunity," and that the answering party is charged with a duty to engage in a *"reasonable* effort to obtain knowledge of a fact." *Djourabchi v. Self* (D.D.C. 2006) 240 F.R.D. 4, 11-12 (emphasis added). Courts also caution against denials based on lack of information

"where the matter is one of common knowledge or one as to which the [answering] party can inform himself with the slightest effort." *Reed v. Turner* (E.D.Pa. 1941) 1 F.R.D. 12. However, nothing in the law hods that this duty extends to conducting what amounts to pre-litigation discovery of information held by third parties.

Plaintiff asserts that the allegations in paragraphs 2, 3, 5, 12 or 43 are simply matters of public record and therefore readily accessible to Mr. Hadlock. These assertions fail on both legal and factual grounds.

In the first place, Plaintiff provides no legal support for the proposition that these allegations are indeed considered matters of public record a matter of law. Nor does he provide any legal support for the proposition that the websites to which he refers sufficiently constitute "public records" as a matter of law.

Plaintiff ignores the fact that many of the paragraphs at issue contain multiple allegations, some of them based on Plaintiff's own "information and belief." Plaintiff's "information and belief" are not a matter of public record in any manner.

In regard to paragraph 2, there is no way to know if the information contained on the California Secretary of State's website is completely accurate or current, since there is no indication of when it was last updated. Furthermore, there is more than one ADT Security Services at the same address alleged by Plaintiff: one called "ADT Security Services, Inc.," the other called "ADT Security Systems, West, Inc." Mr. Hadlock's claim of a lack of reliable information is therefore a legitimate one.

Mr. Hadlock cannot even glean whether the first sentence in paragraph 2 is true by consulting the Utah Secretary of State's official website, since there is no mention of its doing business in California. Nor does it contain EliteSecurity's prior address. Nor does it state that EliteSecurity is an "authorized dealer" of ADT services.

Regarding paragraph 5, Mr. Hadlock knows of no sanctioned governmental cite that reliably catalogs the registration of domain names. Furthermore, it is not common knowledge that "www.register.com" is a website that allows someone to find a domain name anyway.

///

1    Plaintiff's assertion regarding paragraph 12 fails. Mr. Hadlock is a Utah resident. Gaining
2 access to a local telephone directory for Northern California is not a matter of exerting "the slightest
3 effort."

4    Plaintiff alleges that "Sundays are not 'business days' and are therefore not counted in the three
5 business day cancellation period." Plaintiff then cites to a California Code pertaining to filing court
6 documents, not to anything in the documents ostensibly governing the cancellation period.

7    For all of the foregoing reasons, Plaintiff's motion to strike Hadlock's denials of specific facts
8 of which he has no actual knowledge must be denied.

## V. PLAINTIFF'S ATTEMPT TO STRIKE HADLOCK'S AFFIRMATIVE DEFENSES LACKS ANY SUPPORT

Plaintiff asserts that Hadlock's affirmative defenses, as well as his prayer for attorneys' fees, must be stricken. Plaintiff's arguments fail on numerous grounds.

Again, Defendant Hadlock adopts the arguments made by Defendant Elitesecurity.US in its opposition to Plaintiff's motion to strike its answer. Specifically Hadlock cites section "B.," at p. 3:16 to p. 4:7, and incorporates them by reference as though fully set forth herein.

Additionally, Hadlock asserts that Plaintiff ignores that the federal court system is one of "notice pleading," that does not require that one assert factual allegations with particularity at the initial pleading stages. *E.g., Petitt v. Celebrity Cruises, Inc.* (S.D.N.Y. 1999) 1999 WL 436423, at pp. 1-2.

Furthermore, well settled case law holds: "The whole philosophy behind the Federal Rules militates against placing parties in a procedural strait jacket by requiring them to possibly forego valid defenses by hurried and premature pleading." *Wyrough & Loser, Inc. v. Pelmor Laboratories, Inc.* (3rd Cir. 1967) 376 F.2d 543, 547.

Plaintiff ignores the above well settled law and instead asserts the blanket proposition that affirmative defenses must provide a factual basis in order to be upheld, citing *Qarbon.com, Inc. v. eHelp Corp.* (N.D.Cal. 2004) 315 F.Supp.2d 1046. In doing so, Plaintiff failed to "shepardize" this case, which would have revealed the *Torres v. Goddard* (D.Ariz. 2007) 2007 WL 4287812 case. The *Torres* court, while citing to *Qarbon.com*, states: "the sufficiency of pleading [] affirmative defenses

depends on the nature of the affirmative defense. *Merely naming* the defense may be sufficient for some defenses, whereas others may require a *brief explanation* of why the defense might apply." *Id.*, p. 1 (emphasis added).

Plaintiff has also ignored the recent case of *Ganley v. County of San Mateo* (N.D.Cal. 2007) 2007 WL 902551, which addressed many of the self-same affirmative defenses Plaintiff seeks to strike here. In *Ganley*, defendant had asserted the following affirmative defenses in common with Mr. Hadlock here: comparative fault, fault of third parties, unclean hands, estoppel, waiver, mitigation and consent. *Id.*, pp. 3-7. Plaintiff made the same claims Plaintiff makes here: that the affirmative defenses were merely conclusory in nature and therefore lack ed sufficient specificity to put plaintiff on notice. *Id.*, p. 2. With the exception of the estoppel affirmative defense, the *Ganley* court agreed with defendant, and denied much of plaintiff's motion. *Id.*, pp. 3-7.

As far as the estoppel affirmative defense is concerned, Mr. Hadlock's assertion is sufficient. The elements of equitable estoppel are: "...(1) a representation or concealment of material facts (2) made with knowledge, actual or virtual, of the facts, (3) to a party ignorant, actually and permissibly, of the truth, (4) with the intent, actual or virtual, that the latter act upon it, and (5) the party must have been induced to act upon it." *Bailey v. Outdoor Media Group* (2007) 155 Cal.App.4th 778, 790. Although Mr. Hadlock acknowledges a defendant must normally plead sufficient facts to support the defense, where facts supporting the estoppel defense appear on the face of the complaint, this rule does not apply. *Burt v. Burt* (1961) 187 Cal.App.2d 36, 41. Thus, when Plaintiff admits on the face of his complaint that he affirmatively "set up" defendants by expressing false interest in their services, then duped them into sending him documents and even scheduled a tentative installation date, which then ostensibly required him to expend long distance telephone charges to cancel a non-existent contract, all in an attempt to manufacture the instant lawsuit, Mr. Hadlock's general assertion of estoppel suffices. (See Complaint, ¶¶ 33, 37, 39, 45.)

In short, all of Hadlock's affirmative defense, as well as his prayer for attorneys' fees, are sufficiently plead. Plaintiff's motion to strike them must be denied.

///

///

**VI. CONCLUSION**

Plaintiff's Motion to Strike lacks merit. Even if his assertions regarding deficiencies in the formalities of Hadlock's Answer did have some legal merit, which they do not, Plaintiff has suffered absolutely no prejudice whatsoever. Defendant Hadlock therefore respectfully requests the Court deny Plaintiff's Motion *in toto*.

DATED: June 20, 2008

SMITH, CHAPMAN & CAMPBELL
A Professional Law Corporation

_____
Robert J. Hadlock, Attorneys for Defendant,
SEAN HADLOCK