1  Gerald Roylance
   1168 Blackfield Way
2  Mountain View, CA 94040-2305

3  Phone (650) 948-1790

4  in pro per

5

6

7              **UNITED STATES DISTRICT COURT**
        **NORTHERN DISTRICT OF CALIFORNIA (SAN JOSE)**
8

   GERALD ROYLANCE,                          Case No.: 5:08-CV-01101 JF RS
9
              Plaintiff,                      REPLY RE MOTION TO STRIKE THE
10         vs.                                ANSWER OF ELITESECURITY.US, LLC

11
   ADT SECURITY SERVICES, INC.,              F.R.C.P. 12(f)
12 ELITESECURITY.US, LLC,
   SEAN HADLOCK,                              Date:  July 11, 2008
13 DOES 1-200                                 Time:  9:00 AM
                                              Dept:  3, 5th Floor
14            Defendants.
                                              Judge:          Jeremy Fogel
15                                            Magistrate:     Richard Seeborg
                                              Complaint filed: December 31, 2007
16                                            Trial Date:     None Set

17

18              I.      **INTRODUCTION**

19         Plaintiff seeks to strike portions of EliteSecurity.US, LLC's ("Elite") Answer.  Plaintiff

20 challenges Elite's right to claim a lack of sufficient information or knowledge to form a belief,

21 and plaintiff challenges the appropriateness of merely naming defenses rather than giving

22 plaintiff (and the Court) clear notice of the affirmative defense.  Elite's response is (1) that its (or

23 anybody else's) claim of ignorance cannot be challenged, (2) that it has met its FRCP 8(b)

24 obligations, and (3) that it submitted the common list of affirmative defenses that many

25 defendants use.

                                           1

1
2
3
4
5
6

Under Elite's view of pleading, any defendant may answer by denying everything based on a lack of sufficient information and belief followed by an exhaustive listing of all known affirmative defenses (stated in a simple, concise, and direct form but without facts).  That position is preposterous.  Its blanket application would defy the Rule 11(b) requirement of reasonable inquiry and the Rule 8(b) requirement of a sufficient defense.

7
8

## II.    DISCUSSION

9

### A. Denials on Lack of Information and Belief

10
11
12

Plaintiff is not trying to strike everything in Elite's Answer.  Plaintiff has attacked responses that claim a lack of sufficient information and belief where it is presumptively within Elite's power to admit or deny.  Plaintiff has not attacked straight admissions or denials.

13
14
15
16
17
18
19
20
21
22
23

Scanning down the list, the attacks are on Elite's inability to consult public records, to determine Elite's license status with the State of California, to dial telephone information at 650-555-1212 or consult a telephone directory, or to consult a calendar.  Still other attacks are upon Elite's recordkeeping practices.  Elite admits it does not have a business relationship with plaintiff, but Elite claims ignorance of whether plaintiff ever gave it permission to use prerecorded calls (Complaint ¶ 14), whether plaintiff ever sent a demand letter (Complaint ¶ 50), or whether Elite ever responded to the demand letter (Complaint ¶ 51).  Elite should have such records (the FTC requires that it keep certain telemarketing records for 2 years), but its answer suggests either it does not have any records or it would rather violate Rule 11(b) than perform a modest search of those records.

24
25

Plaintiff has not attacked all of Elite's denials on a lack of information and belief ("LI&B").  Plaintiff has not challenged the Complaint ¶ 27 LI&B denial of a prerecorded call.

Reply re Motion to Strike the Answer of EliteSecurity.US, LLC

1  From his conversations with Michael Birchall, plaintiff believes Elite has enough information

2  that it should admit that allegation, but that LI&B denial does not fit into a presumptive category

3  and is not an obvious evasion.

