**E-filed 7/17/08**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| GERALD ROYLANCE,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ADT SECURITY SERVICES, INC., et al.,<br><br>　　　　　Defendants. | Case Number C 08-1101 JF (RS)<br><br>ORDER[1] (1) DENYING PLAINTIFF'S MOTION TO STRIKE ELITE'S ANSWER; AND (2) DENYING PLAINTIFF'S MOTION TO STRIKE HADLOCK'S ANSWER<br><br>[re: docket nos. 57, 61] |

　　　Plaintiff Gerald Roylance ("Roylance") moves to strike the answers of Defendants EliteSecurity.US, LLC ("Elite") and Sean Hadlock ("Hadlock"). The Court has considered the briefing submitted by the parties as well as the oral arguments of counsel presented at the hearing on July 11, 2008. For the reasons discussed below, both motions will be denied.

　　　Roylance asserts that Elite improperly pleads based upon information and belief, that Elite should have provided more information, and that Elite has not provided sufficient facts to support its affirmative defenses. Federal Rule of Civil Procedure 12(f) permits the Court to strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or

---

[1] This order is not designated for publication in the official reporter.

scandalous matter." Fed. R. Civ. P. 12(f). Here, Roylance does not contend that Elite's admissions and denials are redundant, immaterial, impertinent or scandalous, but rather contends that Elite has access to sufficient information -- through the Internet or other means -- such that pleading on information and belief is unnecessary. Roylance has not cited, and the Court has not discovered, any authority for the proposition that a plaintiff may challenge a defendant's pleading on information and belief based upon the assertion that the defendant could discover the relevant facts. Moreover, the Court concludes that Elite's admissions, denials, and affirmative defenses are set forth with sufficient particularity to meet the requirements of Federal Rule of Civil Procedure 8(b).

Roylance makes the identical arguments with respect to Hadlock's answer, and those arguments fail for the reasons discussed above. Roylance also argues that Hadlock failed to file his answer in a timely fashion and that the answer was not properly signed. Assuming without deciding that Hadlock's answer was filed and/or served late, the Court in the exercise of its discretion will permit the late filing. Roylance has not demonstrated any prejudice from the late filing. Moreover, any technical defects in the signature on the answer can be cured easily enough.

**ORDER**

(1) The motion to strike Elite's answer is DENIED; and

(2) The motion to strike Hadlock's answer is DENIED.

DATED: 7/17/08

JEREMY FOGEL
United States District Judge

2

1  This Order was served on the following persons:

2  William Donald Chapman wchapman@smithchapman.com

3  Michael Dini mdini@turlocklaw.net

4  Robert J. Hadlock rhadlock@smithchapman.com

5  Paul M. Lavelle plavelle@abbott-simses.com

6  Patrick A Long palong@lw-d.com

7  Gerald Roylance GLRoylance@email.msn.com

8  Richard Michael Simses Rick-Simses@abbott-simses.com

9  Abraham H Tang ahtang@lw-d.com

3

Case No. C 08-1101 JF (RS)
ORDER DENYING PLAINTIFF'S MOTIONS TO STRIKE
(JFLC2)