4

5  **B.  Affirmative Defenses**

6          Elite claims the defenses should not be struck because they are "commonly asserted in

7  almost any action".  Opposition 3:21.  That they are common does not make them right.  Plaintiff

8  is left trying to puzzle out the defenses.  The primary injuries were prerecorded calls on

9  particular dates that did not have any continuing damage.  Mitigation might be a common

10  defense, but how does it come into play here?  How is plaintiff estopped from seeking damages

11  for those injuries?

12

13          Plaintiff's attack on some affirmative defenses is that they are not affirmative defenses

14  at all.  Thus the defenses are immaterial and should be stricken.

15          Plaintiff's attack on many affirmative defenses is that they do not state facts to put the

16  plaintiff on notice.  Although federal procedure has the label of "notice" pleading, federal

17  procedure still requires pleading facts.  For example, the mitigation of damages defense fails to

18  provide plaintiffs with fair notice of the grounds upon which they rest. "Like complaints,

19  affirmative defenses must give plaintiff 'fair notice' of the defense being advanced."

20  *Qarbon.com Inc. v. Ehelp Corp.*, 315 F.Supp.2d 1046, 1049 (N.D. Cal. 2004); *American Top*

21  *English v. Lexicon Mktg. (USA), Inc.*, 2004 WL 2271838, *10 (N.D. Ill. Oct. 4, 2004)

22  ("Affirmative defenses are pleadings, and thus must set forth a 'short plain statement of the claim

23  showing that the pleader is entitled to relief.' Fed. R. Civ. P. 8(a).")  A defendant is required to

24  set forth the elements of the defense and the factual basis for it. *Qarbon.com*, 135 F. Supp. 2d at

25

Reply re Motion to Strike the Answer of EliteSecurity.US, LLC

1  1049-50. "A reference to a doctrine, like a reference to statutory provisions, is insufficient

2  notice." *Id*. at 1049.  Bare conclusory allegations do not satisfy this requirement. *Bell Atl. Corp.*

3  *v. Twombly*, 127 S.Ct. at 1964-65 (explaining that a plaintiff's obligation to state the ground for

4  relief "requires more than labels and conclusions, and a formulaic recitation of the elements of

5  the cause of action will not do").

6

7        Plaintiff concedes that mere mention of a defense in a particular context may constitute

8  sufficient notice.  For example, a failure to mitigate in an unjust termination of employment

9  action clearly suggests that plaintiff didn't look for other employment.  Unjust termination

10  clearly suggests continuing damages (loss of wages) and an appropriate mitigation (look for

11  another job).  The label itself can be "fair notice".  Failure to mitigate damages in the present

12  case does not make sense.  There was no continuing damage to mitigate.  More argument about

13  the sufficiency of labeling a defense is given in plaintiff's reply for the motion to strike

14  Hadlock's Answer.

15

16        Contrary to what Elite said in its opposition, plaintiff is not moving to strike the CLRA

17  Tenth Affirmative Defense.  Plaintiff's motion to strike the Tenth Affirmative Defense is to limit

18  the application of the CLRA affirmative defense to the CLRA.  States may not nullify federal

19  statutes; that would violate Supremacy.  (The Tenth Affirmative Defense is actually an attack on

20  the notice element of Civil Code § 1782(b) rather than a proper affirmative defense; the

21  Complaint alleged the element at ¶ 83.  A proper affirmative defense requires proving the bad act

22  was unintentional and that it was remedied within 30 days.  Elite alleged neither fact.  See Civil

23  Code § 1784.  However, the Tenth Affirmative Defense is the only one that states an ultimate

24  fact (i.e., lack of notice) rather than a conclusion, and plaintiff did not seek to strike all of it.)

25

Reply re Motion to Strike the Answer of EliteSecurity.US, LLC

1

### III.    CONCLUSION

2

Plaintiff asks the Court to strike portions of Elite's Answer.

3

4

Respectfully submitted,

5

Dated: June 27, 2008                          __/s/_____

6

Gerald Roylance

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Reply re Motion to Strike the Answer of EliteSecurity.US, LLC